

1  BRIAN S. KABATECK,  SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER,  SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS,  SBN 222458
   (at@kbklawyers.com)
4  MICHAEL V. STORTI,  SBN 260215
   (ms@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, CA 90017
   Telephone: (213) 217-5000
7  Facsimile: (213) 217-5010

8  Attorneys for Plaintiff
   and the proposed class

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12  RANDE BRONSTER and ROBERT              Case No.
    NACHSHIN, on behalf of themselves
13  and all others similarly situated,        CV09-03568 CAS (AGRx)

14         Plaintiff,                      **CLASS ACTION COMPLAINT**

15         vs.
                                           **JURY TRIAL DEMANDED**
16  AOL, LLC, a Delaware Limited
    Liability Company; and DOES 1
17  through 10, inclusive;

18         Defendants.

19

20         Plaintiffs, Rande Bronster and Robert Nachshin ("Plaintiffs"), individually

21  and on behalf of the Class described below, by their attorneys, makes the following

22  allegations based upon information and belief, except as to allegations specifically

23  pertaining to Plaintiffs and their counsel, which are based on personal knowledge.

24  Plaintiffs bring this action for damages and injunctive relief against Defendant,

25  demanding a trial by jury.

26                        **NATURE OF THE ACTION**

27         1.    Plaintiffs bring this class action against Defendant AOL, LLC

28  ("AOL") to recover damages and other relief available at law and in equity on

                    **CLASS ACTION COMPLAINT**

1  behalf of themselves as well as on behalf of the members of the following class:

2          *All current AOL members in the United States who paid*

3          *for an AOL account from February 1, 2006.*

4      2.    AOL offers email services.  Approximately 20% of its email account

5  holders pay a monthly fee for premium email service.

6      3.    This action arises from the fact that AOL failed to inform its paid

7  email subscribers that it would insert advertisements into all emails sent from the

8  paid AOL email account.

9                  **THE PARTIES**

10      2.  Plaintiff Rande Bronster is a resident of Los Angeles, California.  She is

11  a paid subscriber to AOL's email services.

12      3.  Plaintiff Robert Nachshin is a resident of Los Angeles, California.  He is

13  a paid subscriber to AOL's email services.

14      4.  Plaintiffs are informed and believe and thereon allege that defendant

15  AOL, LLC is a subsidiary of Time Warner.  AOL is a global Internet and

16  advertising service provider that offers users access to a community of benefits

17  and the opportunity to browse the World Wide Web.  Defendant AOL, LLC, is a

18  Delaware limited liability company with its principal place of business in New

19  York.

20      5.  Plaintiffs do not know the true names or capacities of the persons or

21  entities sued herein as DOES 1 to 10, inclusive, and therefore sue such defendants

22  by such fictitious names.  Plaintiffs are informed and believe and thereon allege

23  that each of the DOE defendants is in some manner legally responsible for the

24  damages suffered by plaintiffs and the members of the class as alleged herein.

25  Plaintiffs will amend this complaint to set forth the true names and capacities of

26  these defendants when they have been ascertained, along with appropriate charging

27  allegations, as may be necessary.

28

**CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction over Plaintiffs' claim for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq.

7.    This Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy under Article III of the United States Constitution.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in the Central District of California.

## FACTUAL BACKGROUND

9.    AOL is a global Internet services company that provides its users with access to websites, email, and instant messaging and other Internet services.

10.    Some features of the AOL website are free for all users.  However, other types of services provided by AOL require users to register for an AOL account and pay a monthly fee.

11.    AOL provides email services to approximately 10 million people in the United States.  Of this number, roughly 20% pay a fee for enhanced email services.

12.    Providers of free email services routinely place advertisements in the emails of its subscribers.  To avoid this annoyance, some people choose to pay for email service.

13.    Prior to becoming a paid subscriber to AOL's premium email service, the potential customer must agree to AOL's Terms of Service.

