1  BRIAN S. KABATECK, SBN 152054
    (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
    (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
    (at@kbklawyers.com)
4  MICHAEL V. STORTI, SBN 260215
    (ms@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, CA 90017
   Telephone: (213) 217-5000
7  Facsimile: (213) 217-5010

8  Attorneys for Plaintiffs
   and the proposed class

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  DAWN FAIRCHILD and ROBERT         Case No. CV09-03568 CAS (PLAx)
    NACHSHIN, on behalf of themselves
13  and all others similarly situated,     Honorable Christina A. Snyder

14            Plaintiff,

15       vs.                            **FIRST AMENDED CLASS ACTION COMPLAINT**

16  AOL, LLC, a Delaware Limited
    Liability Company; and DOES 1      **JURY TRIAL DEMANDED**
17  through 10, inclusive;

18            Defendants.

19

20        Plaintiffs, Dawn Fairchild and Robert Nachshin ("Plaintiffs"), individually

21  and on behalf of the Class described below, by their attorneys, makes the following

22  allegations based upon information and belief, except as to allegations specifically

23  pertaining to Plaintiffs and their counsel, which are based on personal knowledge.

24  Plaintiffs bring this action for damages and injunctive relief against Defendant,

25  demanding a trial by jury.

26              **NATURE OF THE ACTION**

27     1.     Plaintiffs bring this class action against Defendant AOL, LLC

28  ("AOL") to recover damages and other relief available at law and in equity on

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

behalf of themselves as well as on behalf of the members of the following class:

> *All current AOL members in the United States who paid*
> *for an AOL account from February 1, 2006.*

2. AOL offers email services. Approximately 20% of its email account holders pay a monthly fee for premium email service.

3. This action arises from the fact that AOL failed to inform its paid email subscribers that it would insert advertisements into all emails sent from the paid AOL email account.

## THE PARTIES

2. Plaintiff Dawn Fairchild is a resident of Los Angeles, California. She was a paid subscriber to AOL's email services during the proposed class period.

3. Plaintiff Robert Nachshin is a resident of Los Angeles, California. He is currently a paid subscriber to AOL's email services.

4. Plaintiffs are informed and believe and thereon allege that defendant AOL, LLC is a subsidiary of Time Warner. AOL is a global Internet and advertising service provider that offers users access to a community of benefits and the opportunity to browse the World Wide Web. Defendant AOL, LLC, is a Delaware limited liability company with its principal place of business in New York.

5. Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the DOE defendants is in some manner legally responsible for the damages suffered by plaintiffs and the members of the class as alleged herein. Plaintiffs will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

**FIRST AMENDED CLASS ACTION COMPLAINT**

**JURISDICTION AND VENUE**

6.     This Court has original jurisdiction over Plaintiffs' claim for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq.

7.     This Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in the Central District of California.

**FACTUAL BACKGROUND**

9.     AOL is a global Internet services company that provides its users with access to websites, email, and instant messaging and other Internet services.

10.    Some features of the AOL website are free for all users.  However, other types of services provided by AOL require users to register for an AOL account and pay a monthly fee.

11.    AOL provides email services to approximately 10 million people in the United States.  Of this number, roughly 20% pay a fee for enhanced email services.

12.    Providers of free email services routinely place advertisements in the emails of its subscribers.  To avoid this annoyance, some people choose to pay for email service.

13.    Prior to becoming a paid subscriber to AOL's premium email service, the potential customer must agree to AOL's Terms of Service.

14.    Nowhere it its Terms of service does AOL disclose the fact that AOL will insert advertisements into the emails of it paid subscribers.  In fact, nowhere on AOL's vast website does it disclose the fact that it would insert advertisements into the emails of its paid subscribers.

15.    Beginning around February 2006, AOL began inserting text

**FIRST AMENDED CLASS ACTION COMPLAINT**

advertisements at the end of all emails sent from its paid email accounts. These advertisements promote commercial goods and services or other AOL services.

16.   Until April 2008, AOL did not provide a method for its paid email subscribers to opt-out of the ad placements. After implementing an opt-out procedure, AOL never affirmatively disclosed to its paid subscribers that they could choose not to have ads placed in the footers of their emails.

17.   Plaintiffs are both subscribers to AOL's paid email services and have had advertisements placed in their emails.

## CLASS ACTION ALLEGATIONS

18.   Description of the Class: Plaintiffs bring this nationwide class action on behalf of themselves and a Class defined as follows:

> *All current AOL members in the United States who paid*
> *for an AOL account from February 1, 2006.*

19.   Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

20.   Plaintiffs reserve the right to modify the Class description and the Class period based on the results of discovery.

21.   Plaintiffs and the Class bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the Federal Rules of Civil Procedure.

22.   <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. The total number of Class members is at least in the hundreds of thousands and members of the class are geographically dispersed across the United States. While the exact number and identities of the

Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

23.  <u>Common Questions of Law and Fact Predominate</u>:  There are questions of law and fact common to the representative Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

a.  Whether AOL inserts advertisements into the emails of its paid subscribers;

b.  Whether AOL was unjustly enriched;

c.  Whether AOL engaged in unfair, unlawful and/or fraudulent business practices;

d.  Whether AOL's conduct violated the Electronic Communications Privacy Act;

e.  Whether AOL breached its contracts with Plaintiff and the Class; and

f.  Whether AOL violated the Consumers Legal Remedies Act.

24.  <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the members of the class.  Plaintiffs and all members of the class have been similarly affected by Defendant's common course of conduct since their printers acted in exactly the same way.

25.  <u>Adequacy of Representation</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  Neither Plaintiffs

**FIRST AMENDED CLASS ACTION COMPLAINT**

nor their counsel have any interests adverse to those of the Class.

26. <u>Superiority of a Class Action</u>:  Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impractical.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member. Furthermore, for many, if not most, class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

27. Adjudication of individual class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. § 2510  et seq.**

28. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

29. Plaintiffs and the putative class have been, and continue to be, harmed by AOL's unlawful interception and use of their private email communication, in

**FIRST AMENDED CLASS ACTION COMPLAINT**

violation of 18 U.S.C. § 2510 et seq.

30.    AOL's conduct is in violation of 18 U.S.C. § 2511(1)(a) in that it has unlawfully and intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications sent by Plaintiff and the Class.

31.    AOL's conduct is also in violation of 18 U.S.C. § 2511(1)(d) in that is has unlawfully and intentionally used, or endeavored to use, the contents of Plaintiffs' and the Class' electronic communications, while knowing, or having reason to know, that the communication was obtained through an unlawful interception of electronic communications.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**SECOND CAUSE OF ACTION**

**UNJUST ENRICHMENT**

32.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

33.    Through the scheme described above, AOL has received money belonging to Plaintiffs and the Class through the placement of advertisements in the email of their paid subscribers.

34.    AOL has reaped substantial profits by inserting advertisements into the emails of its paid subscribers. Ultimately, this resulted in AOL's wrongful receipt of profits and injury to Plaintiffs and the Class. AOL has benefited from the receipt of such money that it would not have received but for its concealment.

35.    As a direct and proximate result of AOL's misconduct as set forth above, AOL has been unjustly enriched.

36.    Under principles of equity and good conscience, AOL should not be permitted to keep the full amount of money belonging to Plaintiffs and the Class which AOL has unjustly received as a result of its actions.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**FIRST AMENDED CLASS ACTION COMPLAINT**

# THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

37. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

38. Plaintiffs have standing to pursue this claim because they has suffered injury in fact and has lost money or property as a result of AOL's actions as set forth above.

39. Class members have lost money or property as a result of AOL's actions as delineated herein.

40. AOL's actions as alleged in this complaint constitute "unfair" conduct within the meaning of California Business and Professions Code section 17200 *et seq.*

41. AOL's business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers. AOL's conduct is "unfair" because AOL inserts advertisements into the emails of its paid subscribers.

42. AOL's actions as alleged in this complaint constitute "unlawful" conduct within the meaning of California Business and Professions Code section 17200 *et seq.*

43. AOL's business practices, as alleged herein, are unlawful because they amount to a breach of contract, unjust enrichment, and violations of the Electronic Communications Privacy Act, Consumer Legal Remedies Act, the Federal CAN SPAM Act (15 U.S.C. §§ 7701 *et seq.*), and California Business and Professions Code §§ 17529 *et seq.*

44. AOL's actions as alleged in this complaint constitute "fraudulent" conduct within the meaning of California Business and Professions Code sections

17200 *et seq.*

45.     AOL's business practices, as alleged herein, are fraudulent because they are likely to deceive consumers, including Plaintiffs and the members of the Class.  AOL fails to disclose that it will insert advertisements in to the emails of its paid subscribers.

46.     As a result of AOL's "unfair," "unlawful" and "fraudulent" conduct, Plaintiffs and the members of the class expended money paying monthly fees for email service.

47.     AOL's wrongful business practices allege herein constituted, and constitute, a continuing course of unfair competition since AOL continues to market and sell its products in a manner that offends public policy, is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers, and that is likely to deceive the public.

48.     Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the Class seek an order of this court enjoining AOL from continuing to engage in unlawful, unfair, and deceptive business practices and any other act prohibited by law, including those acts set forth in this complaint.

49.     Plaintiffs and the Class also seek an order requiring AOL to make full restitution of all moneys it wrongfully obtained from Plaintiffs and the Class, along with all other relief allowable under California Business and Professions Code section 17200 *et seq.*

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

50.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

51.     Plaintiffs and the Class entered into a contract with AOL for AOL's services.

**FIRST AMENDED CLASS ACTION COMPLAINT**

52.     The contract contains and contained an implied covenant of good faith and fair dealing that AOL would not do anything that would have the effect of injuring the right of Plaintiffs and the Class to receive the benefits of the contract.

53.     AOL breached is contracts with Plaintiffs and the Class, and the covenant of good faith and fair dealing, by inserting advertisements into the emails of its paid subscribers.

54.     As a direct and proximate result of AOL's breach of contract, Plaintiffs and the Class have been damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

55.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

56.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code sections 1750-1784 ("CLRA").

57.     AOL's acts and practices described herein were intended to result in the sale of AOL Internet services to the consuming public.

58.     AOL is a "person" as defined by California Civil Code section 1761(c). Plaintiffs and the members of the class are "consumers" within the meaning of California Civil Code section 1761(d). The products sold by AOL are "services" within the meaning of California Civil Code Section 1761(b).

59.     Venue is proper pursuant to Civil Code § 1780(c) because the transaction or a substantial portion thereof occurred in Los Angles County. Declarations of the Plaintiffs establishing this Court as the proper venue for this action are attached hereto as Exhibit A.

60.     AOL violated, and continues to violate, the CLRA by inserting advertisements into the emails of its paid customers. AOL represented that its service had a specific characteristic, i.e., that, as a paid service it would be free of

**FIRST AMENDED CLASS ACTION COMPLAINT**

advertisements. AOL made this representation in violation of Civil Code section 1770(a)(5).

61.    AOL violated, and continues to violate, the CLRA by inserting advertisements into the emails of its paid customers. AOL represented that its service had a specific characteristic, i.e., that, as a paid service it would be free of advertisements. AOL made this representation in violation of Civil Code section 1770(a)(7).

62.    AOL violated, and continues to violate, the CLRA by inserting advertisements into the emails of its paid customers. AOL advertised a service that would be free of advertisements without the intent to sell the service as advertised, in violation of Civil Code section 1770(a)(9).

63.    Plaintiffs and the Class suffered actual damages as a direct and proximate result of AOL's actions in violation of the CLRA.

64.    Plaintiffs, on behalf of themselves and for all similarly situated, demand judgment against AOL under the CLRA for injunctive relief in the form of restitution and/or disgorgement of monies paid to AOL for email service, an order directing AOL to cease inserting advertisements into the emails of its paid subscribers, an award of damages, and an award of attorneys' fees.

65.    In accordance with Section 1782(a) of the CLRA, Civ. Code § 1782(a), on April 23, 2009, Plaintiffs' counsel served AOL with notice of its alleged violations of the CLRA by certified mail, return receipt requested. A true and correct copy of that notice is attached hereto as Exhibit B.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17529 ET SEQ.

66.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

— 11 —

67.     The footer advertisements inserted by AOL into its members' emails constitutes a commercial email advertisements under Business and Professions Code § 17529.1(c) as AOL transmitted or caused to be transmitted an electronic mail message for the purpose of advertising the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit.

68.     The recipients of the emails containing the footer advertisements did not give direct consent to receive advertisements from AOL and do not have preexisting business relationships with AOL.

69.     AOL violated Business and Professions Code § 17529.2 by initiating and/or advertising in an unsolicited commercial email advertisement sent to a California electronic mail address.

70.     As a result of AOL's violation of Business and Professions Code §§ 17529 *et seq.*, Plaintiffs, on behalf of themselves and for all similarly situated, seek actual and liquidated damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and members of the Class request that the Court enter an order or judgment against the Defendant as follows:

1.     Certification of the proposed class and notice thereto to be paid by Defendant;

2.     Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3.     For restitution and disgorgement on certain causes of action;

4.     For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.     For compensatory and general damages according to proof on certain

**FIRST AMENDED CLASS ACTION COMPLAINT**

causes of action;

      6.     For special damages according to proof on certain causes of action;

      7.     For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

      8.     Costs of the proceedings herein;

      9.     Reasonable attorneys fees as allowed by statute; and

      10.    Any and all such other and further relief that this Court may deem just and proper.

DATED: June 5, 2009        **KABATECK BROWN KELLNER LLP**

By _____

     Brian S. Kabateck
     Richard L. Kellner
     Alfredo Torrijos
     Michael V. Storti
     *Counsel for Plaintiff and the class*

**FIRST AMENDED CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in the instant action.

DATED:  June 5, 2009     **KABATECK BROWN KELLNER LLP**

By _____

Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
Michael V. Storti
*Counsel for Plaintiff and the class*

**FIRST AMENDED CLASS ACTION COMPLAINT**

**EXHIBIT A**

1   BRIAN S. KABATECK, SBN 152054
     (bsk@kbklawyers.com)
2   RICHARD L. KELLNER, SBN 171416
     (rlk@kbklawyers.com)
3   ALFREDO TORRIJOS, SBN 222458
     (at@kbklawyers.com)
4   MICHAEL V. STORTI, SBN 260215
     (ms@kbklawyers.com)
5   KABATECK BROWN KELLNER LLP
    644 South Figueroa Street
6   Los Angeles, CA 90017
    Telephone: (213) 217-5000
7   Facsimile: (213) 217-5010

8   Attorneys for Plaintiffs
    and the proposed class

9

10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13   DAWN FAIRCHILD and ROBERT          Case No. CV 09-03568 CAS (PLAx)
     NACHSHIN, on behalf of themselves
14   and all others similarly situated,    Honorable Christina A. Snyder

15        Plaintiff,

16        vs.                              CLASS ACTION

17   AOL, LLC, a Delaware Limited Liability    DECLARATION OF DAWN
     Company; and DOES 1 through 10,          FAIRCHILD
18   inclusive;

19        Defendants.

20

21

22        I, Dawn Fairchild, hereby declare and state as follows:

23        1.    I am over the age of 18, and a Plaintiff in this action. The facts

24   contained in this declaration are based on my personal knowledge, and if called

25   upon to do so, I could and would testify competently hereto.

26        2.    The complaint in this action, filed concurrently with this

27   declaration, is filed in the proper place for trial under Civil Code § 1780(c), because

28   the Defendant does business in the Central District of California.

                                 - 1 -
                       DECLARATION OF DAWN FAIRCHILD

1    I declare under penalty of perjury under the laws of the United States

2    and the State of California that the foregoing is true and correct.

3         Executed on June 4 , 2009, in Los Angeles, California.

4

5         _____

6                        Dawn Fairchild

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  MICHAEL V. STORTI, SBN 260215
   (ms@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, CA 90017
   Telephone: (213) 217-5000
7  Facsimile: (213) 217-5010

8  Attorneys for Plaintiffs
   and the proposed class

9

10

11  ### UNITED STATES DISTRICT COURT

12  ### CENTRAL DISTRICT OF CALIFORNIA

13  | RANDE BRONSTER and ROBERT | Case No.
14  | NACHSHIN, on behalf of themselves
    | and all others similarly situated,
15  | Plaintiff, | CLASS ACTION
16  | vs. | DECLARATION OF ROBERT
    | | NACHSHIN
17  | AOL, LLC, a Delaware Limited Liability
18  | Company; and DOES 1 through 10, | Judge:
    | inclusive; | Courtroom:
19  | Defendants.

20

21

22  I, Robert Nachshin, hereby declare and state as follows:

23      1.     I am over the age of 18, and a Plaintiff in this action. The facts

24  contained in this declaration are based on my personal knowledge, and if called

25  upon to do so, I could and would testify competently hereto.

26      2.     The complaint in this action, filed concurrently with this

27  declaration, is filed in the proper place for trial under Civil Code § 1780(c), because

28  the Defendant does business in the Central District of California.

- 1 -

1        I declare under penalty of perjury under the laws of the United States

2   and the State of California that the foregoing is true and correct.

3        Executed on May _18_, 2009, in Los Angeles, California.

                                       Robert Nachshin

DECLARATION OF ROBERT NACHSHIN

**EXHIBIT B**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>☒ Print your name and address on the reverse so that we can return the card to you.<br>☒ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☒ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery<br>4.27.09 |
| 1. Article Addressed to:<br><br>Mark D. Litvack<br>Reed Smith LLP<br>1901 Avenue of the Stars<br>Suite 700<br>Los Angeles, CA 90067-6078 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7006 2150 0003 1859 0928 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _____
Street, Apt. No.; or PO Box No. _____
City, State, ZIP+4 _____

7006 2150 0003 1859 0928



RECEIVED
APR 2 8 2009
By



**Kabateck** Brown Kellner LLP

April 23, 2009

<u>**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**</u>

Mark D. Litvack
Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078

**RE:** *Notice and Demand Letter Re: Email Footer Ads*

Dear Mr. Litvack:

We represent Rande Bronster and Robert Nachshin. Pursuant to the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq. (specifically, §§ 1782(a)(1) and (2)), Ms. Bronster and Mr. Nachshin, on behalf of themselves and all other similarly situated consumers nationwide, (collectively, the "Class"), through their undersigned counsel, hereby notify you that AOL, LLC ("AOL") is alleged to have violated the CLRA by inserting advertisements into the emails of its paid email subscribers.

Ms. Bronster and Mr. Nachshin are subscribers to AOL's paid email service. Beginning in about March 2006, AOL began inserting text advertisements into the footer of all of Ms. Bronster's and Mr. Nachshin's emails. While this is to be expected from a free email service, subscribers to AOL's paid email service pay a monthly fee, in part, to be free from the annoyance of ads strewn throughout their emails.

AOL's unfair business practices have caused significant financial consequences for Ms. Bronster, Mr. Nachshin, and consumers throughout the country. AOL's insertion of advertisements into the emails of its paid subscribers is violative of the CLRA in the following ways:



**Kabateck** Brown Kellner LLP

1. AOL violated § 1770(a)(5) by misrepresenting that, as a paid service, its email would be free of advertisement.

2. AOL violated § 1770(a)(9) by advertising a paid email service that was free of advertising without the intent to sell the service as advertised.

Pursuant to § 1782 of the CLRA, and based on the foregoing, we hereby demand within thirty days of receiving this letter, AOL agrees to refund monies paid by Ms. Bronster and Mr. Nachshin and others like them for an email service that was represented to be free of advertisements.

Please be advised that should AOL refuse this demand, Ms. Bronster and Mr. Nachshin will seek monetary damages for themselves and the Class, as well as an award of injunctive relief, restitution, punitive damages, attorneys' fees and costs, and any other relief a court deems proper.

If you have any questions regarding this notice and demand, feel free to contact me at (213) 217-5000.

Very truly yours,

KABATECK BROWN KELLNER LLP

Richard L. Kellner

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 644 So. Figueroa Street, Los Angeles, California 90017..

On **June 5, 2009**, I served the foregoing document described as: **First Amended Class Action Compliant** on the interested parties in this action:

Mark D. Litvack
REED & SMITH, LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067
T: 310-734-5217
F: 310-734-5299

[X]     VIA U.S. MAIL - I deposited such envelope(s) with the United States     Postal Service, enclosed in a sealed envelope, for collection and mailing     with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar     with my employer's business practice for collection and processing of     correspondence for mailing with the United States Postal Service.

[ ]     VIA E-MAIL TRANSMISSION – by use of electronic mail, I served a copy of the document, on the interested parties by transmitting via electronic mail to said interested party. Email: mlitvack@reedsmith.com

[X]     **(FEDERAL)**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 5, 2009**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

IRMA DELEON