1   Brian S. Kabateck (State Bar No. 152054)
    Richard L. Kellner (State Bar No. 171416)
2   KABATECK BROWN KELLNER LLP
    644 South Figueroa Street
3   Los Angeles, CA 90017
    Telephone:  213.217.5000
4   Facsimile:   213.217.5010

5   Glenn C. Nunes (State Bar No. 210453)
    THE NUNES LAW GROUP
6   15760 Ventura Blvd., Suite 860
    Encino, CA 91436
7   Telephone:  818.386.0444
    Facsimile:   818.386.0050

8

9   Christopher J. Hamner (State Bar No. 197117)
    HAMNER LAW OFFICES, LLC
10  15760 Ventura Blvd., Suite 860
    Encino, CA 91436
11  Telephone:  818.386.0444
    Facsimile:   818.386.0050
12
    Attorneys for Plaintiffs and the Proposed Class

            UNITED STATES DISTRICT COURT

            CENTRAL DISTRICT OF CALIFORNIA
15

16  DAWN FAIRCHILD, ROBERT            No. CV 09-03568 CAS PLAx
    NACHSHIN, BRIAN GEERS and
17  LAURENCE GERARD, on behalf of     **SECOND AMENDED CLASS
    themselves and all others similarly   ACTION COMPLAINT**
18  situated,
                                        JURY TRIAL DEMANDED
19              Plaintiffs,
                                        Honorable Christina A. Snyder
20          vs.

21  AOL LLC, a Delaware Limited
    Liability Company; and DOES 1
22  through 10, inclusive,

23              Defendants.

24

25

26

27

28          SECOND AMENDED CLASS ACTION COMPLAINT



Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard ("Plaintiffs"), individually and on behalf of the Class described below, by their attorneys, make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      Plaintiffs bring this class action against Defendant AOL, LLC ("AOL") to recover damages and other relief available at law and in equity on behalf of themselves as well as on behalf of the members of the following class:

*All current AOL members*.

2.      This action arises from the fact that AOL failed to inform its members that it would append advertisements onto e-mails sent by its members.

## THE PARTIES

3.      Plaintiff Dawn Fairchild is a resident of California.  She is currently an AOL member.

4.      Plaintiff Robert Nachshin is a resident of California.  He is currently an AOL member.

5.      Plaintiff Brian Geers is a resident of California.  He is currently an AOL member.

6.      Plaintiff Laurence Gerard is a resident of New York.  He is currently an AOL member.

7.      Plaintiffs are informed and believe and thereon allege that defendant AOL, LLC is a subsidiary of Time Warner.  AOL is a global Internet and advertising service provider that offers users access to a community of benefits and the opportunity to browse the World Wide Web.  Defendant AOL, LLC, is a Delaware limited liability company with its principal place of business in New York.

SECOND AMENDED CLASS ACTION COMPLAINT

8.     Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the DOE defendants is in some manner legally responsible for the damages suffered by plaintiffs and the members of the class as alleged herein.  Plaintiffs will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over Plaintiffs' claim for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*

10.     This Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in the Central District of California.

## FACTUAL BACKGROUND

12.     AOL is a global Internet services company that provides its users with access to websites, e-mail, instant messaging and other Internet services.

14.     Most features of the AOL website are free for all users.  Some types of services provided by AOL require users to register for an AOL account and pay a monthly fee.

15.     AOL provides e-mail services to approximately 60 million people in the United States.  About 6 million of these members are paid account members.

-2-

16.     Prior to becoming a subscriber to AOL's e-mail service, the potential customer must agree to AOL's Terms of Service.

17.     Nowhere it its Terms of Service does AOL disclose the fact that AOL will insert advertisements into the e-mails of its members. In fact, nowhere on AOL's vast website does it disclose the fact that it would insert advertisements into the e-mails of its members.

18.     Beginning around February 2006, AOL began inserting text advertisements at the end of all e-mails sent from its members' e-mail accounts. These advertisements promote commercial goods and services or other AOL services.

19.     Until April 2008, AOL did not provide a method for its paid e-mail subscribers to opt-out of the ad placements. After implementing an opt-out procedure, AOL never affirmatively disclosed to its paid subscribers that they could choose not to have ads placed in the footers of their e-mails.

20     As of today, AOL still has not provided a method for its free e-mail subscribers to opt-out of the ad placements.

21.     Plaintiffs are all members of AOL using e-mail services and have had advertisements appended to their e-mails.

## CLASS ACTION ALLEGATIONS

22.     Description of the Class: Plaintiffs bring this nationwide class action on behalf of themselves and a Class defined as follows:

***All current AOL members.***

23.     Plaintiffs reserve the right to modify the Class description and the Class period based on the results of discovery.

24.     Plaintiffs and the Class bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal Rules of Civil Procedure.

- 3 -

SECOND AMENDED CLASS ACTION COMPLAINT

25.    Numerosity:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  The total number of Class members is at least in the hundreds of thousands and members of the class are geographically dispersed across the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

26.    Common Questions of Law and Fact Predominate:  There are questions of law and fact common to the representative Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

    a.    Whether AOL inserts advertisements into the e-mails of its members;

    b.    Whether AOL was unjustly enriched;

    c.    Whether AOL engaged in unfair, unlawful and/or fraudulent business practices;

    d.    Whether AOL's conduct violated the Electronic Communications Privacy Act;

    e.    Whether AOL breached its contracts with Plaintiff and the Class; and

    f.    Whether AOL violated the Consumers Legal Remedies Act.

27.    Typicality:  Plaintiffs' claims are typical of the claims of the members of the class.  Plaintiffs and all members of the class have been similarly affected by Defendant's common course of conduct.

- 4 -

SECOND AMENDED CLASS ACTION COMPLAINT

28.    Adequacy of Representation:  Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex and class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  None of the Plaintiffs, or their counsel, has any interests adverse to those of the Class.

29.    Superiority of a Class Action:  Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the class is impractical.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member.  Furthermore, for many, if not most, class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

30.    Adjudication of individual class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

/ / /

- 5 -

## FIRST CAUSE OF ACTION

## VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. § 2510 et seq.

31     Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

32.     Plaintiffs and the putative class have been, and continue to be, harmed by AOL's unlawful interception and use of their private e-mail communication, in violation of 18 U.S.C. § 2510 *et seq.*

33.     AOL's conduct is in violation of 18 U.S.C. § 2511(1)(a) in that it has unlawfully and intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications sent by Plaintiffs and the Class.

34.     AOL's conduct is also in violation of 18 U.S.C. § 2511(1)(d) in that is has unlawfully and intentionally used, or endeavored to use, the contents of Plaintiffs' and the Class' electronic communications, while knowing, or having reason to know, that the communication was obtained through an unlawful interception of electronic communications.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

35.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

36.     Through the scheme described above, AOL has received money belonging to Plaintiffs and the Class through the placement of advertisements in the e-mail of its members.

37.     AOL has reaped substantial profits by inserting advertisements into the e-mails of its members. Ultimately, this resulted in AOL's wrongful receipt of profits and injury to Plaintiffs and the Class. AOL has benefited from the receipt of such money that it would not have received but for its concealment.

-6-

38.    As a direct and proximate result of AOL's misconduct as set forth above, AOL has been unjustly enriched.

39.    Under principles of equity and good conscience, AOL should not be permitted to keep the full amount of money belonging to Plaintiffs and the Class which AOL has unjustly received as a result of its actions.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

40.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

41.    Plaintiffs have standing to pursue this claim because they have suffered injury in fact and have lost money or property as a result of AOL's actions as set forth above.

42.    Class members have lost money or property as a result of AOL's actions as delineated herein.

43.    AOL's actions as alleged in this complaint constitute "unfair" conduct within the meaning of California Business and Professions Code section 17200 *et seq.*

44.    AOL's business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers. Specifically, AOL's conduct is "unfair" because AOL inserts advertisements into the e-mails of its members.

45.    AOL's actions as alleged in this complaint constitute "unlawful" conduct within the meaning of California Business and Professions Code section 17200 *et seq.*

46.    AOL's business practices, as alleged herein, are unlawful because they amount to a breach of contract, unjust enrichment, and violations of the Electronic

- 7 -

Communications Privacy Act, Consumer Legal Remedies Act, and California Business and Professions Code §§ 17529 *et seq.*

47.   AOL's actions as alleged in this complaint constitute "fraudulent" conduct within the meaning of California Business and Professions Code sections 17200 *et seq.*

48.   AOL's business practices, as alleged herein, are fraudulent because they are likely to deceive consumers, including Plaintiffs and the members of the Class. AOL fails to disclose that it will insert advertisements into the e-mails of its members.

49.   As a result of AOL's "unfair," "unlawful" and "fraudulent" conduct, Plaintiffs and many members of the class expended money paying monthly fees for e-mail service.

50.   AOL's wrongful business practices allege herein constituted, and constitute, a continuing course of unfair competition since AOL continues to market and sell its products in a manner that offends public policy, is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers, and is likely to deceive the public.

51.   Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the Class seek an order of this court enjoining AOL from continuing to engage in unlawful, unfair, and deceptive business practices and any other act prohibited by law, including those acts set forth in this complaint.

52.   Plaintiffs and the Class also seek an order requiring AOL to make full restitution of all monies it wrongfully obtained from Plaintiffs and the Class, along with all other relief allowable under California Business and Professions Code section 17200 *et seq.*

/ / /

/ / /

- 8 -

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

53.   Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

54.   Plaintiffs and the Class entered into a contract with AOL for AOL's services.

55.   The contract contains and contained an implied covenant of good faith and fair dealing that AOL would not do anything that would have the effect of injuring the right of Plaintiffs and the Class to receive the benefits of the contract.

56.   AOL breached is contracts with Plaintiffs and the Class, and the covenant of good faith and fair dealing, by inserting advertisements into the e-mails of its members.

57.   As a direct and proximate result of AOL's breach of contract, Plaintiffs and the Class have been damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

58.   Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

59.   This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code sections 1750-1784 ("CLRA").

60.   AOL's acts and practices described herein were intended to result in the sale and use of AOL Internet services to the consuming public.

61.   AOL is a "person" as defined by California Civil Code section 1761(c). Plaintiffs and the members of the class are "consumers" within the meaning of California Civil Code section 1761(d). The products sold by AOL are "services" within the meaning of California Civil Code Section 1761(b).

- 9 -

62.    Venue is proper pursuant to Civil Code § 1780(c) because the transaction or a substantial portion thereof occurred in Los Angeles County.

63.    AOL violated, and continues to violate, the CLRA by inserting advertisements into the e-mails of its members.  AOL represented that its service had a specific characteristic, i.e., that, as a service it would be free of advertisements.  AOL made this representation in violation of Civil Code section 1770(a)(5).

64.    AOL violated, and continues to violate, the CLRA by inserting advertisements into the e-mails of its members.  AOL represented that its service had a specific characteristic, i.e., that, as a service it would be free of advertisements.  AOL made this representation in violation of Civil Code section 1770(a)(7).

65.    AOL violated, and continues to violate, the CLRA by inserting advertisements into the e-mails of its members.  AOL advertised a service that would be free of advertisements without the intent to market the service as advertised, in violation of Civil Code section 1770(a)(9).

66.    Plaintiffs and the Class suffered actual damages as a direct and proximate result of AOL's actions in violation of the CLRA.

67.    Plaintiffs, on behalf of themselves and for all others similarly situated, demand judgment against AOL under the CLRA for injunctive relief in the form of restitution and/or disgorgement of monies paid to or received by AOL for e-mail service, an order directing AOL to cease inserting advertisements into the e-mails of its members, an award of damages, and an award of attorneys' fees.

68.    In accordance with Section 1782(a) of the CLRA, Civ. Code § 1782(a), on April 23, 2009, Plaintiffs' counsel served AOL with notice of its alleged violations of the CLRA by certified mail, return receipt requested.

/ / /

/ / /

- 10 -

SECOND AMENDED CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTION 17529 ET SEQ.

69.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

70.     The footer advertisements inserted by AOL into its members' e-mails constitutes a commercial e-mail advertisements under Business and Professions Code § 17529.1(c) as AOL transmitted or caused to be transmitted an electronic mail message for the purpose of advertising the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit.

71.     The recipients of the e-mails containing the footer advertisements did not give direct consent to receive advertisements from AOL and do not have preexisting business relationships with AOL.

72.     AOL violated Business and Professions Code § 17529.2 by initiating and/or advertising in an unsolicited commercial e-mail advertisement sent to a California electronic mail address.

73.     As a result of AOL's violation of Business and Professions Code §§ 17529 *et seq.*, Plaintiffs, on behalf of themselves and for all others similarly situated, seek actual and liquidated damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the Class request that the Court enter an order or judgment against Defendant as follows:

1.     Certification of the proposed class and notice thereto to be paid by Defendant;

2.     Adjudge and decree that Defendant has engaged in the conduct alleged herein;

- 11 -

3.    For restitution and disgorgement on certain causes of action;

4.    For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this complaint;

5.    For compensatory and general damages according to proof on certain causes of action;

6.    For special damages according to proof on certain causes of action;

7.    For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.    Costs of the proceedings herein;

9.    Reasonable attorneys fees as allowed by statute; and

10.   Any and all such other and further relief that this Court may deem just and proper.

DATED: August 13, 2009          **KABATECK BROWN KELLNER LLP**

                                By _____

                                   Brian S. Kabateck
                                   Richard L. Kellner
                                   Michael V. Storti

                                **THE NUNES LAW GROUP**
                                Glenn C. Nunes

                                **HAMNER LAW OFFICES LLC**
                                Christopher J. Hamner

                                *Counsel for Plaintiffs and the proposed class*

- 12 -

SECOND AMENDED CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

1

2

3

Plaintiffs hereby demand a trial by jury in the above-entitled action.

4     DATED: August 13, 2009       **KABATECK BROWN KELLNER LLP**

5

6                              By _____

7                                    Brian S. Kabateck

8                                    Richard L. Kellner

                                   Michael V. Storti

9

10                            **THE NUNES LAW GROUP**

                           Glenn C. Nunes

11

12                            **HAMNER LAW OFFICES LLC**

                           Christopher J. Hamner

13

                           *Counsel for Plaintiffs and the proposed class*

14

15

16

17

18

19

20

21

22

23

24

25

26

- 13 -

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 644 So. Figueroa Street, Los Angeles, California 90017..

On **August 13, 2009**, I served the foregoing document described as: **SECOND AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action:

Mark D. Litvack
REED & SMITH, LLP
355 South Grand Ave., Suite 2900
Los Angeles, CA 90071
T: (213) 457-8000
F: (213) 457-8080
*Attorneys for Defendant*

Glenn C. Nunes, Esq.
THE NUNES LAW GROUP
101 California St., Suite 2450
San Francisco, CA  94111
T: (415) 946-8894
F: (415) 946-8801
*Attorneys for Plaintiffs*

Christopher J. Hamner, Esq.
HAMNER LAW OFFICES, LLC
15760 Ventura Blvd., Suite 860
Encino, CA  91436
T: (818) 386-0444

**[X]**    VIA U.S. MAIL - I deposited such envelope(s) with the United States Postal Service, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[]    VIA E-MAIL TRANSMISSION – by use of electronic mail, I served a copy of the document, on the interested parties by transmitting via electronic mail to said interested party.
Email: mlitvack@reedsmith.com

**[X]**    **(FEDERAL)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1

Executed on **August 13, 2009**, at Los Angeles, California.

2

I declare under penalty of perjury under the laws of the State of California that

3

the above is true and correct.

4

RACHEL MENDOZA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE