1  BRIAN S. KABATECK, SBN 152054
    (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
    (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
    (at@kbklawyers.com)
4  MICHAEL V. STORTI, SBN 260215
    (ms@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, California 90017
   Telephone: (213) 217-5000
7  Facsimile: (213) 217-5010

8  GLENN C. NUNES, SBN 210453
    (glenn@nuneslawgroup.com)
9  CHRISTOPHER J. HAMNER, SBN 197117
    (chamner@hamnerlaw.com)
10 15760 Ventura Blvd., Suite 860
   Encino, CA 91436
11 Telephone: (818) 386-0444
   Facsimile: (818) 386-0050

12 Attorneys for Plaintiffs
13 and the Settlement Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AOL, LLC., a Delaware Limited Liability Company; and DOES 1 through 10, inclusive;<br><br>Defendants. | **CASE NO. CV09-3568 CAS (PLAx)**<br><br>HON. CHRISTINA A. SNYDER<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>Hearing<br>Date: December 28, 2009<br>Time: 10:00 a.m.<br>Courtroom: 5 |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES
(CV09-3568 CAS (PLAx))**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on December 28, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, located on the 312 North Spring Street, Los Angeles, CA 90012, Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard, will, and hereby do, move this Court for an award of attorneys' fees.

Plaintiffs seek an Order awarding attorneys' fees in the amount of $160,000 to Kabateck Brown Kellner and $160,000 jointly to The Nunes Law Group and Hamner Law Offices. Pursuant to the Settlement Agreement between the parties, these payments are to be paid by Defendant AOL, LLC directly and *will not* be deducted from the settlement amounts paid to class members.

This Motion is made on the grounds that Plaintiffs' request for attorneys' fees incurred in prosecuting this case are patently fair, objectively reasonable and appropriate in light of the significant results obtained on behalf of the Class.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities; the Declarations of Michael V. Storti, Glen C. Nunes and Chris J. Hamner; the attached exhibits; the complete records and file in this action, and upon any other such oral or documentary evidence as may be presented prior to or at the hearing of this motion.

Dated: December 14, 2009     KABATECK BROWN KELLNER, LLP

By:     /s/
       Brian S. Kabateck
       Richard L. Kellner
       Alfredo Torrijos
       Michael V. Storti
*Attorneys for Plaintiffs and the Settlement Class*

THE NUNES LAW GROUP

By:    /s/
     Glenn C. Nunes
     *Attorney for Plaintiffs and the Settlement Class*

HAMNER LAW OFFICES

By:    /s/
     Christopher J. Hamner
     *Attorney for Plaintiffs and the Settlement Class*

BRIAN S. KABATECK, SBN 152054
 (bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
 (rlk@kbklawyers.com)
ALFREDO TORRIJOS, SBN 222458
 (at@kbklawyers.com)
MICHAEL V. STORTI, SBN 260215
 (ms@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

GLENN C. NUNES, SBN 210453
 (glenn@nuneslawgroup.com)
CHRISTOPHER J. HAMNER, SBN 197117
 (chamner@hamnerlaw.com)
15760 Ventura Blvd., Suite 860
Encino, CA 91436
Telephone: (818) 386-0444
Facsimile: (818) 386-0050

Attorneys for Plaintiff
and the Settlement Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>AOL, LLC., a Delaware Limited Liability Company; and DOES 1 through 10, inclusive;<br><br>    Defendants. | **CASE NO. CV09-3568 CAS (PLAx)**<br><br>HON. CHRISTINA A. SNYDER<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br><u>Hearing</u><br>Date: December 28, 2009<br>Time: 10:00 a.m.<br>Courtroom: 5 |

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................. 1

II.  OVERVIEW OF ACTION ............................................................................. 1

    A.   Procedural Background. ..................................................................... 1

    B.   The Settlement Benefits Obtained. ..................................................... 2

III. A $320,000 ATTORNEYS' FEE AWARD IS PATENTLY FAIR, OBJECTIVELY REASONABLE AND APPROPRIATE IN LIGHT OF THE RESULTS OBTAINED ON BEHALF OF THE CLASS .................... 2

IV.  CONCLUSION ................................................................................................ 7

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES (CV09-3568 CAS (PLAx))**

# TABLE OF AUTHORITIES

**Cases**

*Craft v. County of San Bernardino*,
    624 F.Supp.2d 1113 (C.D. Cal., 2008) .......................................................... 3

*Edmonds v. United States*,
    658 F.Supp. 1126 (D.S.C. 1987) .................................................................. 5

*Hall v. Cole*,
    412 U.S. 1 (1973) ......................................................................................... 3

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..................................................................... 6

*In re Equity Funding Corp. Sec. Litigation*,
    438 F.Supp. 1303 (C.D. Cal. 1977) ............................................................. 6

*In re King Resources Co. Sec. Litigation*,
    420 F.Supp. 610 (D. Colo. 1976) ............................................................ 5, 6

*Merola v. Atlantic Richfield Co.*,
    515 F.2d 165 (3d Cir.1975) .......................................................................... 3

*Mills v. Electric Auto-Lite Co.*,
    396 U.S. 375 (1970) ..................................................................................... 3

*Serrano v. Priest*,
    20 Cal. 3d 25 (1977) .................................................................................... 4

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ............................................................. 4, 5, 7

**Rules**

Fed. R. Civ. P. 23(h) ............................................................................................ 2

## I. INTRODUCTION

Class Counsel seeks an award of attorneys' fees for their efforts in prosecuting and obtaining a settlement that is the subject of an accompanying and concurrently filed Motion for Final Approval.

Pursuant to the settlement agreement, Class Members will receive notice of AOL practice of appending advertisements to e-mail footers of its subscribers and instructions on how to remove the footer advertisements from future emails. Future AOL subscribers will obtain the same benefits. Additionally, six designated charities will receive donations totaling $110,000. This settlement provides Class Members with these benefits without the associated expense, delay, and risk of trial. Further, the settlement payments to Class Members is *not* reduced by attorneys' fees or litigation costs, which are being paid separately by Defendant AOL, LLC ("AOL").

For their efforts to bring about this result, Kabateck Brown Kellner LLP, The Nunes Law Group, Hamner Law Offices, (collectively "Class Counsel") respectfully request the award of attorneys' fees of $320,000.00 to be paid by Defendant AOL, LLC. This amount falls within the norm for attorneys' fees in class actions, and is justified both by the extraordinary results for the Class and the speed with which recovery was obtained.

Because these requests are objectively reasonable and plainly appropriate, Plaintiff and Class Counsel respectfully request that they be approved in all respects.

## II. OVERVIEW OF ACTION

### A. Procedural Background.

Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geer, and Laurence Gerard ("Plaintiffs") filed their initial Class Action Complaint on May 19, 2009, a First Amended Complaint on June 5, 2009, and a Second Amended Complaint ("SAC") on August 13, 2009. On May 15, 2009, Class Counsel deposed the Vice

— 1 —
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES (CV09-3568 CAS (PLAx))**

President of AOL responsible for the e-mail footers, Roy Ben-Yousef, regarding the facts underlying the SAC. On August 19, 2009, the parties entered into a Settlement Agreement ("Settlement"), negotiated under the supervision of the Honorable Dickran Trevizian, a retired United States District Court Judge.

The Court granted preliminary approval of the proposed settlement on August 25, 2009. Notice to the class was mailed thirty days after. The period for opt-outs expired on November 11, 2009. The period for objections and intended appearances expired December 7, 2009, during which only two objections to the Settlement were filed.

### B. The Settlement Benefits Obtained.

The Settlement provides that AOL will disclose to the Class (i) the existence of promotional footers, and (ii) the means by which the Class Members can remove the footer advertisements from their emails. It will also provide this notice to all new AOL subscribers. AOL will also donate $25,000 each to three charities: (i) the Legal Aid Foundation; (ii) the Federal Judicial Center Foundation; and (iii) the Boys and Girls Club of America (to be shared equally between the Los Angeles and Santa Monica chapters). It also provides that AOL will donate $8,750 to each of the charities specified by and on behalf of each of the four Settlement Class Representatives. These sizable donations to six designated charities total $110,000.

## III. A $320,000 ATTORNEYS' FEE AWARD IS PATENTLY FAIR, OBJECTIVELY REASONABLE AND APPROPRIATE IN LIGHT OF THE RESULTS OBTAINED ON BEHALF OF THE CLASS

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed.R.Civ.P. 23(h).

"Although the earliest cases recognizing a right to reimbursement involved litigation that had produced or preserved a 'common fund' for the benefit of a group, nothing in these cases indicates that the suit must actually bring money into the court as a prerequisite to the court's power to order reimbursement of expenses." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392-393 (1970). The *Mills* court noted that "courts have permitted "reimbursement in cases where the litigation has conferred a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." *Id.* "'[A]ttorneys' fees [in class action cases] may be awarded even though the benefit conferred is purely non-pecuniary in nature.'" *Craft v. County of San Bernardino*, 624 F.Supp.2d 1113, 117 (C.D. Cal., 2008) (*citing Merola v. Atlantic Richfield Co.,* 515 F.2d 165, 169-70 (3d Cir.1975); *Mills v. Elec. Auto-Lite*, 396 U.S. 375, (1970))*; Hall v. Cole,* 412 U.S. 1, 7 n. 5 (1973) ("the rationale of ... [the class fund doctrine] must logically extend, not only to litigation that confers a monetary benefit on others, but also to litigation 'which corrects or prevents an abuse which would be prejudicial to the rights and interests' of those others.")

"If a case is primarily concerned with injunctive or declaratory relief, exclusive concern with monetary benefits may not be appropriate. If the value of such relief cannot be reliably determined or estimated," the lodestar method, including any appropriate multiplier, is a reliable alternative to calculate fee awards. Manual for Complex Litigation, Fourth, § 21.71.

Here, the Settlement benefits provided to the Class do not lend themselves to traditional valuation. The prospective relief provided by AOL's reformed business practices is a substantial benefit to the Class, but has no fixed monetary value. Thus, the Court may instead use the loadstar method to determine appropriate attorney's fees.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES (CV09-3568 CAS (PLAx))**

A court may adjust a lodestar figure based on several factors, including, "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; [and] (3) the contingent nature of the fee award." *Serrano v. Priest*, 20 Cal. 3d 25, 48-49 (1977).

Courts routinely consider additional factors in analyzing a request for fees, including: (1) the results obtained for the class, including whether counsel's performance generated non-monetary benefits; (2) the risk undertaken by counsel; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried; (5) the market rate; and (6) awards in similar cases. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047-1050, (9th Cir. 2002), at 1048-1050. Each of these factors support this Court's approval of Class Counsels' $320,000.00 fee request.

As stated above, Class Counsel achieved a significant benefit for the class in that AOL has agreed to give all of its current and future members the option to remove email footer advertisements from their emails. In determining the reasonableness of the fee requested, the Court should not only consider the recovery obtained for the Class, but also the risks taken by Class Counsel in pursuing this litigation. AOL consistently denied liability and would vigorously present its defenses had this case moved forward. Even if Plaintiffs prevailed on all of the liability issues, proving class-wide damages would present a difficult task.

The Ninth Circuit recognizes that risk is an important factor in determining a reasonable fee award. *Vizcaino*, *supra*, 290 F.3d at 1048. Uncertainty that an ultimate recovery would be obtained is highly relevant in determining risk. As one court aptly observed:

> In evaluating the services rendered in this case, appropriate consideration must be given to the risks

>assumed by plaintiffs' counsel in undertaking the litigation. The prospects of success were by no means certain at the outset, and indeed, the chances of success were highly speculative and problematical.

*In re King Resources Co. Sec. Litigation*, 420 F.Supp. 610, 632, 636-37 (D. Colo. 1976).

The "prosecution and management of a complex national class action requires unique legal skills and abilities." *Edmonds v. United States*, 658 F.Supp. 1126, 1137 (D.S.C. 1987). Class Counsel are experienced class action attorneys at the top of their field with active and successful practices. The risks they undertook were real, since the resources that they dedicated this action could easily have been applied to other cases. From the outset, Class Counsel litigated this action vigorously and skillfully, maximizing recovery for the benefit of the Class. The quality of the work, and the efficiency and dedication with which it was performed, should be rewarded.

The quality of opposing counsel is also an important factor when evaluating the quality of the work done by counsel. *See In re Equity Funding Corp. Sec. Litigation*, 438 F.Supp. 1303, 1337 (C.D. Cal. 1977); *King Resources*, 420 F.Supp. at 634. Here, Class Counsel were opposed by skilled and respected counsel from Reed Smith LLP, who had significant resources and experience with which to represent the interests of their clients. Thus, this factor strongly supports the fees requested.

Class Counsel initiated potentially complex, expensive and lengthy litigation, with no guaranty of compensation for the significant amount of time, money and effort that they were prepared to and did invest to prosecute this case. Class Counsel dedicated ample resources of attorneys and other personnel to this action and paid out-of-pocket expenses necessary to prosecute the case, further supporting the fees requested.

1    Lodestar calculations are determined by multiplying the number of hours reasonably expended during the litigation by the billing attorneys' hourly rate. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Kabateck Brown Kellner LLP expended 274.8 hours to achieve settlement. At their regular and reasonable hourly rate, those hours result in a lodestar base of $93,628. To reach the requested fee, that base would need to be multiplied by only 1.71. Hamner Law Offices and The Nunes Law Group expended 311.9 hours to achieve settlement. At their regular and reasonable hourly rate, those hours result in a lodestar base of $136,502.50. To reach the requested fee, that base would need to be multiplied by only 1.17.

It is well-settled that a multiplier is appropriate in complex litigation to reward attorneys for the risk assumed in taking and litigating the case. "[C]ourts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases." *Washington Public Power*, *supra*, 19 F.3d at 1300. "This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino*, 290 F.3d at 1051. In *Vizcaino*, the court examined a survey of multipliers and found that they ranged from "0.6-19.6, with most (20 of 24, or 83%) from 1.0-4.0 and a bare majority (13 of 24, or 54%) in the 1.5-3.0 range)." *Id*. at 1051. The fee requested here falls squarely within the lower range using the lodestar-multiplier.

Awarding Class Counsel a $320,000.00 fee award represents a modest multiplier of 1.71 for Kabateck Brown Kellner LLP and 1.17 for the Hamner Law Offoces and the The Nunes Law Group times lodestar and is fully justified in this case.

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES (CV09-3568 CAS (PLAx))**

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court issue an Order awarding attorneys' fees Class Counsel in the amount of $320,000.00.

Dated: December 14, 2009  KABATECK BROWN KELLNER, LLP

By: /s/
 Brian S. Kabateck
 Richard L. Kellner
 Alfredo Torrijos
 Michael V. Storti
*Attorneys for Plaintiffs and the Settlement Class*


THE NUNES LAW GROUP

By: /s/
 Glenn C. Nunes
*Attorney for Plaintiffs and the Settlement Class*

HAMNER LAW OFFICES

By: /s/
 Christopher J. Hamner
*Attorney for Plaintiffs and the Settlement Class*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES (CV09-3568 CAS (PLAx))**