Christopher J. Hamner, Esq. (SBN 197117)
Amy T. Wootton, Esq. (SBN 188856)
Kimberly A. Westmoreland, Esq. (SBN 237919)
**HAMNER LAW OFFICES, LP**
15760 Ventura Blvd., Suite 860
Encino, California 91436
Telephone: (818) 386-0444
Facsimile: (818) 386-0050
chamner@hamnerlaw.com
awootton@hamnerlaw.com
kwestmoreland@hamnerlaw.com

Glenn C. Nunes, Esq. (SBN 210453)
**THE NUNES LAW GROUP**
101 California Street, Suite 2450
San Francisco, California 94111
Telephone: (415) 946-8894
Facsimile: (415) 946-8801
glenn@nuneslawgroup.com

Attorneys for Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard, on behalf of themselves and all others similarly situated.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AOL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10 inclusive,<br><br>Defendant. | CASE NO. CV 09-03568 CAS (PLAx)<br><br>**DECLARATION OF GLENN C. NUNES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND AWARD OF CLASS REPRESENTATIVE ENHANCEMENT**<br><br>Honorable Christina A. Snyder |

## DECLARATION OF GLENN C. NUNES

I, Glenn C. Nunes, declare as follows:

1. I am over the age of 18 and a resident of California. I have personal knowledge of the facts set forth below and if called to testify I could and would do so competently.

2. I am an attorney admitted to practice in the state of California. I am a partner at The Nunes Law Group.

3. I am lead attorney of record for Plaintiffs in this action, along with Christopher J. Hamner of Hamner Law Offices, LP, and Richard L. Kellner of Kabateck Brown Kellner LLP (collectively, "Class Counsel").

4. I submit this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement.

5. Since the filing of this action, Mr. Hamner and I have spent considerable time conducting legal research, performing factual investigations through both formal and informal discovery, and drafting various pleadings including an opposition to AOL's motion to dismiss / transfer, a motion for class certification, and a request for injunctive relief.

6. Due to discovery which occurred before the mediation, Counsel for both parties entered settlement negotiations with a reasonably accurate assessment of the merits of the case and a reasonable estimation of damages. In light of the discovered facts, the defenses asserted by AOL, the risks of significant delay, the uncertainties of class certification and the potential appellate issues, counsel for both parties considered settlement to be in their best interest. Accordingly, the agreement to settle occurred after Class Counsel possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation. Thus, the stage of the proceedings at which this settlement was reached favors final approval of the settlement.

///

7. Solely for purposes of settling the lawsuit, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Class have been met.

8. Defendants have agreed and will not oppose a request for the Court to award attorneys' fees and litigation expenses collectively to The Nunes Law Group and Hamner Law Offices, in an amount not to exceed one hundred and sixty thousand dollars ($160,000).

9. Based on my review of the facts and documents in this case, and understanding of the legal issues presented, it is my position that the resulting proposed Settlement is fair, adequate, and reasonable to the Class.

10. The benefit of effecting a change to help current Class Members and future AOL members should be factored into the evaluation of the settlement.

11. My firm was retained based upon a contingency fee arrangement and agreed to advance all costs and receive no fee unless a recovery was accomplished. Because of the anticipated needed resources for the prosecution of this case, Plaintiffs' counsel had to forego other work at considerable financial risk in this action. My firm undertook a considerable risk that it would not receive any payment, including whether the case could be certified as a class action, whether there would be a method for calculating and proving individual damages, and whether AOL would prevail with any of its asserted defenses.

12. In short, prevailing and ultimately collecting any recovery from AOL was never certain, since this required satisfying a number of difficult thresholds including pleading and proof issues, as well as certification and liability issues at trial. Accordingly, my firm's contingency risk supports the requested fees.

13. I am an experienced class action attorney and have acted as lead counsel in other consumer class actions, as well as wage and hour class actions for tens of thousands of hourly workers. My qualifications are as follows: I received my JD from University of the Virginia School of Law in 2000. My firm's primary

focus is business litigation and labor and commercial class actions. I have a practice that encompasses multiple wage and hour class action cases in the Los Angeles Superior Courts, the Orange County Superior Courts, and the United States District Court for the Central District of California.

14. My co-counsel, Christopher J. Hamner, is also an experienced class action attorney and have acted as lead counsel in other consumer class actions, as well as wage and hour class actions for tens of thousands of hourly workers. His qualifications are as follows: He received his JD from University of the Pacific, McGeorge School of Law in 1998. His firm's primary focus is business litigation and labor and commercial class actions. He was assisted in this matter by his associates, Amy T. Wootton and Kimberly A. Westmoreland. Mr. Hamner and both of his associates are experienced wage and our class action attorneys, with substantial complex litigation experience at both the trial and appellate level. Amy T. Wooton received her JD from Pepperdine University School of Law in 1997. Kimberly A. Westmoreland received her JD from Loyola Law School in 2005. Mr. Hamner has a practice that encompasses multiple wage and hour class action cases in the Los Angeles Superior Courts, the Orange County Superior Courts, and the United States District Court for the Central District of California.

15. My firm has recently successfully litigated multiple significant class actions. Some of these cases include:

(a) *Robert Spain, et al. v. Comedy Club of Brea, LLC, et al.*, (Improv Comedy Clubs), US District Court, Central District case no.: CV-08-1486 AHM(RCx); $600,000 settlement approved with no objections. 900 class members.

(b) *Mary Eng v. PQ Beverly Hills, Inc., et al.*, Los Angeles Superior Court case no.: BC 391451; $534,600 settlement approved with no objections. 961 members.

/ / /

/ / /

16. Class Counsel's legal fees and costs in this matter are as follows:

SUMMARY OF ATTORNEY HOURS AND FEES

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Glenn C. Nunes, Esq. | 118.6[1] | $475.00/hour | $56,335.00 |
| Christopher J. Hamner, Esq. | 96.5[2] | $475.00/hour | $45,837.50 |

---

[1] These hours include:

- Pre-filing investigation of Defendant and legal claims.
- Drafting of pleadings, and opposition to motion to dismiss/transfer
- Attending depositions (in Los Angeles and New York).
- Drafting extensive written discovery
- Review of voluminous documents.
- Client and witness phone calls and meetings.
- Draft opposition papers in response to Defendant's motion to dismiss.
- Research and draft injunction.
- Attending settlement meetings and multiple mediations / follow up meetings with Judge Tevrizian.
- Preparing for and attending hearings.
- Preparing for and attending settlement meeting with Defendant.
- Post settlement approval motions and hearings and other matters.

[2] The hours include:

- Pre-filing investigation of Defendant and legal claims.
- Drafting of pleadings, and opposition to motion to dismiss/transfer
- Attending deposition in Los Angeles.
- Drafting extensive written discovery.
- Review of voluminous documents.
- Client and witness phone calls and meetings.
- Draft opposition papers in response to Defendant's motion to dismiss.
- Attending settlement meetings and multiple mediations / follow up meetings with Judge Tevrizian.
- Preparing for and attending hearings.
- Preparing for and attending settlement meeting with Defendant.
- Post settlement approval motions and hearings and other matters.

| | | | |
|---|---|---|---|
| Amy T. Wootton | 41.0³ | $395/hour | $16,195.00 |
| Kimberly A. Westmoreland | 55.8⁴ | $325/hour | $18,135.00 |
| TOTAL | | | $136,502.50 |

SUMMARY OF COSTS

| Cost | Amount |
|---|---|
| Filing Fee | $350.00 |
| Service of Process | $200.00 |
| Copies | (4,873 pages @ $0.10/page) =$487.30 |
| Mediation | $2,525.00 |
| Postage and overnight mail | $283.31 |
| Online Legal Research | $360.00 |
| Parking | $125.00 |
| TOTAL | $4,330.61 |

17. Class action attorneys' fees are normally subject to an enhancement or a multiplier.⁵ The factors for a Lodestar enhancement are present here. This was a

---

³ The hours include:

- Pre-filing investigation of Defendant and claims.
- Drafting of pleadings.
- Review of voluminous documents.
- Post settlement approval motions and hearings and other matters.
- Continued investigation of claims and law.

⁴ The hours include:

- Drafting of discovery requests and meet and confer letters.
- Review of voluminous documents.
- Assist in preparing witnesses for depositions, and performing legal research re motion to dismiss, injunction

⁵ "High-quality work may produce greater results in less time than would work of average quality, thus justifying a 'multiplier.'" *Thayer v. Wells Fargo Bank*, 92 Cal. App. 4th 819, 838 (2001). Pertinent factors (footnote continued)

1  novel, first time claim, against AOL. Our efforts in this case have resulted in a
2  material and significant change (for the better) to the e-mail services provided to
3  millions of consumers.
4      18.   Moreover, the efforts undertaken by Class Counsels, as detailed in the
5  motion for final approval and in the motion for preliminary approval, show that
6  Class Counsel obtained a pre-certification settlement with significant benefits to
7  class members, saving significant judicial resources and litigation costs. **Class**
8  **Counsel respectfully submit that an appropriate multiplier in this case would**
9  **be 1.173, or $160,000, total in attorneys' fees.**
10     19.   The above hourly rates are the reasonable and regular rates that are
11 commensurate with the experience and expertise of each attorney. Furthermore, the
12 above rates are comparable to the rates requested by, and awarded to, attorneys from
13 my firm in other class actions which we have successfully prosecuted.
14     20.   To date, I, attorneys from my firm, and my co-counsel have incurred
15 significant legal costs in prosecuting this matter. We have spent significant attorney
16 hours investigating and researching the claims that have been alleged in this action,
17 drafting and filing the Class Action Complaints in this matter, negotiating with
18 counsel for Defendants for production of documents and information necessary to
19 evaluate this case, reviewing and analyzing records, engaging in numerous
20 telephone conversations with counsel, preparing for and participating in a mediation,
21 meeting with the Class Representative on numerous occasions, attending multiple
22 hearings, and preparing the necessary settlement papers and this motion. All
23 attorneys for plaintiffs in this case are in agreement as to how attorneys' fees in this
24 case will be divided.

---

include the difficulty of the questions involved and the skill in presenting them, the contingent nature of the fee award, the extent to which the litigation precluded other work, and the percentage of the fund the attorney would have received on the free market. *Lealao v. Beneficial California, Inc.,* 82 Cal.App.4th at 46 (2000).

7
DECLARATION OF GLENN C. NUNES

21. The expenses reflected above were reasonably and necessarily incurred in connection with this litigation and were specifically reviewed and authorized by me.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of December 2009 at Los Angeles, California.

_____
GLENN C. NUNES, ESQ.

8
DECLARATION OF GLENN C. NUNES