1  Christopher J. Hamner, Esq. (SBN 197117)
   Amy T. Wootton, Esq. (SBN 188856)
2  Kimberly A. Westmoreland, Esq. (SBN 237919)
   **HAMNER LAW OFFICES, LP**
3  15760 Ventura Blvd., Suite 860
   Encino, California 91436
4  Telephone: (818) 386-0444
   Facsimile:  (818) 386-0050
5  chamner@hamnerlaw.com
   awootton@hamnerlaw.com
6  kwestmoreland@hamnerlaw.com

7  Glenn C. Nunes, Esq. (SBN 210453)
   **THE NUNES LAW GROUP**
8  101 California Street, Suite 2450
   San Francisco, California 94111
9  Telephone: (415) 946-8894
   Facsimile:  (415) 946-8801
10 glenn@nuneslawgroup.com

11 Attorneys for Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and
   Laurence Gerard, on behalf of themselves and all others similarly situated.

13                    **UNITED STATES DISTRICT COURT**

14                    **CENTRAL DISTRICT OF CALIFORNIA**

15                              **WESTERN DIVISION**

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AOL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10 inclusive, <br><br> Defendant. | CASE NO. CV 09-03568 CAS (PLAx) <br><br> **DECLARATION OF CHRISTOPHER J. HAMNER IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARD OF ATTORNEYS' FEES AND EXPENSES; AND AWARD OF CLASS REPRESENTATIVE ENHANCEMENTS** <br><br> Honorable Christina A. Snyder |

# DECLARATION OF CHRISTOPHER J. HAMNER

I, Christopher J. Hamner, declare as follows:

1. I am over the age of 18 and a resident of California. I have personal knowledge of the facts set forth below and if called to testify I could and would do so competently.

2. I am an attorney admitted to practice in the state of California. I am a partner at Hamner Law Offices, LP.

3. I am lead attorney of record for Plaintiffs in this action, along with Glenn C. Nunes of The Nunes Law Group, and Richard L. Kellner of Kabateck Brown Kellner LLP (collectively, "Class Counsel").

4. I submit this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement.

5. Prior to filing the complaint in this action against defendant AOL, LLC ("AOL"), Mr. Nunes and I conducted a thorough factual investigation into the claims underlying Plaintiffs' claims. We also spent considerable time conducting legal research on the novel claims we planned to bring in this lawsuit.

6. Since the filing of this action, Mr. Nunes and I have continued factual investigations through both formal and informal discovery. AOL's Vice President of Mail Products was deposed regarding the history, scope, and technical aspects of the e-mail footer program and other e-mail-related promotional and advertising programs as well as consumer response to such programs. We also defended two depositions. We also reviewed and analyzed documents and data regarding the e-mail footer program and AOL's various service offerings. We also drafted an opposition to AOL's motion to dismiss / transfer, and drafted a request for injunctive relief. In addition, we reviewed judicial rulings and regulatory materials on various legal issues related to the Litigation and conducted a legal and factual analysis related to certifying a class for purposes of trial and the practicability and efficiency of certifying a class for settlement purposes.

7. At all times, AOL has maintained that it has strong and viable defenses to Plaintiffs' action, including waiver of the claims pursuant to provisions of the AOL Terms of Service.

8. The Parties eventually agreed to mediate this matter before the Honorable Dickran M. Tevrizian, United States District Court Judge for the Central District of California (Ret.) There were multiple days of mediating with Judge Tevrizian. The case was finally resolved at a half day follow-up mediation with Judge Tevrizian.

9 This settlement is the result of extensive and hard fought arms-length negotiations. In light of the facts in the case and an assessment of the uncertainties of protracted litigation, the Parties arrived at the instant settlement. After a lengthy negotiation session, the Parties agreed to the Joint Stipulation of Settlement ("Stipulation"). That Joint Stipulation was also the subject of significant wrangling over details and numerous formal and informal settlement discussions and negotiations conducted under the direction of Judge Tevrizian. The parties consider the settlement fair and reasonable to the class.

10. Solely for purposes of settling the lawsuit, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Class have been met.

11. This settlement has resulted in a material and significant change for approximately 60 million AOL users. Because of this lawsuit, AOL must now *ask* its e-mail subscribers if their e-mails can be used for intrusive and annoying footer ads. Millions of AOL e-mail users can now reasonably and effectively prevent further insertion of these annoying footer ads. Pursuant to the proposed settlement, if AOL continues to append e-mail footers, AOL must e-mail all Settlement Class Members a second Notice to inform all Settlement Class Members of the existence of the footers and their ability to easily remove these e-mail footers from future e-mails sent by the Settlement Class Members. If AOL continues to append e-mail

footers, AOL will re-send this notice to all Settlement Class Members every six months for a period of two years — a total of five (5) e-mail deliveries.

12. In addition, if AOL continues to append e-mail footers to its members' e-mails, AOL will inform all new members of the existence of the e-mail footers either (1) as part of the process for registering an AOL account or (2) as part of an e-mail confirming the registration of an AOL account. If AOL continues to append e-mail footers to its members' e-mails as part of the registration process or as part of the confirmation process, AOL shall provide each member a link enabling the member to discontinue these e-mail footers.

13. AOL will donate $25,000 each to (1) the Legal Aid Foundation for Los Angeles; (2) the Federal Judicial Center Foundation; and (3) the Boys and Girls Club of America (to be shared equally between the Boys and Girls Club of Los Angeles and of Santa Monica).

14. AOL shall also donate $8,750 each to the designated charity of each of the Settlement Class Representatives. Ms. Fairchild has designated the New Roads School of Santa Monica, Mr. Nachshin has designated the New Roads School of Santa Monica, Mr. Geers has designated the Oklahoma Indian Legal Services, and Mr. Gerard has designated the Friars Foundation as their designated charities, respectively. The charitable donations shall reference the respective Settlement Class Representative. No Settlement Class Representative shall receive any additional remuneration or monetary compensation pursuant to this Settlement Agreement or the resolution of this Litigation.

15. Defendants have agreed and will not oppose a request for the Court to award attorneys' fees and litigation expenses collectively to The Nunes Law Group and Hamner Law Offices, in an amount not to exceed one hundred and sixty thousand dollars ($160,000).

16. The Class Representatives are deserving of having these donations made to charities of their choice, respectively, for their extremely valuable

assistance on this case, including meeting with counsel on multiple occasions and providing valuable documents. In my opinion, Ms. Fairchild, Mr. Nachshin, Mr. Geers and Mr. Gerard were extremely dedicated Class Representatives.

17. This court granted preliminary approval of the settlement on August 25, 2009.

18. Based on my review of the facts and documents in this case, and understanding of the legal issues presented, it is my position that the resulting proposed Settlement is fair, adequate, and reasonable to the Class.

19. There has been a pre settlement investigation. Mr. Nunes and I have engaged in an extensive review and analysis of the relevant documents and data with the assistance of experts. Accordingly, Class Counsel agreed to settle after we made an informed judgment regarding the likelihood of success on the merits through further litigation.

20. My firm was retained based upon a contingency fee arrangement and agreed to advance all costs and receive no fee unless a recovery was accomplished. Because of the anticipated needed resources for the prosecution of this case, Plaintiffs' counsel had to forego other work at considerable financial risk in this action. My firm undertook a considerable risk that it would not receive any payment, including whether the case could be certified as a class action, whether there would be a method for calculating and proving individual damages, and whether AOL would prevail with any of its asserted defenses.

21. I am an experienced class action attorney and have acted as lead counsel in other consumer class actions, as well as wage and hour class actions for tens of thousands of hourly workers. My qualifications are as follows: I received my JD from University of the Pacific, McGeorge School of Law in 1998. My firm's primary focus is business litigation and labor and commercial class actions. I was assisted in this matter by my associates, Amy T. Wootton and Kimberly A. Westmoreland. Both my associates and I are experienced wage and our class action

attorneys, with substantial complex litigation experience at both the trial and appellate level. Amy T. Wooton received her JD from Pepperdine University School of Law in 1997. Kimberly A. Westmoreland received her JD from Loyola Law School in 2005. I have a practice that encompasses multiple wage and hour class action cases in the Los Angeles Superior Courts, the Orange County Superior Courts, and the United States District Court for the Central District of California.

22. My co-counsel, Glenn C. Nunes, is also an experienced class action attorney and has acted as lead counsel in other consumer class actions, as well as wage and hour class actions for tens of thousands of hourly workers. Glenn C. Nunes' qualifications are as follows: Mr. Nunes received his JD from University of the Virginia School of Law in 2000. The Nunes Law Group's primary focus is business litigation and labor and commercial class actions. Mr. Nunes has a practice that encompasses multiple wage and hour class action cases in the Los Angeles Superior Courts, the Orange County Superior Courts, and the United States District Court for the Central District of California.

23. My firm has recently successfully litigated multiple significant class actions. Some of these cases include:

(a) *Sodajohn Lam v. Walt Disney World Co.*, Orange County Superior Court case no.: 30-2008-00044743, $2.5 million dollar settlement approved with no objections. 55,691 class members.

(b) *Robert Spain, et al. v. Comedy Club of Brea, LLC, et al.*, (Improv Comedy Clubs), US District Court, Central District case no.: CV-08-1486 AHM(RCx); $600,000 settlement approved with no objections. 900 class members.

(c) *Nathan Swanner v. Patina Group LLC, et al.*, Los Angeles Superior Court case no.: BC 386583, (consolidated with *Galavis v. Patina Group, LLC*, LASC case no.: BC 375225 and *Bates v. Patina Restaurant Group, LLC*, LASC case no.: BC 376734), $2.5 million dollar settlement approved with no objections. 10,822 class members.

(d) *Mary Eng v. PQ Beverly Hills, Inc., et al.*, Los Angeles Superior Court case no.: BC 391451; $534,600 settlement approved with no objections. 961 members.

24. Class Counsel's legal fees and costs in this matter are as follows:

SUMMARY OF ATTORNEY HOURS AND FEES

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Glenn C. Nunes, Esq. | 118.6[1] | $475.00/hour | $56,335.00 |
| Christopher J. Hamner, Esq. | 96.5[2] | $475.00/hour | $45,837.50 |

---

[1] These hours include:

- Pre-filing investigation of Defendant and legal claims.
- Drafting of pleadings, and opposition to motion to dismiss/transfer
- Attending depositions (in Los Angeles and New York).
- Drafting extensive written discovery
- Review of voluminous documents.
- Client and witness phone calls and meetings.
- Draft opposition papers in response to Defendant's motion to dismiss.
- Research and draft injunction.
- Attending settlement meetings and multiple mediations / follow up meetings with Judge Tevrizian.
- Preparing for and attending hearings.
- Preparing for and attending settlement meeting with Defendant.
- Post settlement approval motions and hearings and other matters.

[2] The hours include:

- Pre-filing investigation of Defendant and legal claims.
- Drafting of pleadings, and opposition to motion to dismiss/transfer
- Attending deposition in Los Angeles.
- Drafting extensive written discovery.
- Review of voluminous documents.
- Client and witness phone calls and meetings.
- Draft opposition papers in response to Defendant's motion to dismiss.
- Attending settlement meetings and multiple mediations / follow up meetings with Judge Tevrizian.
- Preparing for and attending hearings.
- Preparing for and attending settlement meeting with Defendant.
- Post settlement approval motions and hearings and other matters.

| | | | |
|---|---|---|---|
| Amy T. Wootton | 41.0³ | $395/hour | $16,195.00 |
| Kimberly A. Westmoreland | 55.8⁴ | $325/hour | $18,135.00 |
| TOTAL | | | $136,502.50 |

## SUMMARY OF COSTS

| Cost | Amount |
|---|---|
| Filing Fee | $350.00 |
| Service of Process | $200.00 |
| Copies | (4,873 pages @ $0.10/page) =$487.30 |
| Mediation | $2,525.00 |
| Postage and overnight mail | $283.31 |
| Online Legal Research | $360.00 |
| Parking | $125.00 |
| TOTAL | $4,330.61 |

25. Class action attorneys' fees are normally subject to an enhancement or a multiplier.⁵ The factors for a Lodestar enhancement are present here. This was a

---

³ The hours include:

- Pre-filing investigation of Defendant and claims.
- Drafting of pleadings.
- Review of voluminous documents.
- Post settlement approval motions and hearings and other matters.
- Continued investigation of claims and law.

⁴ The hours include:

- Drafting of discovery requests and meet and confer letters.
- Review of voluminous documents.
- Assist in preparing witnesses for depositions, and performing legal research re motion to dismiss, injunction

⁵ "High-quality work may produce greater results in less time than would work of average quality, thus justifying a 'multiplier.'" *Thayer v. Wells Fargo Bank*, 92 Cal. App. 4th 819, 838 (2001). Pertinent factors (footnote continued)

novel, first time claim, against AOL. Our efforts in this case have resulted in a material and significant change (for the better) to the e-mail services provided to millions of consumers.

26. Moreover, the efforts undertaken by Class Counsels, as detailed in the motion for final approval and in the motion for preliminary approval, show that Class Counsel obtained a pre-certification settlement with significant benefits to class members, saving significant judicial resources and litigation costs. **Class Counsel respectfully submit that an appropriate multiplier in this case would be 1.172, or $160,000, total in attorneys' fees.**

27. The above hourly rates are the reasonable and regular rates that are commensurate with the experience and expertise of each attorney. Furthermore, the above rates are comparable to the rates requested by, and awarded to, attorneys from my firm in other class actions which we have successfully prosecuted.

28. The expenses reflected above were reasonably and necessarily incurred in connection with this litigation and were specifically reviewed and authorized by me.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of December 2009 at Los Angeles, California.

_____
CHRISTOPHER J. HAMNER, ESQ.

---

include the difficulty of the questions involved and the skill in presenting them, the contingent nature of the fee award, the extent to which the litigation precluded other work, and the percentage of the fund the attorney would have received on the free market. *Lealao v. Beneficial California, Inc.*, 82 Cal.App.4th at 46 (2000).