BRIAN S. KABATECK, SBN 152054
 (bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
 (rlk@kbklawyers.com)
ALFREDO TORRIJOS, SBN 222458
 (at@kbklawyers.com)
MICHAEL V. STORTI, SBN 260215
 (ms@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

GLENN C. NUNES, SBN 210453
 (glenn@nuneslawgroup.com)
CHRISTOPHER J. HAMNER, SBN 197117
 (chamner@hamnerlaw.com)
15760 Ventura Blvd., Suite 860
Encino, CA 91436
Telephone: (818) 386-0444
Facsimile: (818) 386-0050

Attorneys for Plaintiffs
and the Settlement Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>AOL, LLC., a Delaware Limited Liability Company; and DOES 1 through 10, inclusive;<br><br>        Defendants. | **CASE NO. CV09-3568 CAS (PLAx)**<br><br>HON. CHRISTINA A. SNYDER<br><br>**PLAINTIFFS' RESPONSE TO OBJECTIONS TO THE PROPOSED SETTLEMENT**<br><br>Hearing<br>Date: December 28, 2009<br>Time: 10:00 a.m.<br>Courtroom: 5 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Out of a class of nearly sixty million, two individuals have objected. The principal objector, Darren McKinney ("McKinney"), makes unfounded claims of "self-dealing" – claiming that Class Counsel sold-out the unnamed class members in exchange for attorneys' fees. The claims run contrary to the facts of the case and find no support in the case law.

First, the Settlement Agreement explicitly states that the parties "expressly agree that the terms of this Agreement are not conditioned upon any minimum or maximum attorneys' fees award." [Storti Decl., Ex. A, p. 10.] Therefore, any attorney's fees requested by Class Counsel – which were negotiated after the Class Settlement and as part of an arm's length negotiation in front of a retired District Court Judge – are severable from the Class Settlement. The Court, therefore, should judge the reasonableness of the settlement standing alone and can then grant the amount of fees it deems reasonable.

Second, McKinney's objection wholly ignores the significant non-monetary benefit obtained for the class and all future AOL subscribers. As part of the Settlement, AOL has agreed to give all current and future AOL subscribers the ability to opt out of having advertisements placed in their email footers, and this ability will be clearly disclosed.

The second objector, Janel Buycks ("Buycks"), objects because she feels that the charitable donations to be made by AOL pursuant to the Settlement should be made to a charity that she chooses – not the charities set forth in the Settlement. Buycks, however, fails to indicate why the selected charities, as opposed to her preferred charity, makes the Settlement unfair, unreasonable or inadequate.

The objections to the proposed Settlement all lack merit. Plaintiffs request the Court overrule the objections and approve the Settlement.

## II. THE COURT SHOULD OVERRULE THE OBJECTIONS TO THE SETTLEMENT

### A. The Attorneys' Fees Set Forth In The Settlement Agreement Are Severable From The Settlement And Should Be Separately Considered

McKinney objects that Class Counsel should not be awarded fees where there is no direct cash settlement for the Class. Importantly, McKinney makes no objection to the substance of the Settlement itself.

The parties negotiated the proposed Settlement at arms' length and under the supervision of a retired United States District Court Judge. The Class benefits were negotiated and agreed to before any discussion of the fees occurred. Further, under the settlement agreement, the parties "expressly agree that the terms of this Agreement are not conditioned upon any minimum or maximum attorneys' fees award." [Storti Decl., Ex. A, p. 10.]

The severability of the attorneys' fees from the remainder of the Settlement undermines McKinney's claims of self-dealing. Plaintiffs are requesting that the Court to approve the Settlement independently from the attorneys' fees. Thus, the Court can first consider the reasonableness of the Settlement. If the Settlement is found reasonable – and McKinney has offered no justification for denial of the Settlement – the Court can then determine the appropriate and reasonable amount of attorneys' fees.

### B. McKinney Ignores That The Class Will Obtain Significant Prospective Relief From The Settlement

McKinney's objection is premised on his belief that Class Counsel should not be awarded fees whenever a settlement does not provide for any direct cash payment to class members. McKinney's proposition, however, finds no support in law or logic since it completely ignores the fact that class counsel's efforts can –

and often do – result in prospective, non-monetary relief for a class which should be rewarded. That is precisely what has occurred in this action.

AOL has agreed to provide notice to all of its *current* subscribers about the inclusion of footer advertisement in their emails as well as clear, prominent instructions on how to permanently remove those footer advertisements. In addition, the Settlement also requires this same notice and option be provided to all *future* AOL subscribers. The prospective relief provided by this Settlement exactly addresses the complaint at the core of this action. It is obviously beneficial to the Class.

The prospective relief provided here bears no relation to the type of relief criticized in *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir 2000). There the court disapproved of a settlement that consisted primarily of prospective relief. Under the settlement, the defendant agreed not to send specific letters that the plaintiffs claims violated the Fair Debt Collection Practices Act. *Id*., at 880. The court noted that "[e]ven if Equifax's promise is of some value to debtors in the future, the change in form letters is useful to class members only if they again write bad checks that Equifax has verified." *Id*. at 882. Thus, for the class members who would not be sent the letters in the future, the prospective relief offers no benefit.

Here, in contrast, the prospective relief is a benefit to all Class members. All Class members are AOL subscribers and have AOL email addresses and now have option of removing the footer advertisements from their emails.

## C. The Objections Forwarded By Objector Buycks Lack Merit

The only other objection to the Settlement comes from Buycks. Buycks objects because she wants AOL to donate money to her chosen charity. This request, however, provides no rationale supporting the denial of the Settlement. Indeed, Buycks does not truly argue that the Settlement is unfair, unreasonable, or

— 3 —

inadequate. Buycks simply want a particular term of the settlement changed based on her personal preferences. This alone, however, provides no grounds for denial of the Settlement.

## III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule the objections to the proposed Settlement.

Dated: December 14, 2009          KABATECK BROWN KELLNER, LLP

By:  _____/s/_____
Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
Michael V. Storti
*Attorneys for Plaintiffs and the Settlement Class*

THE NUNES LAW GROUP

By:  _____/s/_____
Glenn C. Nunes
*Attorney for Plaintiffs and the Settlement Class*

HAMNER LAW OFFICES

By:  _____/s/_____
Christopher J. Hamner
*Attorney for Plaintiffs and the Settlement Class*