BRIAN S. KABATECK, SBN 152054
 (bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
 (rlk@kbklawyers.com)
ALFREDO TORRIJOS, SBN 222458
 (at@kbklawyers.com)
MICHAEL V. STORTI, SBN 260215
 (ms@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

GLENN C. NUNES, SBN 210453
 (glenn@nuneslawgroup.com)
CHRISTOPHER J. HAMNER, SBN 197117
 (chamner@hamnerlaw.com)
15760 Ventura Blvd., Suite 860
Encino, CA 91436
Telephone: (818) 386-0444
Facsimile: (818) 386-0050

Attorneys for Plaintiffs
and the Settlement Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AOL, LLC., a Delaware Limited Liability Company; and DOES 1 through 10, inclusive;<br><br>Defendants. | **CASE NO. CV09-3568 CAS (PLAx)**<br><br>HON. CHRISTINA A. SNYDER<br><br>**PLAINTIFFS' RESPONSE TO OBJECTOR DARREN McKINNEY'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR FEES** |

In his supplemental brief, Objector Darren McKinney argues that a lodestar multiplier greater than 1.0 is not appropriate in this case because the Court is precluded from considering the quality of Class Counsel's representation and the contingency risk that Class Counsel undertook in bringing this action. The law that Objector cites is inapposite, and does not apply to this case.

All of the authorities cited by Objector have no application in the present case because they all involved instances were counsel sought fees pursuant to federal fee-shifting statutes. *Hensley v. Eckerhart*, 461 U.S. 424 (1983) [fee request made pursuant to the Civil Rights Attorney's Fees Awards Act of 1976]; *Blum v. Stenson*, 465 U.S. 886 (1984) [same]; *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) [fee request made pursuant to section 304(d) of the Clean Air Act]; *City of Burlington v. Dague*, 505 U.S. 557 (1992) [fee request made pursuant to fee-shifting provisions of Solid Waste Disposal Act and Clean Water Act].

By contrast, Class Counsel's fee request in this case is premised on the common fund doctrine applicable to class actions. *Boeing Co. v. Van Gemert*, 444 US 472, 478 (1980) [a "litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole"].

The fact that class members have obtained no direct pecuniary benefit from Class Counsel's efforts does not preclude Class Counsel from seeking fees on the common fund doctrine (often labeled the "common benefit doctrine" in cases where there is no money is distributed to the class). As discussed in Class Counsel's motion for attorneys' fees, the common benefit doctrine applies in cases where class members obtain no monetary relief. It is sufficient that a class action has conferred a nonpecuniary benefit on the class members (for example, through injunctive or declaratory relief). *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392-

— 1 —

**PLAINTIFFS' RESPONSE TO OBJECTOR'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR FEES (CV09-3568 CAS (PLAX))**

393 (1970) [stating that, "[a]lthough the earliest cases recognizing a right to reimbursement involved litigation that had produced or preserved a 'common fund' for the benefit of a group, nothing in these cases indicates that the suit must actually bring money into the court as a prerequisite to the court's power to order reimbursement of expenses"]; *Hall v. Cole*, 412 U.S. 1, 6, 8- 9 (1973) (recognizing vitality of common benefit doctrine, that "reimbursement of respondent's attorneys' fees out of the union treasury simply shifts the costs of litigation to 'the class that has benefitted from them and that would have had to pay them had it brought the suit'"]; *Craft v. County of San Bernardino*, 624 F.Supp.2d 1113, 117 (C.D. Cal. 2008) ["attorneys' fees may be awarded even though the benefit conferred is purely non-pecuniary in nature"].

Application of the common benefit doctrine requires the satisfaction of three threshold requirements: (1) the party seeking fees confers a substantial benefit on a class; (2) the benefit must be conferred on members of an ascertainable class; and (3) the fees must be capable of being "shifted with some exactitude to those benefitting." *Hall*, 412 U.S. at 5; *Mills*, 396 U.S. at 393-94. The first two requirements have already been established – as evidenced by the Court's grant of final approval of the settlement. The final requirement is also readily satisfied, since defendant has agreed to pay the attorneys fees and costs. *Smith v. GTE Corp.*, 236 F.3d 1292, 1307 (11th Cir. 2001) ["If the relationship [between the defendant and class members] is such that the costs can be spread indirectly to the beneficiaries by imposing them on the defendant, then the relationship permits application of the doctrine."].

The application of the common benefit doctrine in the present case is not only fully justified, but was explicitly provided as the basis for Class Counsel's attorneys' fee and expense request in their Motion for Award of Attorneys' Fees and Reimbursement of Expenses. Despite this, Objector ignores the common

benefit doctrine entirely and relies on authority limited to fee shifting statutes. There is a fundamental distinction between an application for fees pursuant to the common benefit doctrine and an application for fees made pursuant to a fee shifting statute. Objector's failure to discern this distinction is telling since it completely eviscerates all of Objector's arguments.

Put simply, the limits on multipliers discussed in the authority cited by Objector have no application here. Indeed, the Ninth Circuit has explicitly recognized the distinction that Objector has blithely ignored. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1301 (9th Cir. 1994) [holding that *Dague's* rejection of contingency enhancements in federal fee-shifting statute cases does not apply to common fund cases] ("*WPPSS*").[1] Courts in this district are directed to consider numerous factors when evaluating fee and multiplier request in common fund cases, including the very factors that Objector has incorrectly asserted the Court cannot consider in the present instance: the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment. *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998). As outlined in Class Counsel's motion for fees, consideration of each of these factors support Class Counsel's fee request.

For the same reason, Objector's assertion that there is a "strong presumption" that any multiplier to the lodestar greater than 1 is not appropriate

---

[1] See also *Florin v. Nationsbank of Georgia*, 34 F.3d 560, 562 (7th Cir. 1994) [holding that *Dague* has no application to common fund cases]; 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 2675.1, at 395 (1998) [stating that "it now is clear that the contingent nature of a case cannot be considered as a factor to enhance the lodestar in [federal] statutory fee-shifting cases" but that "[i]n contrast, the majority of federal circuits that have ruled on the issue have held that the Supreme Court's holding in *Dague* does not apply to attorney fee calculations in common-fund cases when the lodestar analysis is used to award fees in those cases"].

— 3 —

also has no application in common fund cases. The fact is that multipliers greater than 1 are the rule – not the exception – in common fund cases. For example, a survey by the Ninth Circuit of approved lodestar multipliers in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002), revealed that "multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." Indeed, the appendix to the *Vizcaino* opinion identifies approved multipliers of 4.5, 6.2, 8.5 and even 19.6. *Id.* at 1052-1054. The 1.71 multiplier sought by Kabateck Brown Kellner LLP and the 1.17 multiplier sought by Hamner Law Offices and The Nunes Law Group fall well within the lower end of the range and is wholly justified by the results obtained and the risks incurred by Class Counsel.

Finally, and no less significant, the true multiplier for the actual services that Class Counsel will provide to the class will be substantially lower than is being sought. This is because Class Counsel has expended and will continue to expend substantial amounts of attorney time in connection with obtaining final approval, addressing continuing inquiries from class members, making their fee request and very likely having to defend both final approval and the awarded fees in an appeal by Objector.[2] Indeed, the risk of having to spend substantial time on an appeal of this judgment would provide additional grounds (if any were needed) in support of the multiplier.

In light of the above, Class Counsel's contingency risks *alone* are sufficient to satisfy the modest multiplier requested here. It is beyond refute that the individual stakes involved in this case were exceedingly small – a fact that rendered it economically impractical for anyone to pay attorneys on a current,

---

[2] In common fund cases, "time spent by counsel in establishing the right to a fee award is compensable." *Davis v. City of San Francisco,* 976 F.2d 1536, 1544 (9th Cir. 1992).

— 4 —

hourly basis to pursue the claims litigated in this action. Since no individual plaintiff had enough monetary stake in the litigation to justify paying attorneys on an hourly basis, the claims litigated here could only be brought on a contingent fee basis. That is precisely what Class Counsel did, litigating this case from the outset on an all "at-risk" contingent fee basis. Class Counsel, therefore, faced a significant possibility that they would not be successful on the merits or on class certification and, hence, would not be compensated. Thus, class counsel risked their time and money with the full knowledge that it would be lost if the litigation proved unsuccessful.

If there is any expectation Class Counsel's willingness to undertake that risk, should be rewarded. As the Ninth Circuit has noted, failure to reward this risk would essentially eliminate any incentive for bringing class actions where they are needed most – when the individual stakes are so small that the only realistic avenue available to vindicate the rights of the class against a defendant is through a class action:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. See Richard Posner, Economic Analysis of Law § 21.9, at 534-35 (3d ed. 1986). Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose. [Citations omitted.] As the court observed in *Behrens v. Wometco Enter., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990), "[i]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing."

— 5 —

**PLAINTIFFS' RESPONSE TO OBJECTOR'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR FEES (CV09-3568 CAS (PLAX))**

*WPPSS*, 19 F.3d at 1299-1300.

      Accordingly, Class Counsel's request for $320,000 in attorneys' fees and expense reimbursement should be approved.

Dated: December 29, 2009   By:         /s/
                                                Brian S. Kabateck
                                                Richard L. Kellner
                                                Alfredo Torrijos
                                                **KABATECK BROWN KELLNER LLP**
                                                *Counsel for Plaintiff and the class*

                                                Glen C. Nunes
                                                Christopher J. Hamner
                                                *Counsel for Plaintiff and the class*

**PLAINTIFFS' RESPONSE TO OBJECTOR'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR FEES (CV09-3568 CAS (PLAX))**