1  Brian S. Kabateck (State Bar No. 152054)
   bsk@kbklawyers.com
2  Richard L. Kellner (State Bar No. 171416)
   rlk@kbklawyers.com
3  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
4  Los Angeles, CA  90017
   Telephone:  213.217.5000
5  Facsimile:  213.217.5010

6  Glenn C. Nunes (State Bar No. 210453)
   glenn@nuneslawgroup.com
7  THE NUNES LAW GROUP
   1 Sansome Street, Suite 3500
8  San Francisco, CA  94104
   Telephone:  415.946.8894
9  Facsimile:  415.946.8801

10 Christopher J. Hamner (State Bar No. 197117)
   chamner@hamnerlaw.com
11 HAMNER LAW OFFICES, APC
   555 W. 5th Street, 31st Floor
12 Los Angeles, CA  90013
   Telephone:  213.533.4160
13 Facsimile:  213.533.4167

14 Attorneys for Plaintiffs and the Proposed Class

15

16            UNITED STATES DISTRICT COURT

17            CENTRAL DISTRICT OF CALIFORNIA

18                 WESTERN DIVISION

19

20 DAWN FAIRCHILD, ROBERT            )   Case No. CV 09-03568 CAS (PLAx)
   NACHSHIN, BRIAN GEERS and         )
21 LAURENCE GERARD, on behalf of     )   DECLARATION OF RICHARD L.
   themselves and all others similarly )   KELLNER IN SUPPORT OF
22 situated,                         )   PLAINTIFFS' MOTION FOR
                                     )   PRELIMINARY APPROVAL OF
23                      Plaintiffs,  )   PROPOSED REVISED CLASS
                                     )   ACTION SETTLEMENT
24      vs.                          )
                                     )   Date:     August 26, 2013
25 AOL, LLC, a Delaware Limited      )   Time:     10:00 a.m.
   Liability Company; and DOES 1     )   Dept.     5
26 through 10 inclusive,             )   Judge:    Christina A. Snyder
                                     )
27                      Defendants.  )
                                     )
28

## DECLARATION OF RICHARD L. KELLNER

I, Richard L. Kellner, declare as follows:

1.    I am over the age of 18 and a resident of California.  I make this declaration of my personal and first-hand knowledge, and, if called and sworn as a witness, I would and could testify competently hereto.

2.    I am an attorney admitted to practice in the state California.  I am a partner at the law firm of Kabateck Brown Kellner LLP ("KBK").

3.    KBK is counsel of record for Plaintiffs in this action.

4.    I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Proposed Revised Class Action Settlement.

5.    Prior to filing the complaint in this action, KBK conducted a thorough factual investigation into the claims underlying Plaintiffs' claims.

6.    Since the filing of this action, KBK has continued its investigations, both through formal and informal discovery.  This includes taking the deposition of Roy Ben-Yousef, the Vice President of AOL responsible for the e-mail footers at issue, which was conducted on May 15, 2009.

7.    The settlement in this action was reached after arms' length settlement discussions between my firm, my firm's co-counsel (Glenn Nunes and Christopher Hamner), and counsel for AOL.  The settlement was reached after numerous formal and informal settlement discussions and negotiations conducted under the direction of the Honorable Dickran M. Tevrizian, United States District Court Judge for the Central District of California (Retired).  This included multiple full and partial day mediation sessions.

8.    Since the original Class Action Settlement in this case, AOL has discontinued these e-mail footers.  The Revised Class Action Settlement provides that if AOL re-establishes the practice of using such footers, AOL

will provide notice to every class member of the existence of the footer advertisements and their ability to opt-out.  AOL also has agreed that if it elects to re-establish its former practice of using such footers, it will notify all new subscribers of the existence of the footers.  As such, the settlement addresses the issues raised in the operative Complaint and corrects the improper conduct going forward.  Moreover, AOL will make substantial charitable donations as recompense for its wrongful conduct.  Two of these entities ((1) the Electronic Frontier Foundation and (2) the Information Technology & Innovation Foundation) are specifically chosen because they: (1) have no relation to any Party; (2) focus upon information technology and Internet related issues that address the objective of the statutes underlying the litigation; (3) they are not local charities, but rather account for the broad geographic distribution of the nationwide Class; and (4) are likely to benefit the Class of over 60 million Internet users.  Furthermore, the Class' recovery will not be diminished in any way by the payment of attorneys' fees, costs or administrative expenses.  In light of these facts, I express - without reservation - my opinion that the proposed settlement is fair, reasonable, and in the best interest of the Class.

9.    Attached hereto as Exhibit "A" are true and correct copies of excerpts from the deposition of Roy Ben-Yousef.

10.    Attached hereto as Exhibit "B" is a true and correct copy of the Revised Class Action Settlement Agreement in this action as well as the attachments thereto.

11.    Attached here to as Exhibit "C" is a true and correct copy of the Revised Class Action Settlement showing in redline the revisions from the original Class Action Settlement previously approved by this Court.  The revisions the Revised Class Action Settlement modify the charities who are *cy*

1   *pres* recipients, the issue on which the Ninth Circuit reversed.  Additionally,

2   the Revised Class Action Settlement (1) discloses the relationship between

3   class representatives and the charities they selected to receive a donation in

4   lieu of an incentive payment, and (2) is updated it to reflect events that have

5   occurred consistent with the original settlement (*e.g.,* AOL has discontinued

6   its practice of using the e-mail footers at issue, Plaintiffs filed an amended

7   complaint, and attorney's fees have been paid).

8       12.    Attached hereto as Exhibit "D" is a true and correct copy of the

9   Official Notice of Pendency of Class Action and Proposed Revised Settlement

10  in this action.

11      13.    Attached hereto as Exhibit "E" is a true and correct copy of the

12  Declaration of Dawn Fairchild in support of Plaintiffs' Motion for Preliminary

13  Approval of Proposed Class Settlement.  Since the Revised Class Action

14  Settlement has only been minimally modified from the original as described in

15  paragraph 11 above, the same declaration of Ms. Fairchild previously used is

16  still applicable and is advanced herein.

17      14.    Attached hereto as Exhibit "F" is a true and correct copy of the

18  Declaration of Robert Nachshin in support of Plaintiffs' Motion for

19  Preliminary Approval of Proposed Class Settlement.  Since the Revised Class

20  Action Settlement has only been minimally modified from the original as

21  described in paragraph 11 above, the same declaration of Mr. Nachshin

22  previously used is still applicable and is advanced herein.

23      15.    Attached hereto as Exhibit "G" is a true and correct copy of the

24  Court's December 31, 2009 Final Order re Approval of Class Action

25  Settlement and Final Judgment Thereon (Docket No. 53-3).

26

27

28

- 4 -

16.   Attorneys at KBK have recovered more than $750 million in judgments, verdicts, and settlements on behalf of their clients, including 75 recoveries of more than $1 million.

17.   KBK's attorneys have successfully litigated dozens of class actions.  Recent experience includes the following:

(a)   KBK's attorneys obtained a $20,000,000 settlement of the action entitled *Marootian, et al. v. New York Life Insurance Company*, Case No. C99-12073 CAS (MCx) (U.S.D.C., Central Dist. CA), in which the plaintiffs alleged that New York Life Insurance Company failed to pay benefits under life insurance policies it issued in and following 1875 in the Turkish Ottoman Empire on the lives of persons of Armenian descent;

(b)   In *Borrayo, et al. v. Carlton Forge Works*, L.A.S.C. Case No. BC298858, KBK's attorneys obtained a settlement that fully compensated a class composed of 244 employees who were not paid overtime wages which were owed for time worked on alternative work week schedule;

(c)   In *Epson Ink Cartridge Cases*, L.A.S.C. Case No. BC293641 & S.F.S.C. Case No. CGC-03-425588, KBK obtained a settlement on behalf of a nationwide class of consumers whose Epson printer cartridges were defined by printer software as being empty when, in fact, they contain a substantial amount of ink and may continue to print.  The settlement was approved on August 15, 2006 by the Superior Court of the State of California for the County of Los Angeles;

(d)   KBK was co-lead counsel in *Checkmate v. Yahoo!, Inc.*, U.S. District Court, Case No. 05-cv-4588 (U.S.D.C., Central Dist. CA), which alleges that defendants improperly charged its pay-per-click internet advertising clients for fraudulent website "clicks" by third parties.  The settlement was approved on March 26, 2007;

1     (e)    KBK was lead counsel in *Marisol Balandran, et. al. v.*

2  *Labor Read, Inc., et. al.*, L.A.S.C. Case No. BC 278551, an employment

3  discrimination case involving more than 200 women.  Final settlement

4  approval was granted August 6, 2007;

5     (f)    KBK was co-lead counsel in *Alba v. Papa John's USA, Inc.*

6  *et al.*, U.S. District Court, Case No. 05-cv-7487 (U.S.D.C., Central Dist. CA),

7  a wage and hour suit involving more than 900 possible plaintiffs who worked

8  at Papa John's pizzerias, which was certified by the United States District

9  Court on February 8, 2007.  Following certification, the case settled.  The

10  settlement was granted final approval on July 11, 2008;

11     (g)    KBK was co-lead counsel in *Hurtado v. TEG/L VI,*

12  *Environmental Services Inc.*, LASC Case No. BC276468, a class action for

13  unpaid wages.  The case was settled and final approval was granted on April

14  13, 2007;

15     (h)    KBK was co-lead counsel in *Harrison, et al. v. Pacific Bay*

16  *Properties, et al.*, L.A.S.C. Case No. BC285320, a construction defect class

17  action.  Final settlement approval was granted on March 4, 2008;

18     (i)    KBK was co-lead counsel in *Cossey v. BCI Coca Cola*

19  *Bottling Co. of Los Angeles*, L.A.S.C Case No. BC36978, an employment

20  class action involving Coca-Cola Bottling Company employees who did not

21  receive adequate pay.  Settlement was entered and final approval granted

22  approved in 2008.

23     (j)    KBK is co-lead counsel in *Van Horn v. Nationwide*

24  *Casualty Insurance Company, et al*, U.S. District Court, Civil No.: 08-cv-605

25  (U.S.D.C., Northern Dist. Ohio) a breach of contract class action asserting that

26  insurance company defendants prematurely terminated car rental benefits that

27

28

1  they owed policyholders.  A national class consisting of over 180,000

2  policyholders was certified on February 10, 2009.

3  (k)   KBK was co-lead counsel in *Lockette v. Ross Stores, Inc.*,

4  U.S. District Court, Civil No. 07-cv-3430 MMC, class settlement of an FLSA

5  collective action for unpaid overtime based on the misclassification of

6  assistant managers.  Final approval of settlement was granted on March 11,

7  2009.

8  (l)   KBK is lead counsel in *Saloman v. Bodee, LLC,* L.A.S.C.

9  Case No. BC 379376, a California Business and Professions Code suit

10  involving a claim for misrepresentation of male enhancement products.  A

11  nationwide class was certified on April 22, 2009.

12  (m)   KBK is currently representing the National Association for

13  the Advancement of Colored People in a class action based on the racially

14  discriminatory lending practices of 18 national mortgage lenders.  *NAACP v.*

15  *Ameriquest Mortgage Company et al.*, U.S. District Court, Case No. 07-cv-

16  0794 (U.S.D.C. Central Dist. CA).

17  18.   The partners of KBK have collectively tried over 100 cases and

18  have handled over 100 appeals.

19  19.   The parties have met and conferred pursuant to L.R. 7-3

20  regarding the instant motion.

21  I declare under penalty of perjury of the laws of the United States of

22  America that the foregoing is true and correct, executed on July 29, 2013 in

23  Los Angeles, California.

24

25  _____
                    /s/

26  Richard L. Kellner

27

28