**Exhibit C**

Brian S. Kabateck, SBN 152054
Richard L. Kellner, SBN 171416
Alfredo Torrijos, SBN 222458
Michael V. Sorti, SBN 260215
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA  90017
Telephone:  213.217.5000
Facsimile:  213.217.5010

Mark D. Litvak, SBN 183652
Michael A. Garabed, SBN 166606
Tamara M. Rowles, SBN 228940
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone:  (310) 734-5200
Facsimile:   (310) 734-5299

Attorneys for Defendant, AOL, LLC

PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK D. LITVACK #183652
mark.litvack@pillsburylaw.com
MARIAH L. BRANDT #224076
mariah.brandt@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: 213.488.7100/Facsimile: 213.629.1033
Glenn C. Nunes, SBN 210453
Attorneys for Defendant
AOL INC.

KABATECK BROWN KELLNER LLP
BRIAN S. KABATECK #152054
bsk@kbklawyers.com
RICHARD L. KELLNER #171416
rlk@kbklawyers.com
644 South Figueroa Street
Los Angeles, CA  90017
Telephone: 213,217,5000/Facsimile: 213,217,5010

THE NUNES LAW GROUP
GLENN C. NUNES #210453
glenn@nuneslawgroup.com
15760 Ventura Blvd.1 Sansome Street, Suite 8603500
EncinoSan Francisco, CA  9143694104
Telephone:  818.386.0444415.946.8894/Facsimile:
818.386.0050415.946.8801

HAMMER LAW OFFICES
ChristopherCHRISTOPHER J. Hamner, SBNHAMNER #197117
chamner@hamnerlaw.com
555 W. 5th Street, 31st Floor
HAMNER LAW OFFICES, LLC
15760 Ventura Blvd., Suite 860
EncinoLos Angeles, CA  9143690013
Telephone:  818.386.0444213.533.4160/Facsimile:
818.386.0050213.533.4167

Attorneys for Plaintiffs
and the Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

1

2

WESTERN DIVISION

3

DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and ~~LARRY~~LAURENCE GERARD, ~~on behalf of themselves and all others similarly situated~~et al.,

No. CV 09-03568 CAS (PLAx)

~~Honorable Christina A.  Snyder~~

4

5

**CLASS ACTION**

Plaintiffs,

6

REVISED CLASS ACTION SETTLEMENT AGREEMENT

vs.

7

8

AOL, LLC, a Delaware Limited Liability Company~~, and DOES 1 through 10 inclusive~~,

CrtRm:    5
Judge:    Hon. Christine A. Snyder

9

Defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Revised Class Action Settlement Agreement ("Agreement")[1], negotiated under the guidance of the Honorable Dickran M. Tevrizian (Ret.), is entered into by, between, and among, on the one hand, Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard (collectively "Plaintiffs") on behalf of themselves and as putative representative of the Settlement Class defined below; and, on the other hand, AOL Inc., formerly known as AOL LLC., its parents, subsidiaries and affiliates (collectively, "AOL" or "Defendant").  The Plaintiffs and the Defendant are collectively referred to as "the Parties."

This Agreement is entered into to effect a full and final settlement and dismissal with prejudice of all claims asserted or that could have been asserted against AOL in the Lawsuits brought by Plaintiffs against AOL (the "Litigation") on the terms set forth below and to the full extent reflected below, subject to the approval of the Court.

## RECITALS

Plaintiffs filed Complaints against AOL in the United States District Court for the Central District of California.  Plaintiffs filed these Complaints on behalf of themselves and a putative class of persons and entities alleging that AOL wrongfully inserted e-mail footers into e-mails sent by the Plaintiffs and asserting claims under the Electronic Communication Privacy Act; the

[1] The Court granted final approval of an original Class Action Settlement on December 31, 2009.  On November 21, 2011, the Ninth Circuit affirmed in part and reversed in part that Order.  This revised Agreement addresses the *cy pres* issue on which the Ninth Circuit reversed.  Additionally, this revised agreement (1) discloses the relationship between class representatives and the charities they selected to receive a donation in lieu of an incentive payment and (2) is updated to reflect events that have occurred consistent with the original settlement (*e.g.*, AOL has discontinued its practice of using the e-mail footers at issue, Plaintiffs filed an amended complaint, and attorney's fees have been paid).

1   California Business and Professions Code §§ 17200, *et seq.*; and the

2   California Consumers Legal Remedies Act, as well as claims for breach of

3   contract and unjust enrichment and additional claims under federal and state

4   CAN-SPAM statutes.

5   AOL denies both the accuracy of the factual allegations of the

6   Complaints and that they state any legally cognizable claim because, inter

7   alia, AOL has ~~made~~ never made any representation to consumers in its Terms

8   of Service or otherwise regarding the non-placement of promotional or

9   advertising material in e-mail footers; the primary purpose of e-mails sent

10  through the AOL service is controlled by consumers, not AOL, and, therefore,

11  the inclusion of promotional or advertising material in an e-mail footer does

12  not render the primary purpose of such e-mail "commercial"; AOL enables

13  paid and free members to opt out of the inclusion of promotional or

14  advertising material in e-mail footers through various means including AOL

15  KW: Footer, AOL Help, and AOL Web Mail; and the claims asserted in the

16  Litigation do not satisfy the requirements for a class action for purposes other

17  than settlement.  Absent a settlement of this Litigation, AOL would seek

18  summary judgment on all claims, vigorously oppose class certification, and

19  otherwise vigorously defend against these claims.

20  Plaintiffs' counsel conducted a factual investigation into the matters set

21  forth in the Litigation, including the deposition of AOL's Vice President of

22  Mail Products regarding the history, scope, and technical aspects of the e-mail

23  footer program and other e-mail-related promotional and advertising

24  programs as well as consumer response to such programs, and the review and

25  analysis of documents and data regarding the e-mail footer program and

26  AOL's various service offerings.  Plaintiffs' counsel has also reviewed

27  judicial rulings and regulatory materials on various legal issues related to the

28

1  Litigation; and legal and factual analysis related to certifying a class for

2  purposes of trial and the practicability and efficiency of certifying a class for

3  settlement purposes.

4    After engaging in numerous settlement discussions, including two

5  mediation sessions under the direction of the Honorable Dickran M.

6  Tevrizian, United States District Judge for the Central District of California

7  (Ret.), Plaintiffs determined that a proposed settlement would be fair,

8  reasonable, adequate, and in the best interests of the Settlement Class and that

9  it is desirable that the Litigation be settled in the manner and upon the terms

10  and conditions set forth herein.

11    The gravamen of the Complaints is that Class Members failed to

12  receive proper notice on how to avoid having e-mail footers added to the

13  Class Members' e-mails.  ~~This~~AOL has discontinued this practice.  However,

14  this Settlement provides that, upon its approval, ~~all Class Members will not~~

15  ~~only immediately be provided direct electronic notice of their ability to avoid~~

16  ~~having these e-mail footers together with a hyperlink within the notice itself~~

17  ~~enabling them to discontinue these e-mail footers by clicking on such link, but~~

18  if AOL elects to ~~continue~~re-establish the practice of appending footers to the

19  Class Members' e-mails that ~~they will also be provided such notice on a~~

20  ~~regular, periodic basis~~AOL will send notice to all Settlement Class Members

21  of the existence of the footers and their ability to remove them from future

22  e-mails. Additionally, this Settlement provides that if AOL elects to

23  ~~continue~~re-establish the practice of appending footers to e-mails that AOL

24  must provide notice of these e-mail footers to all new customers upon their

25  establishment of an AOL account either as part of the registration path or as

26  part of an e-mail registration confirmation enabling them to discontinue these

27  e-mail footers by clicking on a link within such path or confirmation.

28

1    All of the above is achieved, plus significant contributions to several

2    worthy charities, without the time and risk and expense of litigation, and

3    permits AOL to avoid the expense, inconvenience, and distraction of further

4    legal proceedings.

5    NOW, THEREFORE, in consideration of the mutual covenants and

6    agreements set forth herein, the Parties hereto agree as follows, subject to

7    Preliminary and Final Approval of the Court:

8    **AGREEMENT FOR SETTLEMENT PURPOSES ONLY**

9    1.    This Agreement is for settlement purposes only, and neither the

10    fact of its existence, nor any provision contained in it, nor any negotiations or

11    proceedings related thereto, nor any action taken hereunder shall constitute, or

12    be construed as, any admission of the validity of any claim or any fact alleged

13    by Plaintiffs in the Litigation or of any wrongdoing, fault, violation of law, or

14    liability of any kind on the part of Defendant or any admission by Defendant

15    of any claim or allegation made in any action or proceeding against

16    Defendant.  This Agreement and its exhibits shall not be offered or be

17    admissible in evidence against the Parties or the Settlement Class in any

18    action or proceeding in any forum for any purpose whatsoever, except any

19    action or proceeding brought by or against any Plaintiff, Settlement Class

20    Member or Defendant to enforce its terms or to support a defense of res

21    judicata, collateral estoppel, release, or other theory of claim or issue

22    preclusion or similar defense.

23    2.    ~~Though presently there is separate litigation brought by the~~

24    ~~Plaintiffs, the Plaintiffs recognize the similarity of the causes of actions and~~

25    ~~Plaintiffs Geers and Gerard have agreed to dismiss their actions, *without*~~

26    ~~*prejudice.*  Thereafter, Plaintiffs will~~ The Plaintiffs have  collectively ~~file~~ filed

27    an Amended Complaint in Case No. CV09-03568, listing Ms. Fairchild and

28

1   Messrs. Nachsin, Geers and Gerard as Plaintiffs and all counsel to this
2   Agreement as counsel for the respective parties to this Agreement.  This New
3   Amended Complaint, ("NAC") based upon federal question jurisdiction, ~~shall~~
4   ~~include~~ includes all claims ~~presently being~~ made in the previous complaint in
5   Case No. CV09-03568.  ~~AOL agrees to consent to the filing of any and all~~
6   ~~papers necessary to allow the NAC to be filed.~~

## BENEFITS OF SETTLEMENT TO PLAINTIFFS AND THE SETTLEMENT CLASS

12   3.   Plaintiffs believe that the claims asserted in the NAC have merit.
13   However, Plaintiffs recognize and acknowledge the expense and length of
14   continued proceedings necessary to prosecute the Action against AOL
15   through trial and through appeals.  Plaintiffs have taken into account the
16   uncertain outcome and the risk of any litigation, especially in complex actions
17   such as this action, as well as the difficulties and delays inherent in such
18   litigation. Moreover, Plaintiffs have taken into account that, as explained
19   herein, this settlement provides for meaningful contributions by AOL to
20   several different charitable entities.

21   4.   Plaintiffs' counsel conducted a factual investigation into the
22   matters alleged in the NAC, including an analysis of documents and related
23   data; a deposition of the key AOL person responsible for the business areas
24   relevant to this matter, and a legal and factual analysis of certifying a class for
25   purposes of trial and the practicability and efficiency of certifying a class for
26   settlement purposes.

5.     After considering these and other factors, Plaintiffs' counsel has concluded that the settlement embodied in this Settlement Agreement is fair and reasonable to all Settlement Class Members, and will confer substantial benefits upon the Settlement Class, particularly because of the nature of the harm by these e-mails and the remedy provided by the settlement to Settlement Class Members, and to future customers of AOL's e-mail service. Based on their evaluation, Plaintiffs' counsel has determined that the settlement set forth in this Settlement Agreement is in the best interests of Plaintiffs and the Settlement Class.

## PRELIMINARY CERTIFICATION OF SETTLEMENT AND SETTLEMENT CLASS

6.     The Parties stipulate to certification, for settlement purposes only, of the Settlement Class defined as follows:

All current AOL members.

The Parties agree that the foregoing class will be certified for settlement purposes only, and that this settlement shall not be construed to represent either an assertion or concession that such a settlement class would be manageable at trial, and in the event this Agreement is not given final approval or this settlement is not finalized for any reason whatsoever, the Parties acknowledge and agree that Defendant remains free to challenge whether this proposed class or any other proposed classes are properly certifiable in the Litigation or anywhere else, and Plaintiffs shall not argue that anything in this Agreement limits Defendant's right to do so.

7.     Solely for the purpose of implementing this Agreement and effectuating the settlement, Defendant stipulates that the Court may enter an Order preliminarily certifying the Settlement Class, appointing Plaintiffs as

representatives of the Settlement Class, and appointing the following as class

counsel (hereinafter "Settlement Class Counsel") for the Settlement Class:

> Brian S. Kabateck
> Richard L. Kellner
> Kabateck Brown Kellner LLP
> 644 S. Figueroa Street
> Los Angeles, CA  90017
>
> Glenn C. Nunes, Esq.
> The Nunes Law Group
> 1 Sansome Street, Suite 3500
> San Francisco, CA  94104

> ~~Brian S. Kabateck, Esq.~~    ~~Glenn C. Nunes, Esq.~~
> ~~Richard L. Kellner, Esq.~~   ~~The Nunes Law Group~~
> ~~Kabateck Brown Kellner LLP~~ ~~15760 Ventura Blvd., Suite 860~~
> ~~644 South Figueroa Street~~  ~~Encino, CA  91436~~
> ~~Los Angeles, CA  90017~~
>                               ~~Christopher J. Hamner, Esq.~~
>                               ~~Hamner Law Offices, LLC~~
>                               ~~15760 Ventura Blvd., Suite 860~~
>                               ~~Encino, CA  91436~~

> Christopher J. Hamner
> Hamner Law Offices
> 555 W. 5th Street, 31st Floor
> Los Angeles, CA  90013

## CLASS NOTICE AND SETTLEMENT OPT-OUT PROCEDURES

8.     The Parties agree that the best practical notice may be

accomplished through e-mail notice to all class members.  All potential class

members shall receive the Notice attached as Exhibit A.  The Parties also

agree that the establishment of a website would facilitate notice to the class

members.  AOL agrees to ~~establish~~re-establish a website with the URL

www.aole-mailfootersettlement.com and shall post Exhibit A at this site.

9.     Neither Party, or any person acting on behalf of any Party, shall provide or publish any form of Notice except as provided for herein without prior written approval of the content of such Notice by all Parties, other than any information provided to any Court in furtherance of this Agreement.

10.     It shall be the responsibility of Settlement Class Counsel to respond to all reasonable inquiries from members of the Settlement Class.

11.     The Honorable Dickran M. Tevrizian, United States District Judge for the Central District of California (Ret.) shall function as Settlement Arbitrator to supervise the administration of this Settlement and to resolve any related disputes.

12.     AOL, in consultation with Settlement Class Counsel and under the supervision of the Settlement Arbitrator, shall be responsible for the following tasks, including, without limitation, (i) e-mailing or arranging for the e-mailing of the Notice set forth in Paragraph 8; (ii) handling returned e-mail not delivered and making any additional e-mailings required under the terms of the Agreement; (iii) simultaneously providing to Settlement Class Counsel and counsel for AOL copies of any and all objections, notices of intention to appear and requests for exclusion from the Settlement Class within five (5) business days after receipt; (iv) preparing a list of all persons who timely request exclusion from the Settlement Class and submitting an affidavit attesting to the accuracy of that list (the "Opt-Out List"); (v) preparing a list of all persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; and (vi) providing any declarations necessary or appropriate for completion of the Settlement.  AOL will provide all information and data in its possession to implement its responsibilities under this Agreement.

13.     Within 14 days after the Preliminary Approval Order, AOL shall provide to the Settlement Arbitrator a complete listing of the names and e-mail addresses of all members of the Settlement Class.  AOL, in consultation with Settlement Class Counsel and under the supervision of the Settlement Arbitrator, shall send the Notice to each such person by e-mail within thirty (30) days after Preliminary Approval Order (the "Notice Date"), unless extended by Order of this Court.

14.     Within 30 days after the Preliminary Approval Order, AOL shall ~~establish~~re-establish a website with the URL www.aole-mailfootersettlement.com and shall post Exhibit A at this site.

15.     All potential members of the Settlement Class shall have ninety (90) days after the Notice Date to submit requests for exclusion from the Settlement Class.  The requests for exclusion must be prepared and directed in the manner set forth in the notice proposed hereunder.  Specifically, the Opt-Outs must include the person's name and address and be sent by the Member via e-mail to settlementoptout@corp.aol.com.

16.     Plaintiffs agree that none of them shall elect nor seek to opt out or exclude herself or himself from the Settlement Class.

17.     Plaintiffs, Settlement Class Counsel, and AOL hereby agree not to engage in any communications with the media or press, including press releases, on the Internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation, other than statements that are fully consistent with the Notice.  The Settlement Arbitrator shall have full authority to determine whether any such statement or communication is consistent with the terms of this paragraph and this Settlement Agreement and shall be empowered to issue appropriate relief, including attorneys' fees and sanctions for breach of this Paragraph.  This does not preclude Settlement Class

1   Counsel from communicating with settlement Class Members as set forth in

2   Paragraph 10 above.  This also does not preclude either Party, or their counsel

3   from providing information to their respective auditors or to any Court in

4   furtherance of this Agreement.

5         18.    All members of the Settlement Class will receive the settlement

6   relief provided for by this Settlement Agreement.

7         19.    Defendant shall pay for all costs of settlement administration,

8   including all costs associated with class notice, the Settlement Arbitrator and

9   all costs as the Settlement Administrator, except as provided herein.

10              **RELIEF TO SETTLEMENT CLASS MEMBERS**

11        20.    ~~Within 30 business days of~~After the original Settlement

12   Agreement previously approved by this Court, AOL discontinued its practice

13   of appending e-mail footers.  If after the Effective Date~~, if~~ AOL ~~continues to~~

14   ~~append~~elects to re-establish its practice of appending e-mail footers, AOL

15   ~~must e-mail~~will send a notice to all Settlement Class Members ~~a second~~

16   ~~Notice that is substantially similar to Exhibit B attached hereto.  The purpose~~

17   ~~of the second Notice is to inform all Settlement Class Members~~informing

18   them of the existence of the footers and their ability to easily remove these

19   e-mail footers from future ~~e-mails~~emails sent by the Settlement Class

20   Members.  ~~If AOL continues to append e-mail footers, AOL will re-send this~~

21   ~~second notice to all Settlement Class Members every six months for a period~~

22   ~~of two years—a total of five (5) e-mail deliveries.~~

23

24

25              **OTHER RELIEF PROVIDED FOR BY THIS SETTLEMENT**

26        21.    As of the Effective Date, if AOL  ~~continues to~~

27   ~~append~~re-establishes the practice of  appending e-mail footers to its members'

28

1   e-mails, AOL will inform all new members of the existence of the e-mail

2   footers either (1) as part of the process for registering an AOL account or (2)

3   as part of an e-mail confirming the registration of an AOL account.

4       22.    If AOL ~~continues to append~~ re-establishes the practice of

5   appending e-mail footers to its members' e-mails as part of the registration

6   process or as part of the confirmation process, AOL shall provide each

7   member a link enabling the member to discontinue these e-mail footers.

8       23.    Within 30 days of the Effective Date, AOL will donate

9   $~~25,000~~37,500 each to (1) the ~~Legal Aid~~Electronic Frontier Foundation ~~for~~

10  ~~Los Angeles;~~and (2) the ~~Federal Judicial Center Foundation; and (3) the Boys~~

11  ~~and Girls Club of America (to be shared equally between the Boys and Girls~~

12  ~~Club of Los Angeles and of Santa Monica).~~Information Technology &

13  Innovation Foundation.  These entities are specifically chosen because: (1)

14  they have no relation to any Party; (2) they focus upon information

15  technology and Internet related issues which address the objective of the

16  statutes underlying the litigation; (3) are not local charities, but rather account

17  for the broad geographic distribution of the Class; and (4) are likely to benefit

18  the Class of over 60 million Internet users.

19      24.    Within 30 days of the Effective Date, AOL shall donate $8,750

20  to the designated 501 (c)(3) charity of each of the Settlement Class

21  Representatives.  Ms. Fairchild has designated her employer, the New Roads

22  School of Santa Monica, as her designated charity.  Mr. Nachsin has

23  designated the New Roads School of Santa Monica as his designated charity.

24  Mr. Nachsin's wife is on the Board of Trustees of this School.  Mr. Geers has

25  designated the Oklahoma Indian Legal Services as his designated charity.

26  Mr. Geers has previously personally supported this charity.  Mr. Gerard has

27  designated the Friars Foundation as his designated charity.  During his career

28

1   Mr. Gerard has worked with the Friars Club. Such charitable donations shall

2   reference the respective Settlement Class Representative.  No one of the

3   Settlement Class Representatives shall receive any additional remuneration or

4   monetary compensation pursuant to this Settlement Agreement or the

5   resolution of this Litigation.

6   **ATTORNEYS' FEE AWARD**

7   25.    The Parties expressly agree that the terms of this Agreement are

8   not conditioned upon any minimum or maximum attorneys' fees award.

9   26.    Kabateck Brown Kellner LLP, as Settlement Class Counsel,

10   agree not to seek from the Court an award of attorneys' fees and costs to

11   Settlement Class Counsel in excess of one hundred and sixty thousand dollars

12   ($160,000) ("have been awarded and paid Attorneys' FeeFees and Costs

13   Award"). AOL will not file an objection to any motion that is made which is

14   fully consistent with this Paragraphin the amount of $160,000. The Parties

15   agree that there will be no additional request for Fees or Costs.

16   27.    The Nunes Law Group and the Hamner Law Group, as

17   Settlement Class Counsel, each agree not to collectively seek from the Court

18   an award of attorneys' fees and costs to Settlement Class Counsel in excess of

19   one hundred and sixty thousand dollars ($160,000) (" have been awarded and

20   paid Attorneys' FeeFees and Costs Award"). AOL will not file an objection

21   to any motion that is made which is fully consistent with this Paragraphin the

22   amount of $160,000. The Parties agree that there will be no additional

23   request for Fees or Costs.

24   28.    No later than five (5) days after approval by the District Court,

25   AOL will payhas paid  the Attorneys' Fee and Costs Awards ordered by the

26   Court to Settlement Class Counsel.  If any Order by any Court alters or

27   modifies this Approval, or alters the amount due to Settlement Class Counsel,

28

each settlement Class Counsel shall be jointly and severably liable for the return of any monies paid.

29.     Except for paying the Charitable Donations referenced herein, and the amount of the Attorneys' Fee Awards, as awarded by the Court, AOL shall not be responsible to Plaintiffs, Settlement Class Counsel, or any member of the Settlement Class for any attorneys' fees, costs, or expenses.

**FINAL APPROVAL, DISMISSAL OF CLAIMS, AND RELEASES**

30.     If this Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Final Approval Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter the Final Order and Judgment, without material alteration from that attached as Exhibit ~~C~~B hereto, which among other things:

(a)     finds that the Court has jurisdiction over all members of the Settlement Class and that the Court has subject matter jurisdiction to approve this Agreement and all exhibits thereto;

(b)     certifies the Litigation as a class action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only (the Court expressly reserving the right to determine, should the occasion arise, whether the Litigation may be certified as a class action for purposes other than settlement, and AOL retaining all rights to assert that the Litigation may not be certified as a class action except for settlement purposes);

(c)     gives Final Approval to this Agreement as being fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the members of the Settlement Class and as being consistent and in compliance with all requirements of federal and state law, and directs the Parties and their

1   counsel to implement and consummate this Agreement in accordance with its

2   terms and provisions;

3       (d)    declares this Agreement and the Final Order and Judgment to be

4   binding on and have *res judicata* and preclusive effect in all pending and

5   future lawsuits or other proceedings encompassed by the Release maintained

6   by or on behalf of Plaintiffs or any other members of the Settlement Class, as

7   well as their heirs, executors and administrators, successors, and assigns;

8       (e)    finds that the notice program implemented pursuant to this

9   Agreement (i) constituted the best practicable notice; (ii) constituted notice

10   that was reasonably calculated, under the circumstances, to apprise members

11   of the Settlement Class of the pendency of the Litigation, their right to object

12   or exclude themselves from the proposed settlement and to appear at the Final

13   Approval Hearing, and their right to seek monetary and other relief; (iii) was

14   reasonable and constitutes due, adequate and sufficient notice to all persons

15   entitled to receive notice; and (iv) met any and all applicable requirements of

16   Due Process and federal law (including any notices due under the Federal

17   Rules of Civil Procedure);

18       (f)    finds that Plaintiffs and Settlement Class Counsel adequately

19   represented the Settlement Class for the purpose of entering into and

20   implementing the Agreement;

21       (g)    dismisses the Litigation on the merits and with prejudice and

22   without fees or costs except as provided herein;

23       (h)    adjudges that Plaintiffs and the Settlement Class have

24   conclusively compromised, settled, discharged, dismissed, and released any

25   and all Released Claims against AOL;

26       (~~i~~j)    ~~approves~~<u>re-approves</u> the payment of the Attorneys' Fee and Cost

27   Awards to Settlement Class Counsel as set forth herein;

28

(j̶k)    without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over AOL, Plaintiffs and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and the Final Order and Judgment and for any other necessary purposes;

(k̶l) provides that, upon the Effective Date, Plaintiffs and all members of the Settlement Class who have not been excluded from the Settlement Class shall be permanently barred from asserting any Released Claims against AOL or its respective agents, affiliates, assigns, and other designees, and that any such members of the Settlement Class shall have released any and all Released Claims against AOL and its respective agents, affiliates, assigns, and other designees;

(l̶m)    determines that the Agreement and the settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received against AOL as evidence of a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AOL; provided, however, that reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement;

(m̶n)   bars and enjoins all members of the Settlement Class from: filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action (or the facts and circumstances relating thereto) in the Litigation and/or the Released Claims, unless named on the Opt-Out List;

(no) approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and accordingly, shall neither share in nor be bound by the Final Order and Judgment; and

(op) authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Settlement Class members.

31.    As of the Effective Date, Plaintiffs and other members of the Settlement Class who have not excluded themselves from the Settlement Class hereby expressly agree that they shall release and discharge AOL, and its respective parents, subsidiaries, affiliated entities, predecessors, successors and assigns and each of their respective present, former, and future officers, directors, employees, agents, third party Customer Service Providers, third party payment processors, independent contractors, successors, assigns, parents, subsidiaries, affiliates, insurers, attorneys, and legal representatives (collectively, "Releasees") of and from all Released Claims and shall not now or hereafter initiate, maintain or assert against the Releasees any causes of action, claims, rights, demands, actions, damages, equitable, legal, and administrative relief, interest, demands, or rights, including without limitation, claims for damages of any kind, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources, that have been, could have been, may be or could be alleged or asserted now or in the future by the Plaintiffs or any member of the Settlement Class, either directly or as the representative of other persons or entities, against the Releasees or any of them in the Litigation or in any other

601961669
601977610v1

court action or before any administrative body, tribunal, arbitration panel or other adjudicating body on the basis of, connected with, arising out of or related to the Released Claims. Subject to Court approval, all members of the Settlement Class who do not exclude themselves from the Settlement Class in the manner specified herein shall be bound by this Agreement, and all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Litigation or the Settlement.

(a)     The Parties acknowledge and agree that the relief afforded under this Agreement fully and completely satisfies the Settlement Class members' claims for relief attributable to them for footers being attached to their outgoing e-mails.

(b)     This Release also covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Settlement Class Counsel or any other counsel representing Plaintiffs or members of the Settlement Class or by Plaintiffs or members of the Settlement Class, or any of them, in connection with or related in any manner to the Litigation, the settlement of the Litigation, the administration of such settlement and/or the Released Claims except to the extent otherwise specified in the Agreement.

(c)     Plaintiffs and the Settlement Class expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

To the extent that, notwithstanding the choice of law provisions in the Agreement, California or other law may be applicable, Plaintiffs and the Settlement Class hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Settlement Class to the fullest extent permitted by law solely in connection with unknown claims constituting Released Claims, and Plaintiffs and the Settlement Class hereby agree and acknowledge that this is an essential term of this Release.  In connection with this Release, the Plaintiffs and the Settlement Class acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of the Plaintiffs and the Settlement Class in executing this Release to fully, finally, and forever settle and release all matters and all claims relating thereto, which exist, hereafter may exist or might have existed (whether or not previously or currently asserted in any action) constituting Released Claims.

(d)    Nothing in this Release shall preclude any action to enforce the terms of this Agreement, including participation in any of the processes detailed therein; provided, however, that no Settlement Class Member shall have any claim against Settlement Class Counsel, the Settlement Administrator, Defendant or Defendant's counsel based on the claim administration process made substantially in accordance with this Agreement.

32.    For purposes of this Agreement, "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets, or liabilities, including but not limited to

claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, unjust enrichment, money had and received, bad faith, breach of statutory duties (including, but not limited to, violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693e, the Electronic Communication Privacy Act, 18 U.S.C. § 2510, the Postal Reorganization Act, 39 U.S.C. § 3009, the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, Cal. Civ. Code § 1750, *et seq.*, Cal. Bus. & Prof. Code § 17200, *et seq.*, Cal. Bus. & Prof. Code § 17500, *et seq.*), actual or constructive fraud, misrepresentations, fraudulent inducement, statutory consumer fraud or protection violations, breach of fiduciary duty, unfair or deceptive business or trade practices or acts, restitution, rescission, conversion, compensatory and punitive damages, mental or emotional distress, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state, or local law, which Plaintiffs or any member of the Settlement Class had, now has, or may in the future have with respect to any conduct, act, representations, omissions, facts, matters, transactions or oral or written statements or occurrences prior to the date of the entry of the Preliminary Approval Order involving, based on, relating to, arising out of, or in any way connected with, directly or indirectly, to e-mail footers.

## **WITHDRAWAL FROM SETTLEMENT**

33.     Within fifteen (15) days after the occurrence of any of the following events, and upon written notice to counsel for all Parties, any Party shall have the right to withdraw from the Settlement:

(a)     if the Court fails to approve this Agreement or if on appeal the Court's approval is reversed or modified; or

(b)     if the Court alters any of the terms of this Agreement; or

(c)     if the Preliminary Approval Order, as described herein, or the Final Approval Order, as described herein, is not entered by the Court, or is reversed or modified on appeal, or otherwise fails for any reason.

In the event of a withdrawal pursuant to this Paragraph, any certification of a Settlement Class will be vacated as to that withdrawing Party, without prejudice to any Party's position on the issue of class certification, and the withdrawing Party shall be restored to its litigation position existing immediately before the execution of this Agreement.

34.     If it is determined by the Settlement Arbitrator that Plaintiffs or their Counsel breach Paragraph 17 of this Agreement or if more than ten thousand (10,000) members of the Settlement Class timely submit a valid request for exclusion from the Settlement Class as set forth herein, (other than Class Members expressing their satisfaction with Defendant and/or disclaiming any claim against AOL), or if any State, federal, or local governmental authority seeks to opt out of the Settlement on behalf of its residents then AOL may, at its sole option, withdraw from this Agreement.  In order to elect to withdraw from this Agreement on the basis set forth in this Paragraph, AOL must notify Settlement Class Counsel in writing of its election to do so within ten (10) business days after the Opt-Out List has been served on the Parties.  In that event, all of AOL's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice; and the Parties shall be restored to their litigation position existing immediately before the execution of this Agreement.

35.     In the event AOL withdraws from the Agreement as set forth above, Plaintiffs stipulate that Defendant may assert any and all defenses and

claims in the Litigation and that Plaintiffs shall not argue that AOL is barred from asserting those defenses or claims due to waiver, estoppel or similar arguments as a result of the passage of time due to settlement negotiations.

36.     In the event of AOL's withdrawal, AOL shall remain obligated for all costs and expenses for which it is otherwise obligated under this Agreement which are due and owing as of the date of withdrawal.

### **EFFECTIVE DATE**

37.     The "Effective Date" of this Agreement shall be the date when each and all of the following conditions have occurred:

(       a)      This Agreement has been fully executed by all the Parties and their counsel;

(b)     Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Agreement, and approving a form of notice and claim form, all as provided above;

(c)     The Court-approved Notice has been duly promulgated as ordered by the Court;

(d)     The Court has entered a Final Order approving this Agreement and Judgment finally dismissing the Released Claims with prejudice, as provided above; and

(e)     That order and judgment becomes Final as defined in Paragraph 38.

38.     "Final," when referring to a judgment order means that (a) the judgment is a final, appealable judgment order; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal there from have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal,

1  petitions for rehearing or reargument, petitions for rehearing en banc,

2  petitions for writ of certiorari, or otherwise, and such appeal or other review

3  has been finally resolved in such manner that affirms the Final Order and

4  Judgment in all material respects.

5      39.    If, for any reason, this Agreement fails to become effective

6  pursuant to the foregoing two paragraphs, the orders, judgment, and dismissal

7  to be entered pursuant to this Agreement shall be vacated, and the Parties will

8  be returned to the status quo ante with respect to the Litigation as if this

9  Agreement had never been entered into subject to the cost and notice

10  requirements provided herein.

11

12                    **CONFIRMATORY DISCOVERY**

13      40.    The parties may conduct additional confirmatory discovery

14  which is reasonably necessary to effectuate this Settlement.  The Parties will

15  cooperate in any such discovery, subject to the right to assert appropriate

16  objections.  To the extent that disputes arise concerning discovery under this

17  Paragraph, consistent with Paragraph 11 of this Settlement Agreement, the

18  Parties agree that the Honorable Dickran Tevrizian (Ret.) may mediate those

19  disputes, and, if necessary, render decisions resolving the disputes.  Any

20  discovery obtained by either Party or their Counsel pursuant to this Paragraph

21  shall be treated as confidential information by the Parties and the Parties agree

22  that, among other things, any documents and information provided to

23  Settlement Class Counsel are for use in this litigation only.

24                  **CONFIDENTIALITY OF INFORMATION**

25      41.    The Parties agree that the names, addresses and other data

26  concerning members of the Settlement Class used in effecting this settlement

27  and the electronic data processing and other recordkeeping procedures and

28

other materials to be utilized in effecting their obligations hereunder ("Confidential Information") constitute trade secrets and/or highly confidential and proprietary business information of AOL.  Therefore it is agreed that no person, unless specified herein shall be allowed to access such Confidential Information unless ordered by the Court after hearing on notice to all counsel of record.

42.    The confidentiality of this Confidential Information shall be protected by the Preliminary Approval Order which shall incorporate all of the provisions of this Settlement Agreement. Violation of the order with respect to these confidentiality provisions may be remedied by seeking appropriate relief from the Court, including an action for damages and/or injunctive relief.

43.    The Confidential Information provided to Settlement Class Counsel shall be used for purposes of this litigation only.

44.    Settlement Class Counsel agree to either destroy or return all Confidential Information and materials obtained from AOL in connection with the settlement, including any copies made thereof, within ninety (90) days after the Effective Date, and to retain no copies thereof.  This subparagraph shall not apply to the attorney work product of Settlement Class Counsel.

45.    Settlement Class Counsel agree to either destroy or return any and all documents produced by AOL during the course of discovery within ninety (90) days after the Effective Date.

46.    Settlement Class Counsel further agree not to disclose this Confidential Information or any portion thereof to any unauthorized person.

## MISCELLANEOUS PROVISIONS

47.     The headings and captions contained in this Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

48.     This Agreement shall be construed, enforced and administered in accordance with the laws of the State of California.

49.     This Agreement is not and shall not be offered in evidence as an admission of liability.

50.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. To the extent that disputes arise under this Agreement, consistent with Paragraph 11 of this Settlement Agreement, the Parties agree that the Honorable Dickran Tevrizian (Ret.) may mediate those disputes, and, if necessary, render binding decisions resolving the disputes.

51.     In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties and failing agreement, as shall be ordered by the Court.

52.     Except as otherwise stated herein, this Agreement constitutes the entire agreement between the Plaintiffs, the Settlement Class and AOL with respect to the settlement of the Litigation. This Agreement supersedes all prior negotiations and agreements (except as otherwise stated herein) and may not be modified or amended except by a writing signed by the Parties and their respective counsel.

53.     This Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared

by counsel for one of the Parties, it being recognized that because of the arms'-length negotiations resulting in the Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Agreement.

54.   The Exhibits to this Agreement are an integral part of the settlement and are hereby incorporated and made part of this Agreement.

55.   The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement. The executing of documents must take place prior to the date scheduled for the Final Approval Hearing.

56.   This Agreement shall be construed so that the word "including" means "including without limitation," and the singular shall be construed to include the plural and vice versa.

57.   In reaching this Agreement, none of the Parties to the Agreement has relied on any representations, covenants, or understandings by any of the other Parties or Counsel (other than each Parties' own Counsel) to the Agreement or any third parties or any attorney, agent or representative for any of the other Parties to the Agreement, except as expressly set forth herein.

58.   This Agreement shall be binding upon and inure to the benefit of the Parties and their respective employees, agents, officers, directors, parents, subsidiaries, divisions, affiliates, attorneys, insurers, representatives, heirs, successors, and assigns, authorized dealers, independent sales representatives, contracted providers of Customer Service Services Providers, and any other persons, corporations or entities allied in interest with the Parties.  Subject to the foregoing, nothing in this Agreement is intended to or does create any rights in any third parties.

59.   Except as otherwise provided herein, each of the Parties shall bear its own costs.

60.     Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class which Settlement Class Counsel deem appropriate.

61.     Each counsel or other person executing the Agreement or any of its Exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

62.     This Agreement may be executed in one or more original, photocopied, or telecopied counterparts.  All executed counterparts are deemed to be one and the same instrument.  Counsel for the Parties to this Agreement will exchange among themselves original signed counterparts, and a complete set of original executed counterparts will be filed with the Court.

63.     The Parties agree that, to the extent appropriate and to the extent permitted by law the Parties may request the Honorable Dickran Tevrizian to provide submissions to the Court.

64.     The Parties voluntarily sign this Agreement after consultation with their respective counsel of choice.

DATED: August ___, 2009

Dated: _____        By_____
  DAWN FAIRCHILD                      Dawn Fairchild

Dated: _____        By_____
  ROBERT NACHSHIN                     Robert Nachsin

Dated: _____        By_____
  LARRY GERARD                        Larry Gerard

Dated: _____        By_____
  BRIAN GEERS                         Brian Geers

Dated: _____        KABATECK, BROWN KELLNER LLP
By_____

                                By: _____

                                Attorneys for PLAINTIFFSPlaintiffs

Dated: _____        THE NUNES LAW GROUP
By_____

                                By: _____

                                Attorneys for PLAINTIFFSPlaintiffs

Dated: _____        HAMNER LAW GROUPOFFICES, APC
By_____

                                By: _____

                                Attorneys for PLAINTIFFSPlaintiffs

Dated: _____        AOL, LLC INC.
                                By_____
                                  AOL, LLC

1

2

By: _____

3   Dated: _____

4   PILLSBURY WINTHROP SHAW
        PITTMAN LLP

5

6   By: _____

7   Attorneys for Defendant AOL INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Summary Report: Litéra® Change-Pro ML IC 6.5.0.460 Document Comparison done on 7/2/2013 4:28:10 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original Filename:** | |
| **Original DMS:**iw://LAGATEWAY/US_SW/601977610/1 | |
| **Modified Filename:** | |
| **Modified DMS:** iw://LAGATEWAY/US_SW/601961669/1 | |
| **Changes:** | |
| Add | 176 |
| Delete | 87 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 1 |
| Table Delete | 2 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| **Total Changes:** | 266 |