**Exhibit G**

Michael A. Garabed (SBN 223511)
Mark D. Litvack (SBN 183652)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Attorneys for Defendant

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AOL, INC., a Delaware Limited Liability Company; and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No. CV 09-03568 CAS (PLAx)<br><br>**FINAL ORDER RE APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT THEREON**<br><br>Honorable Christina A. Snyder |

The Parties have submitted their proposed Settlement Agreement, which this Court preliminarily approved in its August 25, 2009 Order Granting Preliminary Approval of Class Settlement, Provisionally Certifying a Class For Settlement Purposes, and Providing for Notice of Proposed Settlement and Final Fairness Hearing ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, the Class Members have been given notice of the terms of the Settlement Agreement and an opportunity to object to or comment on it. Having considered the proposed Settlement Agreement, the papers supporting the Settlement Agreement filed by the Parties, the papers submitted in support of the Preliminary Approval Order, the statements of the objectors to the proposed settlement and the argument received by the Court at the Final Fairness Hearing held on December 28, 2009, the Court hereby grants final approval of the Settlement Agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2009, Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard ("Plaintiffs") filed a Second Amended Class Action Complaint ("Complaint") against Defendant AOL, LLC ("AOL")[1]. The Complaint was filed on behalf of a putative class consisting of paid AOL subscribers who allege that AOL wrongfully inserted footers containing promotional messages into e-mails sent by AOL subscribers. The Complaint asserts causes of action for: (1) violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*; (2) unjust enrichment; (3) violation of California Business and Professions Code, §§ 17200, *et seq.*; (4) breach of contract; (5) violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; and (6) violation of California Business and Professions Code §§ 17529 *et seq.*

The Parties entered into mediation for the purpose of attempting to settle the dispute. A tentative settlement was reached and Plaintiffs and AOL have agreed

---
[1] Now known as AOL Inc.

1  to the entry of the Proposed Settlement Agreement. AOL continues to deny the
2  allegations contained in the Complaint and does not admit liability nor concede that it
3  has violated any law. Plaintiffs have moved this Court for final approval of the
4  Settlement Agreement.

5  Having fully received and considered Plaintiffs' Notice of Motion and
6  Motion for Preliminary Approval of Class Action Settlement, Memorandum of Points
7  and Authorities, Declarations in Support of the Motion, the Proposed Settlement
8  Agreement, the briefing preceding the Preliminary Approval Order, and the papers
9  and oral argument presented to the Court at the final Fairness Hearing,

10  **IT IS HEREBY ORDERED THAT:**

11  1. This Court has jurisdiction over all Parties to this Action including all
12  members of the Settlement Class and has subject matter jurisdiction to approve the
13  Settlement Agreement and all exhibits thereto.

14  2. This Court finds the applicable requirements of Federal Rule of Civil
15  Procedure 23 have been satisfied and the Action has been properly maintained
16  according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds
17  that (a) the Class, as defined below, is so numerous that joinder of all members is
18  impracticable; (b) there are questions of law and fact common to the Class; (c) the
19  claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their
20  counsel have fairly and adequately protected the interests of the Class; (e) the
21  questions of law and fact common to the members of the Class predominate over any
22  questions affecting only individual members of the Class; and (f) a class action is
23  superior to other available methods for the fair and efficient adjudication of the
24  controversy.

25  3. The Action is hereby finally certified as a class action pursuant to Fed. R.
26  Civ. P. 23(a) and 23(b)(3), on behalf of a class composed of: All current AOL
27  members. Excluded from the Settlement Class are employees of AOL, their counsel,
28  and their immediate families. This Action is certified as a class action for settlement

1  purposes only (the Court expressly reserving the right to determine, should the
2  occasion arise, whether the Litigation may be certified as a class action for purposes
3  other than settlement, and AOL retaining all rights to assert that the Litigation may not
4  be certified as a class action except for settlement purposes).

5      4.    The Court has reviewed the Settlement Agreement and finds that the
6  settlement terms are fair, reasonable, and adequate, particularly when balanced against
7  the probable outcome of further litigation relating to liability and damages issues. The
8  Court also finds that comprehensive investigation and research have been conducted
9  such that counsel for the Parties are able to reasonably evaluate their respective
10 positions. The Court further finds that the Settlement has been reached as the result of
11 intensive, serious, and arms' length negotiations under the direction of the Honorable
12 Dickran M. Tevrizian, United States District Court Judge for the Central District of
13 California (Retired).

14     5.    Plaintiffs have agreed to the terms of the Settlement and chose to forego
15 their own settlement incentives as named Plaintiffs in favor of AOL's agreement to
16 make donations to charities of Plaintiffs' choosing. The Court finds that Plaintiffs'
17 agreement to allow AOL to make donations to charities in lieu of a monetary award
18 paid to Plaintiffs for service as class representatives is reasonable and fair.

19     6.    Plaintiffs and Settlement Class Counsel adequately represented the
20 Settlement Class for the purpose of entering into and implementing the Settlement
21 Agreement.

22     7.    In accordance with Federal Rule of Civil Procedure 23(e), the Court finds
23 that the Settlement has been entered into in good faith and is approved as fair,
24 reasonable, and adequate, and in the best interests of the Settlement Class and hereby
25 grants final approval to the Settlement. The Court has considered and denied all
26 objections filed in this action. Accordingly, the Court hereby directs that the
27 Settlement shall be effected in accordance with the terms of the Settlement Agreement
28 (all of which terms are adopted and incorporated herein by reference).

8. Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that AOL sent the Notice to each member of the Settlement Class by electronic mail to the electronic mail address corresponding to the AOL account of each Settlement Class member. AOL also posted the Settlement Notice on the publicly accessible website with the URL www.aolemailfootersettlement.com. Members of the Settlement class had the opportunity to object to the proposed Settlement, to opt out of the Settlement, and were informed of the date, time, and location of the final Fairness Hearing and had the opportunity to appear at the Fairness Hearing. These procedures afforded protections to the Class Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members.

9. The notice program implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief, (iii) was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Due Process and federal law.

10. This Final Order and Judgment is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs or any other members of the Settlement Class, as well as their heirs, executors and administrators, successors, and assigns.

11. In accordance with the terms of the Settlement Agreement, the following Release shall apply:
> As of the Effective Date Plaintiffs and other members of the Settlement Class who have not excluded themselves from the Settlement Class hereby expressly agree that they shall release and discharge AOL, and its respective parents, subsidiaries, affiliated

entities, predecessors, successors and assigns and each of their respective present, former, and future officers, directors, employees, agents, third party Customer Service Providers, third party payment processors, independent contractors, successors assigns, parents, subsidiaries, affiliates insurers, attorneys and legal representatives (collectively, "Releasees") of and from all Released Claims and shall not now or hereafter initiate, maintain or assert against the Releasees any causes of action, claims, rights, demands, actions, damages, equitable, legal, and administrative relief, interest, demands, or rights, including without limitation, claims for damages of any kind, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources, that have been, could have been, may be or could be alleged or asserted now or in the future by the Plaintiffs or any member of the Settlement Class, either directly or as the representative of other persons or entities, against the Releasees or any of them in the Litigation or in any other court action or before any administrative body, tribunal, arbitration panel or other adjudicating body on the basis of, connected with, arising out of or related to the Released Claims. Subject to Court approval, all members of the Settlement Class who do not exclude themselves from the Settlement Class in the manner specified herein shall be bound by this Agreement, and all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Litigation or the Settlement.

12. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over AOL, Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and the Final Order and Judgment and for any other necessary purposes.

13. All members of the Settlement Class are barred and enjoined from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action (or the facts and circumstances relating thereto) in the Litigation and/or the Released Claims, unless named on the Opt-Out List.

14. The Opt-Out List is hereby approved and the Court finds the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and accordingly, shall neither share in nor be bound by the Final Order and Judgment. However, pursuant to an agreement of all

interested parties, the Court adds Ms. Beverly Higginbotham to the Opt-Out List. Without, reaching any decision on whether other family members who utilize Ms. Higginbotham's account have any claims, the Court concludes that said family members are also not barred by this Order from asserting any claims they may possess against AOL.

15. The Settlement Agreement and the settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received against AOL as evidence of a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AOL

16. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Settlement Class members.

17. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend.

18. There being no just reason for the delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

Dated: 12/31/09

*Christina A. Snyder*
CHRISTINA A. SNYDER
U.S. DISTRICT COURT JUDGE