**Exhibit B**

PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK D. LITVACK #183652
mark.litvack@pillsburylaw.com
MARIAH L. BRANDT #224076
mariah.brandt@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: 213.488.7100/Facsimile: 213.629.1033

Attorneys for Defendant
AOL INC.

KABATECK BROWN KELLNER LLP
BRIAN S. KABATECK #152054
bsk@kbklawyers.com
RICHARD L. KELLNER #171416
rlk@kbklawyers.com
644 South Figueroa Street
Los Angeles, CA  90017
Telephone: 213.217.5000/Facsimile: 213.217.5010

THE NUNES LAW GROUP
GLENN C. NUNES #210453
glenn@nuneslawgroup.com
1 Sansome Street, Suite 3500
San Francisco, CA  94104
Telephone:  415.946.8894/Facsimile:  415.946.8801

HAMMER LAW OFFICES
CHRISTOPHER J. HAMNER #197117
chamner@hamnerlaw.com
555 W. 5th Street, 31st Floor
Los Angeles, CA  90013
Telephone: 213.533.4160/Facsimile: 213.533.4167

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> AOL, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | No. CV 09-03568 CAS (PLAx) <br><br> **CLASS ACTION** <br><br> REVISED CLASS ACTION SETTLEMENT AGREEMENT <br><br> CrtRm:   5 <br> Judge:    Hon. Christine A. Snyder |

601961669

- 1 -

This Revised Class Action Settlement Agreement ("Agreement")[1], negotiated under the guidance of the Honorable Dickran M. Tevrizian (Ret.), is entered into by, between, and among, on the one hand, Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard (collectively "Plaintiffs") on behalf of themselves and as putative representative of the Settlement Class defined below; and, on the other hand, AOL Inc., formerly known as AOL LLC., its parents, subsidiaries and affiliates (collectively, "AOL" or "Defendant").  The Plaintiffs and the Defendant are collectively referred to as "the Parties."

This Agreement is entered into to effect a full and final settlement and dismissal with prejudice of all claims asserted or that could have been asserted against AOL in the Lawsuits brought by Plaintiffs against AOL (the "Litigation") on the terms set forth below and to the full extent reflected below, subject to the approval of the Court.

## RECITALS

Plaintiffs filed Complaints against AOL in the United States District Court for the Central District of California.  Plaintiffs filed these Complaints on behalf of themselves and a putative class of persons and entities alleging that AOL wrongfully inserted e-mail footers into e-mails sent by the Plaintiffs and asserting claims under the Electronic Communication Privacy Act; the California Business and Professions Code §§ 17200, *et seq.*; and the California

---

[1] The Court granted final approval of an original Class Action Settlement on December 31, 2009.  On November 21, 2011, the Ninth Circuit affirmed in part and reversed in part that Order.  This revised Agreement addresses the *cy pres* issue on which the Ninth Circuit reversed.  Additionally, this revised agreement (1) discloses the relationship between class representatives and the charities they selected to receive a donation in lieu of an incentive payment and (2) is updated to reflect events that have occurred consistent with the original settlement (*e.g.,* AOL has discontinued its practice of using the e-mail footers at issue, Plaintiffs filed an amended complaint, and attorney's fees have been paid).

- 2 -

1  Consumers Legal Remedies Act, as well as claims for breach of contract and

2  unjust enrichment and additional claims under federal and state CAN-SPAM

3  statutes.

4        AOL denies both the accuracy of the factual allegations of the

5  Complaints and that they state any legally cognizable claim because, inter alia,

6  AOL has never made any representation to consumers in its Terms of Service

7  or otherwise regarding the non-placement of promotional or advertising

8  material in e-mail footers; the primary purpose of e-mails sent through the

9  AOL service is controlled by consumers, not AOL, and, therefore, the

10  inclusion of promotional or advertising material in an e-mail footer does not

11  render the primary purpose of such e-mail "commercial"; AOL enables paid

12  and free members to opt out of the inclusion of promotional or advertising

13  material in e-mail footers through various means including AOL KW: Footer,

14  AOL Help, and AOL Web Mail; and the claims asserted in the Litigation do

15  not satisfy the requirements for a class action for purposes other than

16  settlement.  Absent a settlement of this Litigation, AOL would seek summary

17  judgment on all claims, vigorously oppose class certification, and otherwise

18  vigorously defend against these claims.

19        Plaintiffs' counsel conducted a factual investigation into the matters set

20  forth in the Litigation, including the deposition of AOL's Vice President of

21  Mail Products regarding the history, scope, and technical aspects of the e-mail

22  footer program and other e-mail-related promotional and advertising programs

23  as well as consumer response to such programs, and the review and analysis of

24  documents and data regarding the e-mail footer program and AOL's various

25  service offerings.  Plaintiffs' counsel has also reviewed judicial rulings and

26  regulatory materials on various legal issues related to the Litigation; and legal

27

28

601961669

- 3 -

1    and factual analysis related to certifying a class for purposes of trial and the

2    practicability and efficiency of certifying a class for settlement purposes.

3           After engaging in numerous settlement discussions, including two

4    mediation sessions under the direction of the Honorable Dickran M. Tevrizian,

5    United States District Judge for the Central District of California (Ret.),

6    Plaintiffs determined that a proposed settlement would be fair, reasonable,

7    adequate, and in the best interests of the Settlement Class and that it is

8    desirable that the Litigation be settled in the manner and upon the terms and

9    conditions set forth herein.

10          The gravamen of the Complaints is that Class Members failed to receive

11   proper notice on how to avoid having e-mail footers added to the Class

12   Members' e-mails.  AOL has discontinued this practice.  However, this

13   Settlement provides that, upon its approval, if AOL elects to re-establish the

14   practice of appending footers to the Class Members' e-mails that AOL will

15   send notice to all Settlement Class Members of the existence of the footers and

16   their ability to remove them from future e-mails. Additionally, this Settlement

17   provides that if AOL elects to re-establish the practice of appending footers to

18   e-mails that AOL must provide notice of these e-mail footers to all new

19   customers upon their establishment of an AOL account either as part of the

20   registration path or as part of an e-mail registration confirmation enabling

21   them to discontinue these e-mail footers by clicking on a link within such path

22   or confirmation.

23          All of the above is achieved, plus significant contributions to several

24   worthy charities, without the time and risk and expense of litigation, and

25   permits AOL to avoid the expense, inconvenience, and distraction of further

26   legal proceedings.

27

28

1       NOW, THEREFORE, in consideration of the mutual covenants and

2 agreements set forth herein, the Parties hereto agree as follows, subject to

3 Preliminary and Final Approval of the Court:

**AGREEMENT FOR SETTLEMENT PURPOSES ONLY**

5     1.     This Agreement is for settlement purposes only, and neither the

6 fact of its existence, nor any provision contained in it, nor any negotiations or

7 proceedings related thereto, nor any action taken hereunder shall constitute, or

8 be construed as, any admission of the validity of any claim or any fact alleged

9 by Plaintiffs in the Litigation or of any wrongdoing, fault, violation of law, or

10 liability of any kind on the part of Defendant or any admission by Defendant

11 of any claim or allegation made in any action or proceeding against Defendant.

12 This Agreement and its exhibits shall not be offered or be admissible in

13 evidence against the Parties or the Settlement Class in any action or

14 proceeding in any forum for any purpose whatsoever, except any action or

15 proceeding brought by or against any Plaintiff, Settlement Class Member or

16 Defendant to enforce its terms or to support a defense of res judicata, collateral

17 estoppel, release, or other theory of claim or issue preclusion or similar

18 defense.

19     2.     The Plaintiffs have  collectively filed an Amended Complaint in

20 Case No. CV09-03568, listing Ms. Fairchild and Messrs. Nachsin, Geers and

21 Gerard as Plaintiffs and all counsel to this Agreement as counsel for the

22 respective parties to this Agreement.  This New Amended Complaint,

23 ("NAC") based upon federal question jurisdiction,  includes all claims  made

24 in the previous complaint in Case No. CV09-03568.

25

26

27

28

## BENEFITS OF SETTLEMENT TO
## PLAINTIFFS AND THE SETTLEMENT CLASS

3.       Plaintiffs believe that the claims asserted in the NAC have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against AOL through trial and through appeals.  Plaintiffs have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this action, as well as the difficulties and delays inherent in such litigation. Moreover, Plaintiffs have taken into account that, as explained herein, this settlement provides for meaningful contributions by AOL to several different charitable entities.

4.       Plaintiffs' counsel conducted a factual investigation into the matters alleged in the NAC, including an analysis of documents and related data; a deposition of the key AOL person responsible for the business areas relevant to this matter, and a legal and factual analysis of certifying a class for purposes of trial and the practicability and efficiency of certifying a class for settlement purposes.

5.       After considering these and other factors, Plaintiffs' counsel has concluded that the settlement embodied in this Settlement Agreement is fair and reasonable to all Settlement Class Members, and will confer substantial benefits upon the Settlement Class, particularly because of the nature of the harm by these e-mails and the remedy provided by the settlement to Settlement Class Members and to future customers of AOL's e-mail service. Based on their evaluation, Plaintiffs' counsel has determined that the settlement set forth in this Settlement Agreement is in the best interests of Plaintiffs and the Settlement Class.

## PRELIMINARY CERTIFICATION OF SETTLEMENT AND SETTLEMENT CLASS

6.     The Parties stipulate to certification, for settlement purposes only, of the Settlement Class defined as follows:

All current AOL members.

The Parties agree that the foregoing class will be certified for settlement purposes only, and that this settlement shall not be construed to represent either an assertion or concession that such a settlement class would be manageable at trial, and in the event this Agreement is not given final approval or this settlement is not finalized for any reason whatsoever, the Parties acknowledge and agree that Defendant remains free to challenge whether this proposed class or any other proposed classes are properly certifiable in the Litigation or anywhere else, and Plaintiffs shall not argue that anything in this Agreement limits Defendant's right to do so.

7.     Solely for the purpose of implementing this Agreement and effectuating the settlement, Defendant stipulates that the Court may enter an Order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class, and appointing the following as class counsel (hereinafter "Settlement Class Counsel") for the Settlement Class:

Brian S. Kabateck
Richard L. Kellner
Kabateck Brown Kellner LLP
644 S. Figueroa Street
Los Angeles, CA  90017

Glenn C. Nunes, Esq.
The Nunes Law Group
1 Sansome Street, Suite 3500
San Francisco, CA  94104

Christopher J. Hamner
Hamner Law Offices

555 W. 5th Street, 31st Floor
Los Angeles, CA 90013

**CLASS NOTICE AND SETTLEMENT OPT-OUT PROCEDURES**

8.      The Parties agree that the best practical notice may be accomplished through e-mail notice to all class members. All potential class members shall receive the Notice attached as Exhibit A. The Parties also agree that the establishment of a website would facilitate notice to the class members. AOL agrees to re-establish a website with the URL www.aole-mailfootersettlement.com and shall post Exhibit A at this site.

9.      Neither Party, or any person acting on behalf of any Party, shall provide or publish any form of Notice except as provided for herein without prior written approval of the content of such Notice by all Parties, other than any information provided to any Court in furtherance of this Agreement.

10.     It shall be the responsibility of Settlement Class Counsel to respond to all reasonable inquiries from members of the Settlement Class.

11.     The Honorable Dickran M. Tevrizian, United States District Judge for the Central District of California (Ret.) shall function as Settlement Arbitrator to supervise the administration of this Settlement and to resolve any related disputes.

12.     AOL, in consultation with Settlement Class Counsel and under the supervision of the Settlement Arbitrator, shall be responsible for the following tasks, including, without limitation, (i) e-mailing or arranging for the e-mailing of the Notice set forth in Paragraph 8; (ii) handling returned e-mail not delivered and making any additional e-mailings required under the terms of the Agreement; (iii) simultaneously providing to Settlement Class Counsel and counsel for AOL copies of any and all objections, notices of intention to appear and requests for exclusion from the Settlement Class

601961669

- 8 -

within five (5) business days after receipt; (iv) preparing a list of all persons who timely request exclusion from the Settlement Class and submitting an affidavit attesting to the accuracy of that list (the "Opt-Out List"); (v) preparing a list of all persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; and (vi) providing any declarations necessary or appropriate for completion of the Settlement. AOL will provide all information and data in its possession to implement its responsibilities under this Agreement.

13.    Within 14 days after the Preliminary Approval Order, AOL shall provide to the Settlement Arbitrator a complete listing of the names and e-mail addresses of all members of the Settlement Class.  AOL, in consultation with Settlement Class Counsel and under the supervision of the Settlement Arbitrator, shall send the Notice to each such person by e-mail within thirty (30) days after Preliminary Approval Order (the "Notice Date"), unless extended by Order of this Court.

14.    Within 30 days after the Preliminary Approval Order, AOL shall re-establish a website with the URL www.aole-mailfootersettlement.com and shall post Exhibit A at this site.

15.    All potential members of the Settlement Class shall have ninety (90) days after the Notice Date to submit requests for exclusion from the Settlement Class.  The requests for exclusion must be prepared and directed in the manner set forth in the notice proposed hereunder.  Specifically, the Opt-Outs must include the person's name and address and be sent by the Member via e-mail to settlementoptout@corp.aol.com.

16.    Plaintiffs agree that none of them shall elect nor seek to opt out or exclude herself or himself from the Settlement Class.

17.     Plaintiffs, Settlement Class Counsel, and AOL hereby agree not to engage in any communications with the media or press, including press releases, on the Internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation, other than statements that are fully consistent with the Notice.  The Settlement Arbitrator shall have full authority to determine whether any such statement or communication is consistent with the terms of this paragraph and this Settlement Agreement and shall be empowered to issue appropriate relief, including attorneys' fees and sanctions for breach of this Paragraph.  This does not preclude Settlement Class Counsel from communicating with settlement Class Members as set forth in Paragraph 10 above.  This also does not preclude either Party, or their counsel from providing information to their respective auditors or to any Court in furtherance of this Agreement.

18.     All members of the Settlement Class will receive the settlement relief provided for by this Settlement Agreement.

19.     Defendant shall pay for all costs of settlement administration, including all costs associated with class notice, the Settlement Arbitrator and all costs as the Settlement Administrator, except as provided herein.

**RELIEF TO SETTLEMENT CLASS MEMBERS**

20.     After the original Settlement Agreement previously approved by this Court, AOL discontinued its practice of appending e-mail footers.  If after the Effective Date AOL elects to re-establish its practice of appending e-mail footers, AOL will send a notice to all Settlement Class Members informing them of the existence of the footers and their ability to easily remove these e-mail footers from future emails sent by the Settlement Class Members.

**OTHER RELIEF PROVIDED FOR BY THIS SETTLEMENT**

21.   As of the Effective Date, if AOL re-establishes the practice of appending e-mail footers to its members' e-mails, AOL will inform all new members of the existence of the e-mail footers either (1) as part of the process for registering an AOL account or (2) as part of an e-mail confirming the registration of an AOL account.

22.   If AOL re-establishes the practice of appending e-mail footers to its members' e-mails as part of the registration process or as part of the confirmation process, AOL shall provide each member a link enabling the member to discontinue these e-mail footers.

23.   Within 30 days of the Effective Date, AOL will donate $37,500 each to (1) the Electronic Frontier Foundation and (2) the Information Technology & Innovation Foundation.  These entities are specifically chosen because: (1) they have no relation to any Party; (2) they focus upon information technology and Internet related issues which address the objective of the statutes underlying the litigation; (3) are not local charities, but rather account for the broad geographic distribution of the Class; and (4) are likely to benefit the Class of over 60 million Internet users.

24.   Within 30 days of the Effective Date, AOL shall donate $8,750 to the designated 501 (c)(3) charity of each of the Settlement Class Representatives.  Ms. Fairchild has designated her employer, the New Roads School of Santa Monica, as her designated charity.  Mr. Nachsin has designated the New Roads School of Santa Monica as his designated charity.  Mr. Nachsin's wife is on the Board of Trustees of this School.  Mr. Geers has designated the Oklahoma Indian Legal Services as his designated charity.  Mr. Geers has previously personally supported this charity.  Mr. Gerard has designated the Friars Foundation as his designated charity.  During his career

- 11 -

Mr. Gerard has worked with the Friars Club. Such charitable donations shall reference the respective Settlement Class Representative.  No one of the Settlement Class Representatives shall receive any additional remuneration or monetary compensation pursuant to this Settlement Agreement or the resolution of this Litigation.

## ATTORNEYS' FEE AWARD

25.    The Parties expressly agree that the terms of this Agreement are not conditioned upon any minimum or maximum attorneys' fees award.

26.    Kabateck Brown Kellner LLP, as Settlement Class Counsel, have been awarded and paid Attorneys' Fees and Costs in the amount of $160,000. The Parties agree that there will be no additional request for Fees or Costs.

27.    The Nunes Law Group and the Hamner Law Group, as Settlement Class Counsel,  have been awarded and paid Attorneys' Fees and Costs in the amount of $160,000.  The Parties agree that there will be no additional request for Fees or Costs.

28.    AOL has paid  the Attorneys' Fee and Costs Awards ordered by the Court to Settlement Class Counsel.  If any Order by any Court alters or modifies this Approval, or alters the amount due to Settlement Class Counsel, each settlement Class Counsel shall be jointly and severably liable for the return of any monies paid.

29.    Except for paying the Charitable Donations referenced herein, and the amount of the Attorneys' Fee Awards, as awarded by the Court, AOL shall not be responsible to Plaintiffs, Settlement Class Counsel, or any member of the Settlement Class for any attorneys' fees, costs, or expenses.

## FINAL APPROVAL, DISMISSAL OF CLAIMS, AND RELEASES

30.    If this Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court

following the Final Approval Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter the Final Order and Judgment, without material alteration from that attached as Exhibit B hereto, which among other things:

(a)   finds that the Court has jurisdiction over all members of the Settlement Class and that the Court has subject matter jurisdiction to approve this Agreement and all exhibits thereto;

(b)   certifies the Litigation as a class action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only (the Court expressly reserving the right to determine, should the occasion arise, whether the Litigation may be certified as a class action for purposes other than settlement, and AOL retaining all rights to assert that the Litigation may not be certified as a class action except for settlement purposes);

(c)   gives Final Approval to this Agreement as being fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the members of the Settlement Class and as being consistent and in compliance with all requirements of federal and state law, and directs the Parties and their counsel to implement and consummate this Agreement in accordance with its terms and provisions;

(d)   declares this Agreement and the Final Order and Judgment to be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs or any other members of the Settlement Class, as well as their heirs, executors and administrators, successors, and assigns;

(e)   finds that the notice program implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members

- 13 -

of the Settlement Class of the pendency of the Litigation, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief; (iii) was reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met any and all applicable requirements of Due Process and federal law (including any notices due under the Federal Rules of Civil Procedure);

(f)     finds that Plaintiffs and Settlement Class Counsel adequately represented the Settlement Class for the purpose of entering into and implementing the Agreement;

(g)     dismisses the Litigation on the merits and with prejudice and without fees or costs except as provided herein;

(h)     adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims against AOL;

(j)     re-approves the payment of the Attorneys' Fee and Cost Awards to Settlement Class Counsel as set forth herein;

(k)     without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over AOL, Plaintiffs and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and the Final Order and Judgment and for any other necessary purposes;

(1) provides that, upon the Effective Date, Plaintiffs and all members of the Settlement Class who have not been excluded from the Settlement Class shall be permanently barred from asserting any Released Claims against AOL or its respective agents, affiliates, assigns, and other designees, and that any such members of the Settlement Class shall have released any and all Released

Claims against AOL and its respective agents, affiliates, assigns, and other designees;

(m)     determines that the Agreement and the settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received against AOL as evidence of a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AOL; provided, however, that reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement;

(n)     bars and enjoins all members of the Settlement Class from: filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action (or the facts and circumstances relating thereto) in the Litigation and/or the Released Claims, unless named on the Opt-Out List;

(o)     approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and accordingly, shall neither share in nor be bound by the Final Order and Judgment; and

(p)     authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Settlement Class members.

31.     As of the Effective Date, Plaintiffs and other members of the Settlement Class who have not excluded themselves from the Settlement Class

1  hereby expressly agree that they shall release and discharge AOL, and its

2  respective parents, subsidiaries, affiliated entities; predecessors, successors

3  and assigns and each of their respective present, former, and future officers,

4  directors, employees, agents, third party Customer Service Providers, third

5  party payment processors, independent contractors, successors, assigns,

6  parents, subsidiaries, affiliates, insurers, attorneys, and legal representatives

7  (collectively, "Releasees") of and from all Released Claims and shall not now

8  or hereafter initiate, maintain or assert against the Releasees any causes of

9  action, claims, rights, demands, actions, damages, equitable, legal, and

10  administrative relief, interest, demands, or rights, including without limitation,

11  claims for damages of any kind, whether based on federal, state or local law,

12  statute, ordinance, regulation, contract, common law or any other sources, that

13  have been, could have been, may be or could be alleged or asserted now or in

14  the future by the Plaintiffs or any member of the Settlement Class, either

15  directly or as the representative of other persons or entities, against the

16  Releasees or any of them in the Litigation or in any other court action or

17  before any administrative body, tribunal, arbitration panel or other

18  adjudicating body on the basis of, connected with, arising out of or related to

19  the Released Claims. Subject to Court approval, all members of the Settlement

20  Class who do not exclude themselves from the Settlement Class in the manner

21  specified herein shall be bound by this Agreement, and all of their claims shall

22  be dismissed with prejudice and released, even if they never received actual

23  notice of the Litigation or the Settlement.

24      (a)    The Parties acknowledge and agree that the relief afforded under

25  this Agreement fully and completely satisfies the Settlement Class members'

26  claims for relief attributable to them for footers being attached to their

27  outgoing e-mails.

28

601961669                          - 16 -                    Case No. CV 09-03568 CAS (PLAx)
                                                             REVISED CLASS ACTION SETTLEMENT
                                                                                    AGREEMENT

1    (b)    This Release also covers, without limitation, any and all claims

2  for attorneys' fees, costs, or disbursements incurred by Settlement Class

3  Counsel or any other counsel representing Plaintiffs or members of the

4  Settlement Class or by Plaintiffs or members of the Settlement Class, or any of

5  them, in connection with or related in any manner to the Litigation, the

6  settlement of the Litigation, the administration of such settlement and/or the

7  Released Claims except to the extent otherwise specified in the Agreement.

8    (c)    Plaintiffs and the Settlement Class expressly acknowledge that

9  they are familiar with principles of law such as Section 1542 of the Civil Code

10  of the State of California, which provides:

11  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
12  TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
13  OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.
14

15    To the extent that, notwithstanding the choice of law provisions in the

16  Agreement, California or other law may be applicable, Plaintiffs and the

17  Settlement Class hereby expressly agree that the provisions, rights and

18  benefits of Section 1542 and all similar federal or state laws, rights, rules, or

19  legal principles of any other jurisdiction that may be applicable herein are

20  hereby knowingly and voluntarily waived and relinquished by Plaintiffs and

21  the Settlement Class to the fullest extent permitted by law solely in connection

22  with unknown claims constituting Released Claims, and Plaintiffs and the

23  Settlement Class hereby agree and acknowledge that this is an essential term

24  of this Release.  In connection with this Release, the Plaintiffs and the

25  Settlement Class acknowledge that they are aware that they may hereafter

26  discover claims presently unknown or unsuspected or facts in addition to or

27  different from those which they now know or believe to be true with respect to

28

601961669                          - 17 -                Case No. CV 09-03568 CAS (PLAx)
REVISED CLASS ACTION SETTLEMENT
AGREEMENT

1   the matters released herein. Nevertheless, it is the intention of the Plaintiffs

2   and the Settlement Class in executing this Release to fully, finally, and forever

3   settle and release all matters and all claims relating thereto, which exist,

4   hereafter may exist or might have existed (whether or not previously or

5   currently asserted in any action) constituting Released Claims.

6        (d)    Nothing in this Release shall preclude any action to enforce the

7   terms of this Agreement, including participation in any of the processes

8   detailed therein; provided, however, that no Settlement Class Member shall

9   have any claim against Settlement Class Counsel, the Settlement

10  Administrator, Defendant or Defendant's counsel based on the claim

11  administration process made substantially in accordance with this Agreement.

12       32.    For purposes of this Agreement, "Released Claims" means any

13  and all claims, actions, causes of action, rights, demands, suits, debts, liens,

14  contracts, agreements, offsets, or liabilities, including but not limited to claims

15  for breach of contract, breach of the duty of good faith and fair dealing,

16  negligence, unjust enrichment, money had and received, bad faith, breach of

17  statutory duties (including, but not limited to, violations of the Electronic

18  Funds Transfer Act, 15 U.S.C. § 1693e, the Electronic Communication

19  Privacy Act, 18 U.S.C. § 2510, the Postal Reorganization Act, 39 U.S.C. §

20  3009, the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §

21  1961, *et seq.*, Cal. Civ. Code § 1750, *et seq.*, Cal. Bus. & Prof. Code § 17200,

22  *et seq.*, Cal. Bus. & Prof. Code § 17500, *et seq.*), actual or constructive fraud,

23  misrepresentations, fraudulent inducement, statutory consumer fraud or

24  protection violations, breach of fiduciary duty, unfair or deceptive business or

25  trade practices or acts, restitution, rescission, conversion, compensatory and

26  punitive damages, mental or emotional distress, injunctive or declaratory

27  relief, attorneys' fees, interests, costs, penalties and any other claims, whether

28

1   known or unknown, alleged or not alleged in the Litigation; suspected or

2   unsuspected, contingent or matured, under federal, state, or local law, which

3   Plaintiffs or any member of the Settlement Class had, now has, or may in the

4   future have with respect to any conduct, act, representations, omissions, facts,

5   matters, transactions or oral or written statements or occurrences prior to the

6   date of the entry of the Preliminary Approval Order involving, based on,

7   relating to, arising out of, or in any way connected with, directly or indirectly,

8   to e-mail footers.

9                          **WITHDRAWAL FROM SETTLEMENT**

10          33.     Within fifteen (15) days after the occurrence of any of the

11   following events, and upon written notice to counsel for all Parties, any Party

12   shall have the right to withdraw from the Settlement:

13          (a)     if the Court fails to approve this Agreement or if on appeal the

14   Court's approval is reversed or modified; or

15          (b)     if the Court alters any of the terms of this Agreement; or

16          (c)     if the Preliminary Approval Order, as described herein, or the

17   Final Approval Order, as described herein, is not entered by the Court, or is

18   reversed or modified on appeal, or otherwise fails for any reason.

19          In the event of a withdrawal pursuant to this Paragraph, any certification

20   of a Settlement Class will be vacated as to that withdrawing Party, without

21   prejudice to any Party's position on the issue of class certification, and the

22   withdrawing Party shall be restored to its litigation position existing

23   immediately before the execution of this Agreement.

24          34.     If it is determined by the Settlement Arbitrator that Plaintiffs or

25   their Counsel breach Paragraph 17 of this Agreement or if more than ten

26   thousand (10,000) members of the Settlement Class timely submit a valid

27   request for exclusion from the Settlement Class as set forth herein, (other than

28

Class Members expressing their satisfaction with Defendant and/or disclaiming any claim against AOL), or if any State, federal, or local governmental authority seeks to opt out of the Settlement on behalf of its residents then AOL may, at its sole option, withdraw from this Agreement.  In order to elect to withdraw from this Agreement on the basis set forth in this Paragraph, AOL must notify Settlement Class Counsel in writing of its election to do so within ten (10) business days after the Opt-Out List has been served on the Parties.  In that event, all of AOL's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice; and the Parties shall be restored to their litigation position existing immediately before the execution of this Agreement.

35.    In the event AOL withdraws from the Agreement as set forth above, Plaintiffs stipulate that Defendant may assert any and all defenses and claims in the Litigation and that Plaintiffs shall not argue that AOL is barred from asserting those defenses or claims due to waiver, estoppel or similar arguments as a result of the passage of time due to settlement negotiations.

36.    In the event of AOL's withdrawal, AOL shall remain obligated for all costs and expenses for which it is otherwise obligated under this Agreement which are due and owing as of the date of withdrawal.

## EFFECTIVE DATE

37.    The "Effective Date" of this Agreement shall be the date when each and all of the following conditions have occurred:

a)    This Agreement has been fully executed by all the Parties and their counsel;

(b)     Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Agreement, and approving a form of notice and claim form, all as provided above;

(c)     The Court-approved Notice has been duly promulgated as ordered by the Court;

(d)     The Court has entered a Final Order approving this Agreement and Judgment finally dismissing the Released Claims with prejudice, as provided above; and

(e)     That order and judgment becomes Final as defined in Paragraph 38.

38.     "Final," when referring to a judgment order means that (a) the judgment is a final, appealable judgment order; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal there from have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Final Order and Judgment in all material respects.

39.     If, for any reason, this Agreement fails to become effective pursuant to the foregoing two paragraphs, the orders, judgment, and dismissal to be entered pursuant to this Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Agreement had never been entered into subject to the cost and notice requirements provided herein.

## CONFIRMATORY DISCOVERY

40.     The parties may conduct additional confirmatory discovery which is reasonably necessary to effectuate this Settlement.  The Parties will cooperate in any such discovery, subject to the right to assert appropriate objections.  To the extent that disputes arise concerning discovery under this Paragraph, consistent with Paragraph 11 of this Settlement Agreement, the Parties agree that the Honorable Dickran Tevrizian (Ret.) may mediate those disputes, and, if necessary, render decisions resolving the disputes.  Any discovery obtained by either Party or their Counsel pursuant to this Paragraph shall be treated as confidential information by the Parties and the Parties agree that, among other things, any documents and information provided to Settlement Class Counsel are for use in this litigation only.

## CONFIDENTIALITY OF INFORMATION

41.     The Parties agree that the names, addresses and other data concerning members of the Settlement Class used in effecting this settlement and the electronic data processing and other recordkeeping procedures and other materials to be utilized in effecting their obligations hereunder ("Confidential Information") constitute trade secrets and/or highly confidential and proprietary business information of AOL.  Therefore it is agreed that no person, unless specified herein shall be allowed to access such Confidential Information unless ordered by the Court after hearing on notice to all counsel of record.

42.     The confidentiality of this Confidential Information shall be protected by the Preliminary Approval Order which shall incorporate all of the provisions of this Settlement Agreement. Violation of the order with respect to these confidentiality provisions may be remedied by seeking appropriate relief from the Court, including an action for damages and/or injunctive relief.

- 22 -

43.     The Confidential Information provided to Settlement Class Counsel shall be used for purposes of this litigation only.

44.     Settlement Class Counsel agree to either destroy or return all Confidential Information and materials obtained from AOL in connection with the settlement, including any copies made thereof, within ninety (90) days after the Effective Date, and to retain no copies thereof.  This subparagraph shall not apply to the attorney work product of Settlement Class Counsel.

45.     Settlement Class Counsel agree to either destroy or return any and all documents produced by AOL during the course of discovery within ninety (90) days after the Effective Date.

46.     Settlement Class Counsel further agree not to disclose this Confidential Information or any portion thereof to any unauthorized person.

## MISCELLANEOUS PROVISIONS

47.     The headings and captions contained in this Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

48.     This Agreement shall be construed, enforced and administered in accordance with the laws of the State of California.

49.     This Agreement is not and shall not be offered in evidence as an admission of liability.

50.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. To the extent that disputes arise under this Agreement, consistent with Paragraph 11 of this Settlement Agreement, the Parties agree that the Honorable Dickran Tevrizian (Ret.) may mediate

those disputes, and, if necessary, render binding decisions resolving the disputes.

51.   In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties and failing agreement, as shall be ordered by the Court.

52.   Except as otherwise stated herein, this Agreement constitutes the entire agreement between the Plaintiffs, the Settlement Class and AOL with respect to the settlement of the Litigation. This Agreement supersedes all prior negotiations and agreements (except as otherwise stated herein) and may not be modified or amended except by a writing signed by the Parties and their respective counsel.

53.   This Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arms'-length negotiations resulting in the Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Agreement.

54.   The Exhibits to this Agreement are an integral part of the settlement and are hereby incorporated and made part of this Agreement.

55.   The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement. The executing of documents must take place prior to the date scheduled for the Final Approval Hearing.

56.   This Agreement shall be construed so that the word "including" means "including without limitation," and the singular shall be construed to include the plural and vice versa.

601961669

- 24 -

57.     In reaching this Agreement, none of the Parties to the Agreement has relied on any representations, covenants, or understandings by any of the other Parties or Counsel (other than each Parties' own Counsel) to the Agreement or any third parties or any attorney, agent or representative for any of the other Parties to the Agreement, except as expressly set forth herein.

58.     This Agreement shall be binding upon and inure to the benefit of the Parties and their respective employees, agents, officers, directors, parents, subsidiaries, divisions, affiliates, attorneys, insurers, representatives, heirs, successors, and assigns, authorized dealers, independent sales representatives, contracted providers of Customer Service Services Providers, and any other persons, corporations or entities allied in interest with the Parties.  Subject to the foregoing, nothing in this Agreement is intended to or does create any rights in any third parties.

59.     Except as otherwise provided herein, each of the Parties shall bear its own costs.

60.     Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class which Settlement Class Counsel deem appropriate.

61.     Each counsel or other person executing the Agreement or any of its Exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

62.     This Agreement may be executed in one or more original, photocopied, or telecopied counterparts.  All executed counterparts are deemed to be one and the same instrument.  Counsel for the Parties to this

1  Agreement will exchange among themselves original signed counterparts, and

2  a complete set of original executed counterparts will be filed with the Court.

3       63.    The Parties agree that, to the extent appropriate and to the extent

4  permitted by law the Parties may request the Honorable Dickran Tevrizian to

5  provide submissions to the Court.

6       64.    The Parties voluntarily sign this Agreement after consultation

7  with their respective counsel of choice.

8  Dated: June 28, 2013        By _____

9                                       Dawn Fairchild

10 Dated:_____     By _____

11                                      Robert Nachsin

12 Dated:_____     By _____

13                                      Larry Gerard

14 Dated:_____     By _____

15                                      Brian Geers

16

17 Dated:_____     KABATECK, BROWN KELLNER LLP

18

19                                  By:_____

20                                  Attorneys for Plaintiffs

21 Dated:_____     NUNES LAW GROUP

22

23                                  By:_____

24                                  Attorneys for Plaintiffs

25 Dated:_____     HAMNER LAW GROUP

26

27                                  By:_____

28                                  Attorneys for Plaintiffs

1  Agreement will exchange among themselves original signed counterparts, and

2  a complete set of original executed counterparts will be filed with the Court.

3     63.    The Parties agree that, to the extent appropriate and to the extent

4  permitted by law the Parties may request the Honorable Dickran Tevrizian to

5  provide submissions to the Court.

6     64.    The Parties voluntarily sign this Agreement after consultation

7  with their respective counsel of choice.

8  Dated:_____      By_____
9                                            Dawn Fairchild
10 Dated:_____      By_____
11                                           Robert Nachsin
12 Dated:_____      By_____
13                                           Larry Gerard
14 Dated:_____      By_____
15                                           Brian Geers
16 Dated:_____

17                             KABATECK, BROWN KELLNER LLP

18                             By:_____
19
20                             Attorneys for Plaintiffs
21 Dated:_____      NUNES LAW GROUP

22
23                             By:_____
24                             Attorneys for Plaintiffs
25 Dated:_____      HAMNER LAW GROUP

26
27                             By:_____
28                             Attorneys for Plaintiffs

601961669                      - 26 -            Case No. CV 09-03568 CAS (PLAx)
                                                 REVISED CLASS ACTION SETTLEMENT
                                                 AGREEMENT

Agreement will exchange among themselves original signed counterparts, and

a complete set of original executed counterparts will be filed with the Court.

     63.    The Parties agree that, to the extent appropriate and to the extent

permitted by law the Parties may request the Honorable Dickran Tevrizian to

provide submissions to the Court.

     64.    The Parties voluntarily sign this Agreement after consultation

with their respective counsel of choice.

Dated:_____     By_____
                                  Dawn Fairchild

Dated:_____     By_____
                                  Robert Nachsin

Dated: 7/15/13.     By_____
                                  Larry Gerard

Dated: 7/15/13     By_____
                                  BRIAN GEERS

Dated:_____     KABATECK, BROWN KELLNER LLP

                                  By:_____
                                  Attorneys for Plaintiffs

Dated: 7/15/13     NUNES LAW GROUP

                                  By:_____
                                  Attorneys for Plaintiffs

Dated: 7/15/13     HAMNER LAW GROUP

                                  By:_____
                                  Attorneys for Plaintiffs

1

Dated: _6·24·13_

2

AOL INC.

3

By: _____

4

Dated: _6/30/13_

5

PILLSBURY WINTHROP SHAW
PITTMAN LLP

6

7

By: _____

8

Attorneys for Defendant AOL INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

OFFICIAL NOTICE OF PENDENCY OF CLASS ACTION
AND PROPOSED REVISED SETTLEMENT

| **If You Are Currently an AOL Member You Are A Member of A Proposed Settlement and Your Rights May Be Affected.** |
|---|

- The Proposed Revised Settlement ("Settlement") is on behalf of all current AOL Members.  It resolves claims regarding advertising or promotional "footers" that may have been appended to the bottom of your e-mails by AOL.

- This is the same case that you received a notice of in 2009.  The Settlement was rejected on the ground that some of the selected charities receiving payments did not have a sufficient connection to the class and the subject matter of the lawsuit.  The settlement has been revised to include charities that are connected to the class and the subject matter of the lawsuit.

- AOL ceased its former practice of appending footers in 2010 and has not used them since that time. The Proposed Settlement provides that if AOL re-establishes its former footer practice, it will provide notice to all current AOL Members of the footers and their ability to discontinue the footers via **AOL Keyword: Footer** and **http://footer.aol.com** and that, if AOL re-establishes appending footers to its Members' e-mails, such notice will be provided to all new customers upon their registration of an AOL account.

- The Proposed Settlement provides that AOL shall make donations to several different charities totaling $110,000.

- If you do nothing and this Proposed Settlement is approved by the Court you will be part of the Settlement Class and bound by the terms of the Settlement.

- The Court still has to decide whether to approve the Proposed Settlement.  Settlement Class Members will receive the benefits of the Settlement after the Court approves the Settlement.

PLEASE DO <u>NOT</u> CALL OR WRITE DIRECTLY TO THE COURT.

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER OR NOT YOU ACT.
**PLEASE READ THIS NOTICE CAREFULLY.**

<u>**YOUR RIGHTS AND CHOICES:**</u>

| **You May** | **Due Date** |
|---|---|
| **1.  Do Nothing**<br>(see question #7 and 15) | This space intentionally left blank |
| or<br>**2.  Exclude Yourself**<br>(see questions #11 – 13) | *<u>Postmarked</u>* **by _____, 2013** |
| or<br>**3.  Object to the Settlement**<br>(see question #14) | *<u>Filed and Received</u>* **by _____, 2013** |
| or<br>**4.  Appear in the Lawsuit**<br>(see question #14) | *<u>Filed and Received</u>* **by _____, 2013** |
| | |

**1.      WHO SHOULD READ THIS NOTICE?**

If you are presently an AOL customer you should read this notice.  Your legal rights are affected by the proposed Settlement of a class action lawsuit, *Fairchild et al v.  AOL*, Case No. CV09-03568 CAS (PLAx), which is pending in the United States District Court for the Central District of California.  This Notice explains:

- What this Lawsuit is about;
- Who is included in the Settlement;
- How the Settlement will benefit you;
- How to get the benefits of the Settlement; and
- What your legal rights are.


***If you have any questions regarding this Notice, please send an e-mail to*** *footerlitigation@corp.aol.com*, ***which will be shared with Settlement Class Counsel***.  If you send an e-mail, please be sure to include the name of the lawsuit (*Fairchild v.  AOL*) in the Subject Line.  However, please read the entire Notice before writing.

*PLEASE DO **NOT** CALL OR WRITE DIRECTLY TO THE COURT OR THE CLERK'S OFFICE.*

**2.      WHAT IS THIS LAWSUIT ABOUT?**

This Lawsuit was brought by Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Larry Gerrard against Defendant AOL LLC, now known as AOL Inc.  Plaintiffs allege that (1) the failure to inform them that AOL would insert e-mail footers in their sent e-mails and (2) the insertion of such footers, violate the law.

AOL denies Plaintiffs' allegations and maintains that it acted in accordance with all laws and regulations.

**3.      WHO REPRESENTS ME IN THIS CASE?**

The Court has appointed the following attorneys in the Fairchild Action to act as Settlement Class Counsel who may be reached at *footerlitigation@corp.aol.com*:

> Glenn Nunes
> The Nunes Law Group
> 1 Sansome Street, Suite 3500
> San Francisco, CA  94104
> (415) 946-8894

> Christopher J.  Hamner, Esq.
> Kimberly A. Westmoreland, Esq.
> Hamner Law Offices
> 555 W. 5th Street, 31st Floor
> Los Angeles, CA  90013
> (213) 533-4160

> Brian Kabateck, Esq.
> Richard Kellner, Esq.
> Kabateck Brown Kellner LLP
> 644 South Figueroa Street
> Los Angeles, CA 90017
> (213) 217-5000

Each of these counsel may be reached at *footerlitigation@corp.aol.com*.

**4.      WHY IS THERE A SETTLEMENT?**

The Court has not decided who is right or wrong in this lawsuit.  Instead, the Settlement Class Representatives and AOL agreed to a Settlement, which was preliminarily approved by the Court on _____, **2013.**  As a result of the Settlement, all parties avoid the costs of further litigation and risks of a trial and Settlement Class members may obtain the benefits of the Settlement.

The Settlement Class Representatives believe that the case has merit and that the evidence supports their claims.  The Settlement Class representatives determined that the Proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. If AOL re-establishes its former practice of appending e-mail footers, the Settlement will permit Plaintiffs and the Settlement Class Members to receive full and complete disclosure of this practice and the ability simply and easily to discontinue these footers, without the time, risk and expense of litigation. AOL has also agreed to contribute significant sums to 6 charities as part of this settlement.

AOL does not believe that Plaintiffs' claims have factual or legal merit.  However, AOL desires to avoid unnecessary litigation costs while also ensuring that, if it re-establishes its practice of appending e-mail footers, adequate steps are taken to ensure that consumers are fully aware of the footers and their ability to discontinue them.

In an effort to resolve this matter, the parties engaged The Hon.  Dickran Tevrezian (Ret.), U.S.  District Judge for the Central District of California, to mediate a resolution.  The parties were thereby able to negotiate a settlement.

**5.      HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?**

If you are a current AOL member you are in the Class and are part of this Settlement.

**6.      WHAT DOES THE SETTLEMENT PROVIDE AND HOW WILL I RECEIVE THE BENEFITS?**

AOL ceased its former practice of appending footers in 2010 and has not used them since that time. The Proposed Settlement provides that if AOL re-establishes its former footer practice, it will provide notice to all current AOL Members of the footers and their ability to discontinue the footers via **AOL Keyword: Footer** and **http://footer.aol.com** and that, if AOL re-establishes appending footers to its Members' e-mails, such notice will be provided   to all new customers upon their registration of an AOL account.   A copy of the this settlement agreement    has    been    posted    at    www.aole-mailfootersettlement.com    and    at http://legal.web.aol.com/Footersettlement.pdf

**7.      HOW CAN I GET THE BENEFITS OF THE SETTLEMENT?**

To obtain the benefits of this Settlement all you need to do is not opt-out of this Settlement.

**8.      WHEN WILL I GET THE BENEFITS OF THIS SETTLEMENT?**

AOL has already discontinued its practice of using promotional email footers.  If the Court approves the Settlement and AOL chooses to start using email footers again, AOL will send you a notice explaining how to discontinue the footers.

**9.      AM I GIVING ANYTHING UP IN EXCHANGE FOR THE BENEFITS OF THE SETTLEMENT?**

Yes.  If the Court approves the Settlement, it will enter a judgment dismissing the lawsuit with prejudice as to all Settlement Class Members and releasing all claims they may have against AOL regarding advertising or promotional footers that may have been appended to the bottom of their e-mails by AOL.  In other words, by remaining in the Settlement Class, all of the Court's Orders will apply to you and you will thereby release all claims that you may have regarding advertising or promotional footers that may have been appended to the bottom of your e-mails by AOL, thereby barring you from bringing your own lawsuit based on such claims.

**10.     IF I CURRENTLY USE AOL, WILL THIS SETTLEMENT CANCEL OR INTERRUPT MY SUBSCRIPTION?**

No. Neither the Settlement nor this lawsuit affects your ongoing online service.  If you have any questions about your existing subscription, please contact AOL Member Services.

**11.     CAN I GET OUT OF THE SETTLEMENT AND THE SETTLEMENT CLASS?**

Yes.  You may request to be excluded from the Settlement and the Settlement Class.  If you exclude yourself, you will not receive any of the benefits of the Settlement.  You will still have the right to bring your own lawsuit.  The deadline to exclude yourself is _____, 2013.

**12.     HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?**

To exclude yourself, you must, no later than _____, 2013, send an e-mail to settlementoptout@corp.aol.com requesting exclusion from the Settlement.

Your e-mail should include all of the following:

- Your name, address and telephone number;
- A statement that you wish to be excluded from the lawsuit and the Settlement.

**13.     IF I EXCLUDE MYSELF, CAN I OBTAIN THE BENEFITS OF, OR COMMENT ON, THE SETTLEMENT?**

No. If you exclude yourself, you are no longer part of the Class or the Settlement.  You will not receive any benefits from the Settlement and the Court will not consider your comments in support of or in opposition to the Settlement.

**14.     CAN I TELL THE COURT IF I SUPPORT OR OBJECT TO THE SETTLEMENT OR THAT I WANT TO APPEAR AT THE FINAL SETTLEMENT APPROVAL HEARING?**

Yes. So long as you do not exclude yourself, you can tell the Court that you support or object to the Settlement or some part of it.

To comment in support of, or in opposition to, the Settlement, you must file a letter with the Clerk of the Court, United States District Court for the Central District of California, Western Division, 312 North Spring Street Los Angeles, California 90012 on or before _____, 2013, and mail a copy to: AOL E-mail Footer Litigation Settlement, P.O.  Box 65771, Sterling, VA 20165-8806.  Your letter must be received no later than _____, 2013.

Your letter should include all of the following:

- Your name, address and telephone number;
- The name and number of the lawsuit: Fairchild v.  AOL, Case No. CV 09-03568 CAS (PLAx);
- A statement of the reasons why you believe the Settlement is or is not fair, reasonable, or adequate; **and**
- A statement regarding whether you (or your lawyer) wish to speak at the Settlement Fairness Hearing.

If you object, you may, but are not required to, appear at the Final Approval Hearing, either in person or through an attorney retained and paid by you.  The Fairness Hearing will take place on _____, 2013 at _____.      The Court is located at 312 North Spring Street Los Angeles, California 90012, Courtroom 5.  If you or your attorney intend to appear at the Final Approval Hearing, you or your attorney must file a written Notice of Intention to Appear, together with any supporting legal memoranda and evidence, with the Clerk of the Court no later than _____, 2013, and mail a copy to: AOL E-mail Footer Litigation Settlement, P.O.  Box 65771, Sterling, VA 20165-8806.  The Notice of Intention to Appear must be received no later than _____, 2013.  If you do not appear at the hearing, you waive the right to appeal.

**15.      WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing, you will receive any and all benefits under the Settlement, and you will be subject to the Release (described in # 9).

**16.      IF I WANT TO KEEP THE E-MAIL FOOTERS WILL I BE ABLE TO?**

No.  AOL has already discontinued its former practice of using promotional e-mail footers.

**17.      WHO PAYS THE LAWYERS AND HOW MUCH WILL THEY BE PAID?**

Under the original Settlement approved by the Court, the Court awarded the lawyers for the Settlement Class $320,000 in fees and costs that they incurred over the course of this lawsuit.  AOL has already paid these fees and costs, and the parties agree that no additional fees or costs will be sought in this case.  In addition AOL will pay $110,000 in charitable donations and the costs of administering the Settlement, including the notice process.  AOL's payment of attorneys' fees and litigation costs will not reduce any amounts paid or credited to the Charities.

**18.      WHAT DO THE CLASS REPRESENTATIVE GET OUT OF THIS LAWSUIT?**

Under the settlement, the class representatives do not receive any direct payment.  Instead, AOL will donate money to the charity of each class representative's choice. The relationships between the class representatives and their selected charities are as follows: (1) Dawn Fairchild is employed at her designated charity the New Roads School of Santa Monica; (2) Robert Nachshin's wife is on the Board of Trustees of his designated charity the New Roads School of Santa Monica, (3) Brian Geers has previously personally supported his designated charity the Oklahoma Indian Legal Services; and (4) Lawrence Gerard has previously worked at his designated charity the Friars Foundation.

**19.      WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

A Fairness Hearing will be held at _____. on _____, 2013.  The Court is located at 312 North Spring Street, Los Angeles, California 90012, Courtroom 5.  At the Fairness Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate to Settlement Class Members.  As part of making this determination, the Court will consider the views of Settlement Class Members both in favor of and opposed to the Settlement.  After the hearing, the Court will decide whether to approve the Settlement.

**20.      HOW DO I GET MORE INFORMATION?**

This Notice only provides a summary of the Settlement.  The full terms of the Settlement are set forth in the Settlement Agreement.  To assist you, a copy of the Settlement Agreement has been posted at www.aole-mailfootersettlement.com and at http://legal.web.aol.com/Footersettlement.pdf.  Additionally, you can read the Settlement Agreement and the other documents in this lawsuit during regular business hours, at the Clerk of the Court, United States District Court for the Central District of California, Western Division, 312 North Spring Street, Los Angeles, California 90012 (fees may apply for copies of these documents).

**PLEASE DO NOT CALL THE COURT OR THE COURT CLERK.**

THIS NOTICE IS NOT AN EXPRESSION BY THE COURT AS TO
THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.

Dated: _____, 2013

By Order of the Court
THE HONORABLE CHRISTINA A.  SNYDER

**Exhibit B**

1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    CENTRAL DISTRICT OF CALIFORNIA

9    WESTERN DIVISION

10

| | |
|---|---|
| 11 | |
| 12 | DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and | Case No. CV 09-03568 CAS (PLAx) |
| 13 | LAURENCE GERARD on behalf of themselves and all others similarly situated, | **[PROPOSED] FINAL ORDER RE APPROVAL OF REVISED CLASS ACTION SETTLEMENT AND FINAL JUDGMENT THEREON** |
| 14 | | |
| 15 | Plaintiffs, | |
| 16 | vs. | Honorable Christina A. Snyder |
| 17 | AOL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10 inclusive, | |
| 18 | | |
| 19 | Defendant. | |

20

21

22

23

24

25

26

27

28

601967211v1

The Parties have submitted their proposed Revised Settlement Agreement ("Settlement Agreement"), which this Court preliminarily approved on _____ _____, 2013 pursuant to Order Granting Preliminary Approval of Revised Class Action Settlement, Provisionally Certifying a Class For Settlement Purposes, and Providing for Notice of Proposed Settlement and Final Fairness Hearing ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, the Class Members have been given notice of the terms of the Settlement Agreement and an opportunity to object to or comment on it. Having considered the proposed Settlement Agreement, the papers supporting the Settlement Agreement filed by the Parties, the papers submitted in support of the Preliminary Approval Order, and the argument received by the Court at the Final Fairness Hearing held on _____, 20__ the Court hereby grants final approval of the Settlement Agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2009, Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard ("Plaintiffs") filed a Second Amended Class Action Complaint ("Complaint") against Defendant AOL Inc., formerly known as AOL LLC, ("AOL"). The Complaint was filed on behalf of a putative class consisting of paid AOL subscribers who allege that AOL wrongfully inserted footers containing promotional messages into e-mails sent by AOL subscribers. The Complaint asserts causes of action for: (1) violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*.; (2) unjust enrichment; (3) violation of California Business and Professions Code, §§ 17200, *et seq*.; (4) breach of contract; (5) violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; and (6) violation of California Business and Professions Code §§ 17529 *et seq*.

The Parties entered into mediation for the purpose of attempting to settle the dispute. A tentative settlement was reached and Plaintiffs and AOL have agreed to the entry of the proposed Settlement Agreement. AOL continues to deny the allegations contained in the Complaint and does not admit liability nor concede that it has violated any law. Plaintiffs have moved this Court for final approval of the Settlement Agreement.

Having fully received and considered Plaintiffs' Notice of Motion and Motion for Final Approval of Revised Class Action Settlement, Memorandum of Points and Authorities, Declarations in Support of the Motion, the proposed Settlement Agreement, the briefing preceding the Preliminary Approval Order, and the oral argument presented to the Court at the final Fairness Hearing,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over all Parties to this Action including all members of the Settlement Class and has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

2.      This Court finds the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds that (a) the Class, as defined below, is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

601967211v1

3.     The Action is hereby finally certified as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a class composed of: All current AOL members. Excluded from the Settlement Class are employees of AOL, their counsel, and their immediate families. This Action is certified as a class action for settlement purposes only (the Court expressly reserving the right to determine, should the occasion arise, whether the Litigation may be certified as a class action for purposes other than settlement, and AOL retaining all rights to assert that the Litigation may not be certified as a class action except for settlement purposes).

4.     The Court has reviewed the Settlement Agreement and finds that the settlement terms are fair, reasonable, and adequate, particularly when balanced against the probable outcome of further litigation relating to liability and damages issues. The Court also finds that comprehensive investigation and research have been conducted such that counsel for the Parties are able to reasonably evaluate their respective positions. The Court further finds that the Settlement has been reached as the result of intensive, serious, and arms' length negotiations under the direction of the Honorable Dickran M. Tevrizian, United States District Court Judge for the Central District of California (Retired).

5.     Plaintiffs have agreed to the terms of the Settlement and chose to forego their own settlement incentives as named Plaintiffs in favor of charitable donations. The Court finds that Plaintiffs' agreement to allow AOL to make donations to charities in lieu of a monetary award paid to Plaintiffs for service as class representatives is reasonable and fair.

6.     Plaintiffs and Settlement Class Counsel adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement.

7.     In accordance with Federal Rule of Civil Procedure 23(e), the Court finds that the Settlement has been entered into in good faith and is approved as

3

1  fair, reasonable, and adequate, and in the best interests of the Settlement Class

2  and hereby grants final approval to the Settlement. The Court has considered and

3  denied all objections filed in this action. Accordingly, the Court hereby directs

4  that the Settlement shall be effected in accordance with the terms of the

5  Settlement Agreement (all of which terms are adopted and incorporated herein

6  by reference).

7       8.     Pursuant to the Court's Preliminary Approval Order, the notice

8  requirement was satisfied in that AOL sent the Notice to each member of the

9  Settlement Class by electronic mail to the electronic mail address corresponding

10 to the AOL account of each Settlement Class member. AOL also posted the

11 Settlement Notice on the publicly accessible website with the URL www.aole-

12 mailfootersettlement.com. Members of the Settlement class had the opportunity

13 to object to the proposed Settlement, to opt out of the Settlement, and were

14 informed of the date, time, and location of the final Fairness Hearing and had the

15 opportunity to appear at the Fairness Hearing. These procedures afforded

16 protections to the Class Members and provide the basis for the Court to make an

17 informed decision on approval of the Settlement based on the responses of Class

18 Members.

19      9.     The notice program implemented pursuant to the Settlement

20 Agreement (i) constituted the best practicable notice; (ii) constituted notice that

21 was reasonably calculated, under the circumstances, to apprise members of the

22 Settlement Class of the pendency of the Litigation, their right to object or

23 exclude themselves from the proposed settlement and to appear at the Final

24 Approval Hearing, and their right to seek monetary and other relief; (iii) was

25 reasonable and constitutes due, adequate, and sufficient notice to all persons

26 entitled to receive notice; and (iv) met all applicable requirements of Due Process

27 and federal law.

28

4

10.    This Final Order and Judgment is binding on and has res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs or any other members of the Settlement Class, as well as their heirs, executors and administrators, successors, and assigns.

11.    In accordance with the terms of the Settlement Agreement, the following Release shall apply:

> As of the Effective Date, Plaintiffs and other members of the Settlement Class who have not excluded themselves from the Settlement Class hereby expressly agree that they shall release and discharge AOL, and its respective parents, subsidiaries, affiliated entities, predecessors, successors and assigns and each of their respective present, former, and future officers, directors, employees, agents, third party Customer Service Providers, third party payment processors, independent contractors, successors, assigns, parents, subsidiaries, affiliates, insurers, attorneys, and legal representatives (collectively, "Releasees") of and from all Released Claims and shall not now or hereafter initiate, maintain or assert against the Releasees any causes of action, claims, rights, demands, actions, damages, equitable, legal, and administrative relief, interest, demands, or rights, including without limitation, claims for damages of any kind, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources, that have been, could have been, may be or could be alleged or asserted now or in the future by the Plaintiffs or any member of the Settlement Class, either directly or as the representative of other persons or entities, against the Releasees or any of them in the Litigation or in any other court action or before any administrative body, tribunal, arbitration panel or other adjudicating body on the basis of, connected with, arising out of or related to the Released Claims. Subject to Court approval, all members of the Settlement Class who do not exclude themselves from the Settlement Class in the manner specified herein shall be bound by this Agreement, and all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Litigation or the Settlement.

601967211v1

12.     Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over AOL, Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and the Final Order and Judgment and for any other necessary purposes.

13.     All members of the Settlement Class are barred and enjoined from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action (or the facts and circumstances relating thereto) in the Litigation and/or the Released Claims, unless named on the Opt-Out List.

14.     The Opt-Out List is hereby approved and the Court finds the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and accordingly, shall neither share in nor be bound by the Final Order and Judgment.

15.     The Settlement Agreement and the settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received against AOL as evidence of a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AOL.

16.     The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Settlement Class members.

6

17.    In connection with the original settlement in this case, Class Counsel was awarded and paid attorneys' fees and costs in the amount of $320,000.00, which sum the Court finds to be fair and reasonable.

18.    This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend.

19.    There being no just reason for the delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

Dated:_____            _____
                                 CHRISTINA A. SNYDER
                                 U.S. DISTRICT COURT JUDGE

7

601967211v1