THEODORE H. FRANK (SBN 196332)
      tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 23-6
Washington, DC 20036
(703) 203-3848

Attorney for Objector Darren McKinney

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Dawn Fairchild, *et al.*, *Plaintiffs*, vs. AOL, LLC, *Defendant.* Darren McKinney, *Objector*. | Case No. CV09-03568 CAS (PLAx) **CLASS ACTION** **Statement of Darren McKinney re Motion for Preliminary Approval of Second Settlement** Judge: Honorable Christina A. Snyder Date: December 28, 2009 Time: 10:00 a.m. Courtroom: 5 |

The parties have modified their settlement to fix the problem of inappropriate *cy pres*. But the settlement still suffers from the problem that it is designed to provide the overwhelming majority of the settlement benefit to the attorneys and the class representatives, rather than the class or even the "next best" *cy pres* proxy of the class. Intervening decisions of the Ninth Circuit and other federal appellate courts since this Court's December 31, 2009 order have vindicated class member Darren McKinney's objection to the original settlement.[1] The settlement as currently structured violates Ninth Circuit law, and must be modified before preliminary approval can be obtained.

Plaintiffs claim that "there is an initial presumption that a proposed settlement is fair and reasonable." This is wrong. "The burden of proving the fairness of the settlement is on the proponents." *In re Dry Max Pampers Litigation*, -- F.3d --, 2013 WL 3957060 (6th Cir. Aug. 2, 2013) (*quoting* 4 Newberg on Class Actions § 11:42 (4th ed.)); *see also, e.g., Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012); *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 196 (5th Cir. 2010). As *Dry Max Pampers* notes, "the adversarial process—or what the parties here refer to as their 'hard-fought' negotiations—extends only to the amount the defendant will pay, not the manner in which that amount is *allocated* between the class representatives, class counsel, and unnamed class members" (emphasis in original). *See also Bluetooth*, 654 F.3d at 948 (presence of neutral mediator does not guarantee fairness).

There are several problems with the proposed settlement that, combined, are fatal to its eventual disposition. *First*, the parties overstate the benefit of the settlement, even though a court must judge a settlement by the "*incremental*," rather than the total, benefit of the

---

[1] As this Court has correctly held in requiring a preliminary-approval process and a new fairness hearing, the Ninth Circuit's reversal of the *cy pres* recipients means that this is a new settlement whose merits should be evaluated *ab initio*; because a court has no power to blue-pencil a settlement to fix errors, a settlement must stand or fall on its own. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness … The settlement must stand or fall in its entirety." *In re Bluetooth Headset Prod. Liab. Litig.,* 654 F.3d 935, 948 (9th Cir. 2011) (emphasis, quotations, and citations omitted).

settlement. *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002) (emphasis in original). *Second*, once the illusory provisions of the settlement are stripped away, it is clear that class counsel is receiving a disproportionate share of the settlement relief. *Third*, the settlement divests the power of the Court to fix the unfair disproportion, because of a "kicker" by which any reduction of the excessive Rule 23(h) request with revert to AOL. If the parties will not modify the settlement so that reversion is to *cy pres*, rather than to the defendant, preliminary approval should be rejected, because the settlement could not be approved as is.

### 1. The injunctive relief is illusory.

*First*, AOL has, as plaintiffs admit, "discontinued the practice of appending e-mail footers" before this settlement was agreed to. A *pre-existing* practice modification is not a benefit of a settlement. *Dry Max Pampers* (no value for settlement that imposes a program that class members already had); *In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 752 (7th Cir. 2011) ("Plaintiffs want relief that duplicates a remedy that most buyers already have received, and that remains available to all members of the putative class."). The American Law Institute's *Principles of the Law of Aggregate Litigation* has an illustration that is precisely on point: class counsel cannot take credit for an injunction that has the defendant doing what it was already doing. §3.13 *Illustration 2* (2010).

This lawsuit sued over alleged injuries to class members in the past, and as Judge Wood has explained, the "fairness of the settlement must be evaluated primarily based on how it compensates class members for these past injuries." *Synfuel Tech. Inc. v. DHL Express*, 463 F.3d 646, 654 (7th Cir. 2006). In this same vein, each of the supposed injunctive benefits of the settlement will accrue to all future users of AOL, whether or not they are class members, whether or not they suffered the injuries in the complaint, and whether or not they opt out of this very settlement. Benefits that accrue to class members and non-class-members alike cannot be adjudged to be settlement benefits, which are the consideration class members receive for agreeing to a waiver of their claims. *See Vought v. Bank of Am., N.A.*, 901 F. Supp. 2d 1071, 1090 (C.D. Ill. 2012) (remarking on the slender "difference between an

individual who opts out of the proposed settlement and an individual who does not opt out," ultimately disapproving the settlement). Here, the difference isn't even slender.

### 2. Class counsel and class representatives receive a "clearly excessive" share of the settlement benefits.

Thus, this leads to the second problem of the settlement: it disproportionately benefits class counsel. The only class benefit of the settlement is the $75,000 *cy pres* award.[2] But a settlement where class counsel receives $320,000; class representatives receive $35,000 directed to related charities that would not qualify as *cy pres*; and the class gets the indirect relief of $75,000 *cy pres* and nothing else is not permissible. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). A settlement cannot give "preferential treatment" to class counsel "while only perfunctory relief to unnamed class members." *Dry Max Pampers*, *supra* (*quoting Vassalle v. Midland Funding LLC,* 708 F. 3d 747, 755 (6th Cir. 2013)); *id.* (settlement fairness includes not just the total amount of the settlement but "the manner in which that amount is allocated between the class representatives, class counsel, and unnamed class members"); *id.* (disproportion of relief to class representatives and of relief to class demonstrates violation of Rule 23(a)(4)).

Class counsel and class representatives are receiving over 80% of the settlement benefit, way in excess of the 25% benchmark. *Bluetooth*, 654 F.3d at 942-45. This percentage is over twice what another recent decision called "clearly excessive under [Ninth Circuit] guidelines." *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (38.9%). This is especially

---

[2] It is not even clear that this is not also an illusory benefit. For example, the EFF declaration does not state whether AOL is a current benefactor of EFF. If all that is happening is a change in accounting entries where AOL's charitable contributions are going to organizations it would have donated money to anyway, it is not an "incremental" benefit of the settlement. *Dennis v. Kellogg*, 697 F.3d 858, 867-68 (9th Cir. 2012) (noting that *cy pres* can be illusory when defendant would be donating anyway); *but cf. Lane v. Facebook*, 696 F.3d 811 (9th Cir. 2012) (affirming settlement where Facebook donated money to itself), *cert. petition pending*, *Marek v. Lane*, No. 13-136. But even if one assumes *arguendo* that the *cy pres* is not illusory, the settlement is problematic for the reasons discussed.

true where the only benefit to the class is the indirect benefit of *cy pres*. Class members are "not indifferent" whether settlement funds go to class members or to *cy pres* recipients, and neither should class counsel be; a dollar to *cy pres* is not worth the same as a dollar to class members, and it is appropriate to reduce the fee percentage to reflect the difference. *In re Baby Products Antitrust Lit.*, 708 F.3d 163, 178 (3d Cir. 2013) (citing, *inter alia Dennis*, 697 F.3d at 867-68; *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997)); *In re Heartland Payment Sys., Inc.*, 851 F. Supp. 2d 1040, 1077 (S.D. Tex. 2012) (discounting *cy pres* by 50% for purposes of awarding fees); *Weeks v. Kellogg Co.*, No. CV 09-08102 (MMM) (RZx), 2011 U.S. Dist. LEXIS 155472, at *103-*104 (C.D. Cal. Nov. 23, 2011) (same). The appropriate combined and proportionate award to class counsel and class representatives' preferred charities is 12.5% of the $430,000 settlement payment, or $53,750, not $355,000.

It is worthwhile to distinguish this objection's arguments from the arguments it is *not* making.

This objection does not argue that the parties have undervalued the chances of recovery in litigation. *Cf.* AOL Joinder (Dkt. 69).[3] The argument here is not that the total fund should be of greater magnitude; rather, the argument is that the parties are overstating the size of the total fund, and that a larger share of the settlement should have gone to the class, as opposed to the lawyers who are charged to represent them. If the class attorneys have permitted too much money to be directed to themselves and too few resources to go the class, then the settlement is unfair on the grounds of self-dealing. "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained." *Bluetooth,* 654 F.3d at 947 (*quoting Staton v. Boeing*, 327 F.3d 938, 964 (9th Cir. 2003)).

---

[3] That said, it is perhaps telling which side believed they benefited more from the settlement and would be hurt more by a reversal by the fact that, at the Ninth Circuit, class counsel submitted only a perfunctory brief arguing for affirmance, relying instead on AOL's counsel to take the lead in briefing.

### 3. The self-dealing "kicker" is fatal to settlement approval.

But because of a third problem with the settlement, the Court cannot fix the disproportion: the settlement has a "kicker" by which any reduction in the Rule 23(h) award reverts to AOL rather than to the class. This, combined with the "clear sailing" provision by which AOL cannot challenge the $320,000 fee request, is self-dealing by class counsel to attempt to shield its fee request from scrutiny. *Bluetooth*, 654 F.3d at 947-49. "If the defendant is willing to pay a certain sum in attorneys' fees as part of the settlement package, but the full fee award would be unreasonable, there is *no apparent reason* the class should not benefit from the excess allotted for fees." *Id.* at 949. The only reason to negotiate that provision is for the self-serving effect of protecting class counsel by deterring court scrutiny of the fee award. *E.g.*, Charles Silver, *Due Process and the Lodestar Method*, 74 Tulane L. Rev. 1809, 1839 (2000) (reversionary kicker is "a strategic effort to insulate a fee award from attack"); Lester Brickman, *Lawyer Barons* 522-25 (2011) (same; further arguing reversionary kicker should be considered *per se* unethical).

Plaintiffs claim "Neither the Class' recovery nor the charitable donations will be impacted or diminished in any way by the payment of Class Counsel's fees, costs or the administration of this Settlement, because AOL has separately paid Class Counsel's fees." That proposition is simply false; the total should be treated as a constructive common fund. "[P]rivate agreements to structure artificially separate fee and settlement arrangements" should not enable parties to circumvent the 25% benchmark requirement on "what is in economic reality a common fund situation." *In re Gen. Motors Corp. Pickup Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995); *see Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) ("[I]n essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal."); *accord* Federal Judicial Center, *Manual for Complex Litig.* § 21.75 (4th ed. 2008) ("If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees ... the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class."); *Dennis*, 697 F.3d at 867-68 (treating settlement with segregated fee

award as "constructive common fund"). *Cf. generally Dry Max Pampers* (rejecting settlement with excessive attorneys' fees notwithstanding the separate fee and settlement funds); *Bluetooth* (same); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173 (9th Cir. 2013) (same).

The kicker is a fatal flaw of the settlement. Even if this Court fixes the excessive fee request by requiring disgorgement of the overpayment class counsel has received, the class—or, at least, the class proxy *cy pres* recipients—will be shortchanged because of class counsel's self-dealing. If the parties will not modify the settlement so that any "excess allotted for fees" goes to *cy pres*, the Court should reject preliminary approval.

### 4.     The settlement unfairly fails to compensate McKinney.

Though it does not go to the question of preliminary approval, McKinney wishes to note a fourth unfairness of the settlement. The *only* class benefit of the settlement is the $75,000 provided to appropriate *cy pres* recipients. Yet the *sine qua non* of why the settlement will now comply with Ninth Circuit law is McKinney's persistence in pursuing fairness for the class through the Ninth Circuit since 2009. Yet 100% of the Rule 23(h) award in the settlement is allocated to class counsel who fought against an appropriate *cy pres* distribution and who is attempting to negotiate an excessive share of the settlement benefits for itself, and 0% for the objector who made the appropriate *cy pres* distribution happen. This is wrong. *E.g., Rodriguez v. Disner*, 688 F.3d 645, 659-60 (9th Cir. 2012) (clearly erroneous to deny fees to objectors who caused improvement to settlement). The $53,750 that would be a proportionate share of the attorneys' fees and class representative payments should be split between class counsel and McKinney's counsel: $376,250 for the two *cy pres* recipients (after the kicker is removed from the settlement); $26,875 for class counsel and the class representatives' preferred charities; and $26,875 for McKinney's counsel and McKinney's preferred charity. One hopes the settling parties do not spitefully and vexatiously try to freeze McKinney out for his success in vindicating the interests of the class; as it is, it is unfortunate that they proposed a settlement that fails to comply with Ninth Circuit law without even consulting with McKinney or his counsel, when they could have easily avoided wasting the Court's time with a doomed settlement proposal.

# CONCLUSION

Under *Bluetooth* and *Dry Max Pampers*, the proposed settlement cannot be approved because class counsel and the class representatives receive an excessive allocation of the settlement benefits *vis-à-vis* the rest of the class without any provision in the settlement to return the excess to the class or its proxies. Unless the parties agree to add a clause so that any excessive fee and incentive-award request reverts to the independent *cy pres* recipients, preliminary approval should be rejected.

Dated: August 12, 2013

Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank (SB 196332)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW, No. 236
Washington, DC 20036
(703) 203-3848
Attorney for Objector Darren McKinney

PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case.

DATED this 12th day of August, 2013.

*(s) Theodore H. Frank*
Theodore H. Frank