Brian S. Kabateck (State Bar No. 152054)
bsk@kbklawyers.com
Richard L. Kellner (State Bar No. 171416)
rlk@kbklawyers.com
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: 213.217.5000
Facsimile: 213.217.5010

Glenn C. Nunes (State Bar No. 210453)
glenn@nuneslawgroup.com
THE NUNES LAW GROUP
1 Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: 415.946.8894
Facsimile: 415.946.8801

Christopher J. Hamner (State Bar No. 197117)
chamner@hamnerlaw.com
HAMNER LAW OFFICES, APC
555 W. 5th Street, 31st Floor
Los Angeles, CA 90013
Telephone: 213.533.4160
Facsimile: 213.533.4167

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAWN FAIRCHILD, ROBERT NACHSHIN, BRIAN GEERS and LAURENCE GERARD, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>AOL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10 inclusive,<br><br>                              Defendants. | Case No. CV 09-03568 CAS (PLAx)<br><br>DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED REVISED CLASS ACTION SETTLEMENT<br><br>Date:    December 23, 2013<br>Time:    12:00 p.m.<br>CrtRm   5<br>Judge:   Christina A. Snyder |

602142748v1

Case No. CV 09-03568 CAS (PLAx)
DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF PROPOSED REVISED CLASS
ACTION SETTLEMENT

**DECLARATION OF RICHARD L. KELLNER**

I, Richard L. Kellner, declare as follows:

1. I am over the age of 18 and a resident of California. I make this declaration of my personal and first-hand knowledge, and, if called and sworn as a witness, I would and could testify competently hereto.

2. I am an attorney admitted to practice in the state California. I am a Partner at the law firm of Kabateck Brown Kellner LLP ("KBK").

3. KBK is counsel of record for the Plaintiffs in this action.

4. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Proposed Revised Class Action Settlement.

5. Prior to filing the complaint in this action, KBK conducted a thorough factual investigation into the claims underlying Plaintiffs' claims.

6. Since the filing of this action, KBK has continued its investigations, both through formal and informal discovery. This includes taking the deposition of Roy Ben-Yousef, the Vice President of AOL responsible for the e-mail footers at issue, which was conducted on May 15, 2009.

7. The settlement in this action was reached after arm's-length settlement discussions between KBK, KBK's co-counsel (Glenn Nunes and Christopher Hamner), and counsel for AOL. The settlement was reached after numerous formal and informal settlement discussions and negotiations conducted under the direction of the Honorable Dickran M. Tevrizian, United States District Court Judge for the Central District of California (Retired). This included multiple full and partial day mediation sessions.

8. Since the original Class Action Settlement in this case, AOL has discontinued these e-mail footers. As this settlement provides that if AOL elects to re-establish its former footer program it will notify every Class

Member of the existence of the footer advertisements and their ability to opt-out, it addresses the issues raised in the operative Complaint and corrects the improper conduct going forward.  This is because AOL also has agreed that if it elects to re-establish its former footer program it will notify all new subscribers of the existence of the footers.  Moreover, AOL will make substantial charitable donations as recompense for its wrongful conduct.  Two of the charities-- (1) the Electronic Frontier Foundation and (2) the Information Technology & Innovation Foundation -- were chosen because they fulfilled the requirement of a *cy press* recipient set out by the Ninth Circuit.  Furthermore, the Class' recovery will not be diminished in any way by the payment of attorneys' fees, costs or administrative expenses.  In light of these facts, I express ‒ without reservation ‒ my opinion that the proposed settlement is fair, reasonable, and in the best interest of the Class.

9.  KBK's attorneys have successfully litigated dozens of class actions.  Recent experience includes the following:

(a)  KBK's attorneys obtained a $20,000,000 settlement of the action entitled *Marootian, et al. v. New York Life Insurance Company*, Case No. C99-12073 CAS (MCx) (U.S.D.C., Central Dist. CA), in which the plaintiffs alleged that New York Life Insurance Company failed to pay benefits under life insurance policies it issued in and following 1875 in the Turkish Ottoman Empire on the lives of persons of Armenian descent;

(b)  In *Borrayo, et al. v. Carlton Forge Works*, L.A.S.C. Case No. BC298858, KBK's attorneys obtained a settlement that fully compensated a class composed of 244 employees who were not paid overtime wages which were owed for time worked on alternative work week schedule;

(c)  In *Epson Ink Cartridge Cases*, L.A.S.C. Case No. BC293641 & S.F.S.C. Case No. CGC-03-425588, KBK obtained a settlement on behalf of a

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF PROPOSED REVISED CLASS
ACTION SETTLEMENT

nationwide class of consumers whose Epson printer cartridges were defined by printer software as being empty when, in fact, they contain a substantial amount of ink and may continue to print. The settlement was approved on August 15, 2006 by the Superior Court of the State of California for the County of Los Angeles;

(d) KBK was co-lead counsel in *Checkmate v. Yahoo!, Inc.*, U.S. District Court, Case No. 05-cv-4588 (U.S.D.C., Central Dist. CA), which alleges that defendants improperly charged its pay-per-click internet advertising clients for fraudulent website "clicks" by third parties. The settlement was approved on March 26, 2007;

(e) KBK was lead counsel in *Marisol Balandran, et. al. v. Labor Read, Inc.*, et. al., L.A.S.C. Case No. BC 278551, an employment discrimination case involving more than 200 women. Final settlement approval was granted August 6, 2007;

(f) KBK was co-lead counsel in *Alba v. Papa John's USA, Inc. et al.*, U.S. District Court, Case No. 05-cv-7487 (U.S.D.C., Central Dist. CA), a wage and hour suit involving more than 900 possible plaintiffs who worked at Papa John's pizzerias, which was certified by the United States District Court on February 8, 2007. Following certification, the case settled. The settlement was granted final approval on July 11, 2008;

(g) KBK was co-lead counsel in *Hurtado v. TEG/L VI, Environmental Services Inc.*, LASC Case No. BC276468, a class action for unpaid wages. The case was settled and final approval was granted on April 13, 2007;

(h) KBK was co-lead counsel in *Harrison, et al. v. Pacific Bay Properties, et al.*, L.A.S.C. Case No. BC285320, a construction defect class action. Final settlement approval was granted on March 4, 2008;

1  (i) KBK was co-lead counsel in *Cossey v. BCI Coca Cola Bottling Co. of Los Angeles*, L.A.S.C Case No. BC36978, an employment class action involving Coca-Cola Bottling Company employees who did not receive adequate pay. Settlement was entered and finally approval granted approved in 2008.

(j) KBK is co-lead counsel in *Van Horn v. Nationwide Casualty Insurance Company, et al*, U.S. District Court, Civil No.: 08-cv-605 (U.S.D.C., Northern Dist. Ohio) a breach of contract class action asserting that insurance company defendants prematurely terminated car rental benefits that they owed policyholders. A national class consisting of over 180,000 policyholders was granted on certified on February 10, 2009.

(k) KBK was co-lead counsel in *Lockette v. Ross Stores, Inc.*, U.S. District Court, Civil No. 07-cv-3430 MMC, class settlement of an FLSA collective action for unpaid overtime based on the misclassification of assistant managers. Final approval of settlement was granted on March 11, 2009.

(l) KBK is lead counsel in *Saloman v. Bodee, LLC*, L.A.S.C. Case No. BC 379376, a California Business and Professions Code suit involving a claim for misrepresentation of male enhancement products. A nationwide class was certified on April 22, 2009.

(m) KBK is currently representing the National Association for the Advancement of Colored People in a class action based on the racially discriminatory lending practices of 18 national mortgage lenders. *NAACP v. Ameriquest Mortgage Company et al.*, U.S. District Court, Case No. 07-cv-0794 (U.S.D.C. Central Dist. CA).

10. The parties have met and conferred pursuant to L.R. 7-3 regarding the instant motion.

1  11. Attached hereto as Exhibit "A" are true and correct copies of excerpts from the deposition of Roy Ben-Yousef.

2  12. Attached hereto as Exhibit "B" is a true and correct copy of the Revised Class Action Settlement Agreement in this action as well as the attachments thereto.

3  13. Attached here to as Exhibit "C" is a true and correct copy of the Revised Class Action Settlement showing in redline the revisions from the original Class Action Settlement previously approved by this Court.

4  14. Attached hereto as Exhibit "D" is a true and correct copy of the Court's December 31, 2009 Final Order re Approval of Class Action Settlement and Final Judgment Thereon (Docket No. 53-3).

5  15. Attached hereto as Exhibit "E" is a true and correct copy of the Declaration of Christopher J. Hamner in support of Plaintiffs Motion for Final Approval of the original Settlement, filed in this action on December 14, 2009 (Docket No. 37-4).

6  16. Attached hereto as Exhibit "F" is a true and correct copy of the Declaration of Glenn C. Nunes in support of Plaintiffs Motion for Final Approval of the original Settlement, filed in this action on December 14, 2009 (Docket No. 37-3).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, executed on December 9, 2013 in Los Angeles, California.

                                   /s/ Richard L. Kellner
                                   Richard L. Kellner