JS-6

1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8       CENTRAL DISTRICT OF CALIFORNIA
9       WESTERN DIVISION
10
11
12  DAWN FAIRCHILD, ROBERT          Case No. CV 09-03568 CAS (PLAx)
    NACHSHIN, BRIAN GEERS and
13  LAURENCE GERARD on behalf of    [PROPOSED] FINAL ORDER RE
    themselves and all others similarly   APPROVAL OF REVISED CLASS
    situated,                       ACTION SETTLEMENT AND
14                                  FINAL JUDGMENT THEREON
15          Plaintiffs,
                                    Honorable Christina A. Snyder
16      vs.
17  AOL, LLC, a Delaware Limited
    Liability Company; and DOES 1
18  through 10 inclusive,
19          Defendant.
20
21
22
23
24
25
26
27
28

The Parties have submitted their proposed Revised Settlement Agreement ("Settlement Agreement"), which this Court preliminarily approved on November 4, 2013, pursuant to Order Granting Preliminary Approval of Revised Class Action Settlement, Provisionally Certifying a Class For Settlement Purposes, and Providing for Notice of Proposed Settlement and Final Fairness Hearing ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, the Class Members have been given notice of the terms of the Settlement Agreement and an opportunity to object to or comment on it. Having considered the proposed Settlement Agreement, the papers supporting the Settlement Agreement filed by the Parties, the papers submitted in support of the Preliminary Approval Order, and the argument received by the Court at the Final Fairness Hearing held on December 23, 2013, the Court hereby grants final approval of the Settlement Agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2009, Plaintiffs Dawn Fairchild, Robert Nachshin, Brian Geers and Laurence Gerard ("Plaintiffs") filed a Second Amended Class Action Complaint ("Complaint") against Defendant AOL Inc., formerly known as AOL LLC, ("AOL"). The Complaint was filed on behalf of a putative class consisting of paid AOL subscribers who allege that AOL wrongfully inserted footers containing promotional messages into e-mails sent by AOL subscribers. The Complaint asserts causes of action for: (1) violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*; (2) unjust enrichment; (3) violation of California Business and Professions Code, §§ 17200, *et seq.*; (4) breach of contract; (5) violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; and (6) violation of California Business and Professions Code §§ 17529 *et seq.*

The Parties entered into mediation for the purpose of attempting to settle the dispute.  A tentative settlement was reached and Plaintiffs and AOL have agreed to the entry of the proposed Settlement Agreement.  AOL continues to deny the allegations contained in the Complaint and does not admit liability nor concede that it has violated any law.  Plaintiffs have moved this Court for final approval of the Settlement Agreement.

Having fully received and considered Plaintiffs' Notice of Motion and Motion for Final Approval of Revised Class Action Settlement, Memorandum of Points and Authorities, Declarations in Support of the Motion, the proposed Settlement Agreement, the briefing preceding the Preliminary Approval Order, and the oral argument presented to the Court at the final Fairness Hearing,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over all Parties to this Action including all members of the Settlement Class and has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

2.      This Court finds the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3).  Specifically, this Court finds that (a) the Class, as defined below, is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      The Action is hereby finally certified as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a Class composed of:  All AOL

1   members as of August 1, 2009, which is the date on or around when AOL

2   discontinued its practice of appending footers to its members' outgoing e-mails.

3   Excluded from the Settlement Class are employees of AOL, their counsel, and

4   their immediate families.  This Action is certified as a class action for settlement

5   purposes only (the Court expressly reserving the right to determine, should the

6   occasion arise, whether the Litigation may be certified as a class action for

7   purposes other than settlement, and AOL retaining all rights to assert that the

8   Litigation may not be certified as a class action except for settlement purposes).

9        4.     The Court has reviewed the Settlement Agreement and finds that the

10  settlement terms are fair, reasonable, and adequate, particularly when balanced

11  against the probable outcome of further litigation relating to liability and

12  damages issues.  The Court also finds that comprehensive investigation and

13  research have been conducted such that counsel for the Parties are able to

14  reasonably evaluate their respective positions.  The Court further finds that the

15  Settlement has been reached as the result of intensive, serious, and arm's-length

16  negotiations under the direction of the Honorable Dickran M. Tevrizian, United

17  States District Court Judge for the Central District of California (Retired).

18       5.     Plaintiffs have agreed to the terms of the Settlement and chose to

19  forego their own settlement incentives as named Plaintiffs in favor of charitable

20  donations.  The Court finds that Plaintiffs' agreement to allow AOL to make

21  donations to charities in lieu of a monetary award paid to Plaintiffs for service as

22  class representatives is reasonable and fair.

23       6.     Plaintiffs and Settlement Class Counsel adequately represented the

24  Settlement Class for the purpose of entering into and implementing the

25  Settlement Agreement.

26       7.     In accordance with Federal Rule of Civil Procedure 23(e), the Court

27  finds that the Settlement has been entered into in good faith and is approved as

28  fair, reasonable, and adequate, and in the best interests of the Settlement Class

and hereby grants final approval to the Settlement.  The Court has considered and denied all objections filed in this action.  Accordingly, the Court hereby directs that the Settlement shall be effected in accordance with the terms of the Settlement Agreement (all of which terms are adopted and incorporated herein by reference).

8.     Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that AOL sent the Notice to each member of the Settlement Class by electronic mail to the electronic mail address corresponding to the AOL account of each Settlement Class member.  AOL also posted the Settlement Notice on the publicly accessible website with the URL www.aole-mailfootersettlement.com.  Members of the Settlement class had the opportunity to object to the proposed Settlement, to opt-out of the Settlement, and were informed of the date, time, and location of the final Fairness Hearing and had the opportunity to appear at the Fairness Hearing.  These procedures afforded protections to the Class Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members.

9.     The notice program implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief; (iii) was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Due Process and federal law.

10.     This Final Order and Judgment is binding on and has res judicata and preclusive effect in all pending and future lawsuits or other proceedings

encompassed by the Release maintained by or on behalf of Plaintiffs or any other members of the Settlement Class, as well as their heirs, executors and administrators, successors, and assigns.

11.     In accordance with the terms of the Settlement Agreement, the following Release shall apply:

> As of the Effective Date, Plaintiffs and other members of the Settlement Class who have not excluded themselves from the Settlement Class hereby expressly agree that they shall release and discharge AOL, and its respective parents, subsidiaries, affiliated entities, predecessors, successors and assigns and each of their respective present, former, and future officers, directors, employees, agents, third party Customer Service Providers, third party payment processors, independent contractors, successors, assigns, parents, subsidiaries, affiliates, insurers, attorneys, and legal representatives (collectively, "Releasees") of and from all Released Claims[1] and shall not now or hereafter initiate, maintain or assert against the Releasees any causes of action, claims, rights, demands, actions, damages, equitable, legal, and administrative relief, interest, demands, or rights, including without limitation, claims for damages of any kind, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources, that have been, could have been, may be or could be alleged or asserted now or in the future by the Plaintiffs or any member of the Settlement Class, either directly or as the representative of other persons or entities, against the Releasees or any of them in the Litigation or in any other court action or before any administrative body, tribunal, arbitration panel or other adjudicating body on the basis of, connected with, arising out of or related to the Released Claims. Subject to Court approval, all members of the Settlement Class who do not exclude themselves from the Settlement Class in the manner specified herein shall be bound by this Agreement, and all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Litigation or the Settlement.

---

[1] The term "Released Claims" as used in this Final Order and Judgment is defined at paragraph 32 of the Revised Class Action Settlement Agreement.

12.     Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over AOL, Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and the Final Order and Judgment and for any other necessary purposes.

13.     All members of the Settlement Class are barred and enjoined from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action (or the facts and circumstances relating thereto) in the Litigation and/or the Released Claims, unless named on the Opt-Out List.

14.     The Opt-Out List is hereby approved, and the Court finds the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and accordingly, shall neither share in nor be bound by the Final Order and Judgment.

15.     The Settlement Agreement and the settlement provided for herein, and any proceedings taken pursuant thereto, are not and should not in any event be offered or received against AOL as evidence of a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AOL.

16.     The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Settlement Class members.

17.     In connection with the original settlement in this case, Class Counsel was awarded and paid attorneys' fees and costs in the amount of $320,000.00, which sum the Court finds to be fair and reasonable.

18.     This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend.

19.     There being no just reason for the delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

Dated: December 23, 2013

CHRISTINA A. SNYDER
U.S. DISTRICT COURT JUDGE