14.    Nowhere it its Terms of service does AOL disclose the fact that AOL will insert advertisements into the emails of it paid subscribers.  In fact, nowhere on AOL's vast website does it disclose the fact that it would insert advertisements into the emails of its paid subscribers.

15.    Beginning around February 2006, AOL began inserting text

**CLASS ACTION COMPLAINT**

1    advertisements at the end of all emails sent from its paid email accounts.  These

2    advertisements promote commercial goods and services or other AOL services.

3         16.    Until April 2008, AOL did not provide a method for its paid email

4    subscribers to opt-out of the ad placements.  After implementing an opt-out

5    procedure, AOL never affirmatively disclosed to its paid subscribers that they

6    could choose not to have ads placed in the footers of their emails.

7         17.    Plaintiffs are both subscribers to AOL's paid email services and have

8    had advertisements placed in their emails.

9                        **CLASS ACTION ALLEGATIONS**

10        18.    Description of the Class: Plaintiffs bring this nationwide class action

11   on behalf of themselves and a Class defined as follows:

12              *All current AOL members in the United States who paid*

13              *for an AOL account from February 1, 2006.*

14        19.    Excluded from the Class are governmental entities, Defendants, any

15   entity in which Defendants have a controlling interest, and Defendants' officers,

16   directors, affiliates, legal representatives, employees, co-conspirators, successors,

17   subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or

18   judicial officer presiding over this matter and the members of their immediate

19   families and judicial staff.

20        20.    Plaintiffs reserve the right to modify the Class description and the

21   Class period based on the results of discovery.

22        21.    Plaintiffs and the Class bring this action for equitable, injunctive and

23   declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the

24   Federal Rules of Civil Procedure.

25        22.    <u>Numerosity</u>:  The proposed Class is so numerous that individual

26   joinder of all its members is impracticable.  The total number of Class members is

27   at least in the hundreds of thousands and members of the class are geographically

28   dispersed across the United States.  While the exact number and identities of the

— 4 —

**CLASS ACTION COMPLAINT**

1    Class members are unknown at this time, such information can be ascertained

2    through appropriate investigation and discovery. The disposition of the claims of

3    the Class members in a single class action will provide substantial benefits to all

4    parties and to the Court.

5         23.    Common Questions of Law and Fact Predominate:  There are

6    questions of law and fact common to the representative Plaintiffs and the Class,

7    and those questions substantially predominate over any questions that may affect

8    individual Class members.  Common questions of fact and law include, but are not

9    limited to, the following:

10             a.     Whether AOL inserts advertisements into the emails of its paid

11        subscribers;

12             b.     Whether AOL was unjustly enriched;

13             c.     Whether AOL engaged in unfair, unlawful and/or fraudulent

14        business practices;

15             d.     Whether AOL's conduct violated the Electronic

16        Communications Privacy Act;

17             e.     Whether AOL breached its contracts with Plaintiff and the

18        Class; and

19             f.     Whether AOL violated the Consumers Legal Remedies Act.

20        24.    Typicality:  Plaintiffs' claims are typical of the claims of the

21    members of the class.  Plaintiffs and all members of the class have been similarly

22    affected by Defendant's common course of conduct since their printers acted in

23    exactly the same way.

24        25.    Adequacy of Representation:   Plaintiffs will fairly and adequately

25    represent and protect the interests of the Class.  Plaintiffs have retained counsel

26    with substantial experience in prosecuting complex and class action litigation.

27    Plaintiffs and their counsel are committed to vigorously prosecuting this action on

28    behalf of the Class, and have the financial resources to do so.  Neither Plaintiffs

**CLASS ACTION COMPLAINT**

1  nor their counsel have any interests adverse to those of the Class.

2      26.    <u>Superiority of a Class Action</u>:  Plaintiffs and the members of the

3  Class suffered, and will continue to suffer, harm as a result of Defendant's

4  unlawful and wrongful conduct.  A class action is superior to other available

5  methods for the fair and efficient adjudication of the present controversy.

6  Individual joinder of all members of the class is impractical.  Even if individual

7  class members had the resources to pursue individual litigation, it would be unduly

8  burdensome to the courts in which the individual litigation would proceed.

9  Individual litigation magnifies the delay and expense to all parties in the court

10  system of resolving the controversies engendered by Defendant's common course

11  of conduct.  The class action device allows a single court to provide the benefits of

12  unitary adjudication, judicial economy, and the fair and equitable handling of all

13  class members' claims in a single forum. The conduct of this action as a class

14  action conserves the resources of the parties and of the judicial system, and

15  protects the rights of the class member. Furthermore, for many, if not most, class

16  members, a class action is the only feasible mechanism that allows therein an

17  opportunity for legal redress and justice.

18      27.    Adjudication of individual class members' claims with respect to the

19  Defendant would, as a practical matter, be dispositive of the interests of other

20  members not parties to the adjudication, and could substantially impair or impede

21  the ability of other class members to protect their interests.

22  **FIRST CAUSE OF ACTION**

23  **VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY**

24  **ACT**

25  **18 U.S.C. § 2510  et seq.**

26      28.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein

27  and, to the extent necessary, plead this cause of action in the alternative.

28      29.    Plaintiffs and the putative class have been, and continue to be, harmed

**CLASS ACTION COMPLAINT**

1    by AOL's unlawful interception and use of their private email communication, in

2    violation of 18 U.S.C. § 2510 et seq.

3         30.      AOL's conduct is in violation of 18 U.S.C. § 2511(1)(a) in that it has

4    unlawfully and intentionally intercepted, endeavored to intercept, or procured other

5    persons to intercept electronic communications sent by Plaintiff and the Class.

6         31.      AOL's conduct is also in violation of 18 U.S.C. § 2511(1)(d) in that is

7    has unlawfully and intentionally used, or endeavored to use, the contents of

8    Plaintiffs' and the Class' electronic communications, while knowing, or having

9    reason to know, that the communication was obtained through an unlawful

10    interception of electronic communications.

11         WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

12    **SECOND CAUSE OF ACTION**

13    **UNJUST ENRICHMENT**

14         32.      Plaintiffs reallege the preceding paragraphs as if fully set forth herein

15    and, to the extent necessary, plead this cause of action in the alternative.

16         33.      Through the scheme described above, AOL has received money

17    belonging to Plaintiffs and the Class through the placement of advertisements in

18    the email of their paid subscribers.

19         34.      AOL has reaped substantial profits by inserting advertisements into

20    the emails of its paid subscribers. Ultimately, this resulted in AOL's wrongful

21    receipt of profits and injury to Plaintiffs and the Class. AOL has benefited from

22    the receipt of such money that it would not have received but for its concealment.

23         35.      As a direct and proximate result of AOL's misconduct as set forth

24    above, AOL has been unjustly enriched.

25         36.      Under principles of equity and good conscience, AOL should not be

26    permitted to keep the full amount of money belonging to Plaintiffs and the Class

27    which AOL has unjustly received as a result of its actions.

28         WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**CLASS ACTION COMPLAINT**

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

37.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

38.    Plaintiffs have standing to pursue this claim because they has suffered injury in fact and has lost money or property as a result of AOL's actions as set forth above.

39.    Class members have lost money or property as a result of AOL's actions as delineated herein.

40.    AOL's actions as alleged in this complaint constitute "unfair" conduct within the meaning of California Business and Professions Code section 17200 *et seq.*

41.    AOL's business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers.  AOL's conduct is "unfair" because AOL inserts advertisements into the emails of its paid subscribers.

42.    AOL's actions as alleged in this complaint constitute "unlawful" conduct within the meaning of California Business and Professions Code section 17200 *et seq.*

43.    AOL's business practices, as alleged herein, are unlawful because they amount to a violation of the Electronic Communications Privacy Act, the CLRA, breach of contract, and unjust enrichment.

44.    AOL's actions as alleged in this complaint constitute "fraudulent" conduct within the meaning of California Business and Professions Code sections 17200 *et seq.*

45.    AOL's business practices, as alleged herein, are fraudulent because

— 8 —

**CLASS ACTION COMPLAINT**

1   they are likely to deceive consumers, including Plaintiffs and the members of the

2   Class.  AOL fails to disclose that it will insert advertisements in to the emails of its

3   paid subscribers.

4       46.    As a result of AOL's "unfair," "unlawful" and "fraudulent" conduct,

5   Plaintiffs and the members of the class expended money paying monthly fees for

6   email service.

7       47.    AOL's wrongful business practices allege herein constituted, and

8   constitute, a continuing course of unfair competition since AOL continues to

9   market and sell its products in a manner that offends public policy, is immoral,

10  unethical, oppressive, unscrupulous and/or substantially injurious to its customers,

11  and that is likely to deceive the public.

12      48.    Pursuant to section 17203 of the California Business and Professions

13  Code, Plaintiffs and the Class seek an order of this court enjoining AOL from

14  continuing to engage in unlawful, unfair, and deceptive business practices and any

15  other act prohibited by law, including those acts set forth in this complaint.

16      49.    Plaintiffs and the Class also seek an order requiring AOL to make full

17  restitution of all moneys it wrongfully obtained from Plaintiffs and the Class, along

18  with all other relief allowable under California Business and Professions Code

19  section 17200 *et seq.*

20      WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

23      50.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein

24  and, to the extent necessary, plead this cause of action in the alternative.

25      51.    Plaintiffs and the Class entered into a contract with AOL for AOL's

26  services.

27      52.    The contract contains and contained an implied covenant of good faith

28  and fair dealing that AOL would not do anything that would have the effect of

— 9 —

1  injuring the right of Plaintiffs and the Class to receive the benefits of the contract.

2      53.    AOL breached is contracts with Plaintiffs and the Class, and the

3  covenant of good faith and fair dealing, by inserting advertisements into the emails

4  of its paid subscribers.

5      54.    As a direct and proximate result of AOL's breach of contract,

6  Plaintiffs and the Class have been damages in an amount to be determined at trial.

7      WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

8                    **FIFTH CAUSE OF ACTION**

9      **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

10     55.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein

11 and, to the extent necessary, plead this cause of action in the alternative.

12     56.    This cause of action is brought pursuant to the California Consumers

13 Legal Remedies Act, California Civil Code sections 1750-1784 ("CLRA").

14     57.    AOL's acts and practices described herein were intended to result in

15 the sale of AOL Internet services to the consuming public.

16     58.    AOL is a "person" as defined by California Civil Code section

17 1761(c).  Plaintiffs and the members of the class are "consumers" within the

18 meaning of California Civil Code section 1761(d).  The products sold by AOL are

19 "services" within the meaning of California Civil Code Section 1761(b).

20     59.    Venue is proper pursuant to Civil Code § 1780(c) because the

21 transaction or a substantial portion thereof occurred in Los Angles County.

22 Declarations of the Plaintiffs establishing this Court as the proper venue for this

23 action are attached hereto as Exhibit A.

24     60.    AOL violated, and continues to violate, the CLRA by inserting

25 advertisements into the emails of its paid customers.  AOL represented that its

26 service had a specific characteristic, i.e., that, as a paid service it would be free of

27 advertisements.  AOL made this representation in violation of Civil Code section

28 1770(a)(5).

**CLASS ACTION COMPLAINT**

61.    AOL violated, and continues to violate, the CLRA by inserting advertisements into the emails of its paid customers.  AOL represented that its service had a specific characteristic, i.e., that, as a paid service it would be free of advertisements.  AOL made this representation in violation of Civil Code section 1770(a)(7).

62.    AOL violated, and continues to violate, the CLRA by inserting advertisements into the emails of its paid customers.  AOL advertised a service that would be free of advertisements without the intent to sell the service as advertised, in violation of Civil Code section 1770(a)(9).

63.    Plaintiffs and the Class suffered actual damages as a direct and proximate result of AOL's actions in violation of the CLRA.

64.    Plaintiffs, on behalf of themselves and for all similarly situated, demand judgment against AOL under the CLRA for injunctive relief in the form of restitution and/or disgorgement of monies paid to AOL for email service, an order directing AOL to cease inserting advertisements into the emails of its paid subscribers, and an award of attorneys' fees.

65.    In accordance with Section 1782(a) of the CLRA, Civ. Code § 1782(a), on April 23, 2009, Plaintiffs' counsel served AOL with notice of its alleged violations of the CLRA by certified mail, return receipt requested.  A true and correct copy of that notice is attached hereto as Exhibit B.

66.    If AOL fails to provide appropriate relief for its violations of the CLRA within 30 days of Plaintiffs' April 23, 2009 notification letter, Plaintiffs will amend this complaint to seek compensatory and exemplary damages, pursuant to Cal. Civ. Code §§ 1780, 1782(b).

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the Class request that the Court enter an order or judgment against the Defendant as follows:

**CLASS ACTION COMPLAINT**

1    1.    Certification of the proposed class and notice thereto to be paid by

2  Defendant;

3    2.    Adjudge and decree that Defendant has engaged in the conduct

4  alleged herein;

5    3.    For restitution and disgorgement on certain causes of action;

6    4.    For an injunction ordering Defendant to cease and desist from

7  engaging in the unfair, unlawful, and/or fraudulent practices alleged in the

8  Complaint;

9    5.    For compensatory and general damages according to proof on certain

10  causes of action;

11    6.    For special damages according to proof on certain causes of action;

12    7.    For both pre and post-judgment interest at the maximum allowable

13  rate on any amounts awarded;

14    8.    Costs of the proceedings herein;

15    9.    Reasonable attorneys fees as allowed by statute; and

16    10.    Any and all such other and further relief that this Court may deem just

17  and proper.

18

19  DATED:  May 19, 2009        **KABATECK BROWN KELLNER LLP**

20

21                By _____

22                    Brian S. Kabateck
                      Richard L. Kellner
23                    Alfredo Torrijos
                      Michael V. Storti
24                    *Counsel for Plaintiff and the class*

25

26

27

28

— 12 —

**CLASS ACTION COMPLAINT**

1

2

3

**DEMAND FOR JURY TRIAL**

4

Plaintiffs hereby demand a trial by jury in the instant action.

5

6

DATED:  May 19, 2009                    **KABATECK BROWN KELLNER LLP**

7

8

By

9

Brian S. Kabateck

10

Richard L. Kellner

Alfredo Torrijos

11

Michael V. Storti

*Counsel for Plaintiff and the class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

— 13 —

**CLASS ACTION COMPLAINT**

**EXHIBIT A**

1   BRIAN S. KABATECK,  SBN 152054
      (bsk@kbklawyers.com)
2   RICHARD L. KELLNER,  SBN 171416
      (rlk@kbklawyers.com)
3   ALFREDO TORRIJOS,  SBN 222458
      (at@kbklawyers.com)
4   MICHAEL V. STORTI,  SBN 260215
      (ms@kbklawyers.com)
5   KABATECK BROWN KELLNER LLP
    644 South Figueroa Street
6   Los Angeles, CA 90017
    Telephone: (213) 217-5000
7   Facsimile: (213) 217-5010

8   Attorneys for Plaintiffs
    and the proposed class

9

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13   RANDE BRONSTER and ROBERT        Case No.
     NACHSHIN, on behalf of themselves
14   and all others similarly situated,
                                       CLASS ACTION
15            Plaintiff,

16            vs.                      DECLARATION OF RANDE
                                       BRONSTER
17   AOL, LLC, a Delaware Limited Liability
     Company; and DOES 1 through 10,
18   inclusive;                        Judge:
                                       Courtroom:
19            Defendants.

20

21

22            I, Rande Bronster, hereby declare and state as follows:

23            1.    I am over the age of 18, and a Plaintiff in this action.  The facts

24   contained in this declaration are based on my personal knowledge, and if called

25   upon to do so, I could and would testify competently hereto.

26            2.    The complaint in this action, filed concurrently with this

27   declaration, is filed in the proper place for trial under Civil Code § 1780(c), because

28   the Defendant does business in the Central District of California.

                                   - 1 -

1    I declare under penalty of perjury under the laws of the United States

2  and the State of California that the foregoing is true and correct.

3    Executed on May 18, 2009, in Los Angeles, California.

4

5    _____

6    Rande Bronster

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1   BRIAN S. KABATECK,  SBN 152054
      (bsk@kbklawyers.com)
2   RICHARD L. KELLNER,  SBN 171416
      (rlk@kbklawyers.com)
3   ALFREDO TORRIJOS,  SBN 222458
      (at@kbklawyers.com)
4   MICHAEL V. STORTI,  SBN 260215
      (ms@kbklawyers.com)
5   KABATECK BROWN KELLNER LLP
    644 South Figueroa Street
6   Los Angeles, CA 90017
    Telephone: (213) 217-5000
7   Facsimile: (213) 217-5010

8   Attorneys for Plaintiffs
    and the proposed class

9

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13   RANDE BRONSTER and ROBERT        Case No.
     NACHSHIN, on behalf of themselves
14   and all others similarly situated,
                                       CLASS ACTION
15       Plaintiff,

16       vs.                          DECLARATION OF ROBERT
                                      NACHSHIN
17   AOL, LLC, a Delaware Limited Liability
     Company; and DOES 1 through 10,
18   inclusive;                       Judge:
                                      Courtroom:
19       Defendants.

20

21

22          I, Robert Nachshin, hereby declare and state as follows:

23          1.      I am over the age of 18, and a Plaintiff in this action.  The facts

24   contained in this declaration are based on my personal knowledge, and if called

25   upon to do so, I could and would testify competently hereto.

26          2.      The complaint in this action, filed concurrently with this

27   declaration, is filed in the proper place for trial under Civil Code § 1780(c), because

28   the Defendant does business in the Central District of California.

- 1 -
DECLARATION OF ROBERT NACHSHIN

1     I declare under penalty of perjury under the laws of the United States

2   and the State of California that the foregoing is true and correct.

3     Executed on May _18_, 2009, in Los Angeles, California.

4

5                                              _____

6                                                    Robert Nachshin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

DECLARATION OF ROBERT NACHSHIN

**EXHIBIT B**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>☒ Print your name and address on the reverse so that we can return the card to you.<br>☒ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☒ Agent ☐ Addressee<br>B. Received by ( *Printed Name* )   C. Date of Delivery<br>4·27·09 |
| 1. Article Addressed to:<br><br>Mark D. Litvack<br>Reed Smith LLP<br>1901 Avenue of the Stars<br>Suite 700<br>Los Angeles, CA 90067-6078 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☒ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? ( *Extra Fee* ) ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7006 2150 0003 1859 0928 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540





*10960.1*



**Kabateck** Brown Kellner LLP

April 23, 2009

<u>**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**</u>

Mark D. Litvack
Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078

**RE:**   *Notice and Demand Letter Re: Email Footer Ads*

Dear Mr. Litvack:

We represent Rande Bronster and Robert Nachshin. Pursuant to the
California Consumer Legal Remedies Act ("CLRA"), California Civil Code
§ 1750, et seq. (specifically, §§ 1782(a)(1) and (2)), Ms. Bronster and Mr.
Nachshin, on behalf of themselves and all other similarly situated consumers
nationwide, (collectively, the "Class"), through their undersigned counsel,
hereby notify you that AOL, LLC ("AOL") is alleged to have violated the
CLRA by inserting advertisements into the emails of its paid email
subscribers.

Ms. Bronster and Mr. Nachshin are subscribers to AOL's paid email
service. Beginning in about March 2006, AOL began inserting text
advertisements into the footer of all of Ms. Bronster's and Mr. Nachshin's
emails. While this is to be expected from a free email service, subscribers to
AOL's paid email service pay a monthly fee, in part, to be free from the
annoyance of ads strewn throughout their emails.

AOL's unfair business practices have caused significant financial
consequences for Ms. Bronster, Mr. Nachshin, and consumers throughout
the country. AOL's insertion of advertisements into the emails of its paid
subscribers is violative of the CLRA in the following ways:

Mark D. Litvack
April 23, 2009
Page 2 of 2



Kabateck Brown Kellner LLP

1.  AOL violated § 1770(a)(5) by misrepresenting that, as a paid service, its email would be free of advertisement.

2.  AOL violated § 1770(a)(9) by advertising a paid email service that was free of advertising without the intent to sell the service as advertised.

Pursuant to § 1782 of the CLRA, and based on the foregoing, we hereby demand within thirty days of receiving this letter, AOL agrees to refund monies paid by Ms. Bronster and Mr. Nachshin and others like them for an email service that was represented to be free of advertisements.

Please be advised that should AOL refuse this demand, Ms. Bronster and Mr. Nachshin will seek monetary damages for themselves and the Class, as well as an award of injunctive relief, restitution, punitive damages, attorneys' fees and costs, and any other relief a court deems proper.

If you have any questions regarding this notice and demand, feel free to contact me at (213) 217-5000.

Very truly yours,

KABATECK BROWN KELLNER LLP

Richard L. Kellner

1107 2nd Street, Suite 210
Sacramento, CA 95814



**DIAMOND**
**COURT REPORTERS**

916-498-9288
916-442-2783 (Fax)

TO:   CRISTINA PEREIRA                    DATE: 5/18/09
      4700 STUART STREET
      ROCKLIN, CA 95765

IN RE: SMITH/MV TRANSPORTATION

APP DATE: 5/8/09


The Original transcript of your deposition in the above-entitled matter is now
available for reading, correcting and signing.

You have 30 days from the date of this notice to come into our office, or to your
attorney's office to review your deposition.  Our business hours are Monday through
Friday, holidays excluded, 8:00 a.m. to 4:00 p.m., or you may call for an appointment.

If you do not live in close proximity you may purchase a copy from us, or you may
notify your Attorney for a copy.  We cannot release the original.


DIAMOND COURT REPORTERS

CC    JOSHUA HAFFNER, ESQ,
      KEVIN REESE, ESQ.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV09- 3568 CAS  (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rande Bronster and Robert Nachsin, on behalf of themselves and all others similarly situated, <br> PLAINTIFF(S) <br><br> v. <br><br> AOL, LLC, a Delaware Limited Liability Company; and Does 1 through 10, inclusive; <br><br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV09-03568 CAS (AGRx) <br><br><br><br> **SUMMONS** |

TO:    DEFENDANT(S):  AOL, LLC _____

      A lawsuit has been filed against you.

      Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Alfredo Torrijos _____ , whose address is  644 South Figueroa Street, Los Angeles, CA 90017 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: May 19, 2009 _____

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rande Bronster and Robert Nachsin, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br>AOL, LLC, a Delaware Limited Liability Company; and Does 1 through 10, inclusive;<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-03568  CAS  (AGRx)<br><br><br><br>SUMMONS |

TO:   DEFENDANT(S):  AOL, LLC _____

     A lawsuit has been filed against you.

     Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Alfredo Torrijos _____, whose address is  644 South Figueroa Street, Los Angeles, CA 90017 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                    Clerk, U.S. District Court

Dated: May 19, 2009 _____

                             By: **LA'REE HORN** _____

                                  Deputy Clerk

                                  (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Rande Bronster and Robert Nachshin, on behalf of themselves and all others similarly situated | AOL, LLC, a Delaware Limited Liability Company; and Does 1 through 10, inclusive; |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Kabateck Brown Kellner LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017 Tel. (213) 217-5000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class action alleging unjust enrichment, breach of contract and violations of the CLRA, Bus. & Prof. Code 17200 et seq, and 18 USC 2510 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: ___ **CV09-03568** ___

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s):  SA CV 08-06845

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
      ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
      ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
      ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):                             Date  May 19, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |